BRIAN L. BUDSBERG, WSBA#11225
Budsberg Law Group, PLLC
P.O. Box 1489
Olympia, WA 98507-1489
Telephone: (360) 584-9093
Facsimile: (360) 252-8333
Attorney for Creditor

JUDGE KAREN OVERSTREET
Location Seattle
Chapter 11
**Hearing Date: February 4, 2011**
**Hearing Time: 9:30 a.m.**
**Response Date: January 28, 2011**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>SYNERGISTIC ENTERPRISES, INC.<br>SUSTAINABLE ENTERPRISES, LLC.<br><br>           Debtors. | No. 10-23256<br>No. 10-23257<br><br>OBJECTION TO CHAPTER 11 PLAN<br>& COMBINED DISCLOSURE<br>STATEMENT |

## OBJECTION

COMES NOW, Creditor Charles Utterback and Trust Company of America ("TCA"), by and through his attorney of record, Brian L. Budsberg, pursuant to LR 3020-1(b) and hereby OBJECTS to Debtors' Chapter 11 Plan and Combined Disclosure Statement and requests the Court set an evidentiary hearing. This objection is based upon the files and records herein incorporated by this reference, and any other matters the Court may or must take judicial notice of.

## JURISDICTION

Confirmation of a Chapter 11 plan is a core matter under 28 U.S.C. § 157(b) over which this court has jurisdiction to enter a final order. This court has jurisdiction over Debtors' Chapter 11 case pursuant to 28 U.S.C. § 1334 and 157(a).

CREDITOR UTTERBACK'S OBJECTION
TO PROPOSE CHAPTER 11 PLAN
P a g e | **1**

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

Nathaniel Lodwig is president of Synergistic Enterprises, Inc., and a member of Sustainable Enterprises, LLC. In September 2009, Charles Utterback filed an action in state court for judicial foreclosure on some deeds of trust that secured notes between TCA and Debtors. **Exhibit 1**; Complaint & accompanying exhibits in Grays Harbor Sup. Ct. Cause No. 10-2-01154-1. Both Synergistic Enterprises, Inc. and Sustainable Enterprises, LLC are owned and/or controlled by Nathaniel Lodwig and Gregory Lodwig. Both entities are in default on loans made by TCA and both are now seeking bankruptcy protection. Debtors and TCA have had multiple loans and an ongoing financial business relationship.

In September, 2008, Debtor and Nathaniel Lodwig executed a promissory note secured by a deed of trust in favor of Trust Company of America C/F Charles Utterback, #81028, for $250,000 (Note #1).

In December, 2008, the parties executed a promissory note secured by a deed of trust for $155,000 (Note #2).

In October, 2008, Debtor and TCA executed a promissory note secured by a deed of trust for $500,000 (Note #3). Note #3 is secured by eight deeds of trust that had secured previous notes. Note #3 consolidated eight prior notes and deeds of trust for the convenience of Debtor.

Debtor filed for bankruptcy on November 2nd, 2010. On November 8th, 2010, the Grays Harbor County Superior Court granted partial summary judgment against Nathaniel Lodwig and Gregory Lodwig, who were co-makers on the notes but did not personally file for bankruptcy protection. The court entered three judgments: 1)Note #1, against Nathaniel Lodwig, for $195,563.12, with interest at 12% per annum from the date of judgment; 2)Note #2, against

CREDITOR UTTERBACK'S OBJECTION
TO PROPOSE CHAPTER 11 PLAN
P a g e | **2**

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

Nathaniel Lodwig and Gregory Lodwig, jointly and severally for $129,486.78 with interest at 12% per annum from the date of judgment; and, 3)Note #3, against Nathaniel Lodwig and Gregory Lodwig, jointly and severally, for $298,966.41 with interest at 12% per annum from the date of judgment. (Total amount = $624,016.31). **Exhibit 2**; Certified copies of Judgments in Grays Harbor Cause No. 10-2-01154-1.

TCA has taken no further action against Synergistic or Sustainable, and has not pursued foreclosure because of the stay imposed by the bankruptcy court.

<u>TCA'S ARGUMENTS</u>

TCA argues first that the Debtor is mischaracterizing the debtor/creditor relationship between the parties in this case.

TCA argues second that the Debtor has not fairly and properly allocated or computed all of the debt owed.

TCA argues third, that the creditor/debtor relationship has been conclusively established during the Grays Harbor County Superior Court summary judgment proceedings. The arguments that were made during the summary judgment motion on behalf of the Lodwigs as individuals are the same as the arguments that could be made on behalf of the corporations Synergistic and Sustainable Enterprises. At the state court level, the co-maker on the notes did not defend, and allowed the entry of a judgment which TCA argues establishes the debt relationship between the parties. Every argument that the Debtor alludes to as inappropriate in the context of the debt relationship could have been raised by the co-makers on the notes in the Grays Harbor County case. Even if the Court does not consider the Debtor to be estopped from raising new arguments in the bankruptcy proceeding, the state court action established the debtor/creditor relationship between the parties.

CREDITOR UTTERBACK'S OBJECTION
TO PROPOSE CHAPTER 11 PLAN
P a g e | **3**

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

CHAPTER 11 PLAN CONFIRMATIONS

To confirm a plan of reorganization, the plan must be proposed in good faith, be feasible and fair and equitable pursuant to 11 U.S.C. §§ 1129(a)(3), (a)(11), (b)(1) and (b)(2)(A). TCA argues that the plan does not provide a fair and equitable distribution of the estate, and the values submitted by Debtor for the estate property are not accurate.

EVIDENTIARY STANDARD

The proponent of a plan must demonstrate that the requirements of § 1129 are satisfied. Debtor Synergistic Enterprises and Sustainable Enterprises, debtors-in-possession carry the burden of proving that a Chapter 11 plan complies with the statutory requirements of §§ 1129(a) & (b) by a preponderance of the evidence. *In re Arnold and Baker Farms,* 177 B.R. 648, 654 (9th Cir. BAP 1994), *aff'd,* 85 F.3d 1415 (9th Cir.1996), *cert. denied,* 519 U.S. 1054, 117 S.Ct. 681, 136 L.Ed.2d 607 (1997). "Proof by the preponderance of the evidence means that it is sufficient to persuade the finder of fact that the proposition is more likely true than not." *Id.,* at 654.

Debtor's proposed plan provides in reference to Trust Company of America's claim:

A. Class 4A. Trust Company of America. The Debtor shall transfer the following property to Trust Company of America, in full satisfaction of its debt under Section 506 of the Bankruptcy Code and this Plan. This transfer shall fully satisfy the existing Notes and Deeds held by the Claimant currently on the entire properties owned by the debtor. The Debtor asserts that the value of that section of property is equal, or greater, than the amount owed to Trust Company of America, and the transfer of the properties on the effective date of this Plan shall fully satisfy this claim.

Following the transfer of the property, Trust Company of America will reconvey the Notes and Deed of Trust currently secured on the balance of the property (as shown in Exhibit A) owned by the estate.

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

FAIR VALUE

TCA argues that under the proposed plan, it will not receive fair value from the properties listed by Debtor. There is not enough equity in the property to cover the amount of debt owed. TCA argues that his secured claims exceed the value of the properties by over $175,000.

In the context of the bankruptcy code, equity means "the difference between the property value and the total amount of liens against it." _Stewart v. Gurley_, 745 F.2d 1194, 1195 (9th Cir. 1984). The balance due to TCA on Note #1 and Note #3 as of October, 2010 totaled $491,682.17. In addition to the loans, there are property taxes, LID's, association dues and assessments that constitute liens on the properties totaling $114,451.92.

The total amount of the liens against the properties is $606,134.09. According to recent appraisals obtained by TCA, the Properties are worth between $350,000.00 and $371,500.00. (Decl. of Jeff Daniel; Decl. of Jim Donahoe).

According to the Debtor, the lots listed in the plan, which includes several of the lower value lots, amount to $623,100(62% of assessed value of $1,005,000). Even if the Property is worth this amount, there is still no equity. The Court deducts the cost of sale in determining equity. _In re Bach_, No. 4:06-BK-01614-JMM, 2007 WL 39342, at *3 (Bankr. D. Az. Jan. 5, 2007) (deducting broker's commissions and other closing costs in determining equity under Section 362(d)(2)); _In re Development, Inc._, 36 B.R. 998, 1007 (Bankr. D. Haw. 1984) (deducting post petition interest and closing costs in determining an equity cushion under Section 362(d)(1)). Costs of sale of these properties are expected to be about 15% of sale price. (Declaration of Donahoe). In addition, under Section 506(b), if TCA were over secured, it would be entitled to post petition interest, and post petition attorney's fees and costs. If there is

CREDITOR UTTERBACK'S OBJECTION
TO PROPOSE CHAPTER 11 PLAN
Page | 5

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

any equity in the properties, that equity will be wiped out by closing costs and post petition interest, fees and costs. There is no equity in the properties.

TCA argues in opposition to the plan that the values assigned to the properties listed by Debtor do not reflect actual fair value. In the context of good faith purchases in other areas of the Bankruptcy Code, **"fair value" is generally found when a purchaser pays 75% of the appraised value of the assets**. *In re Ewell,* 958 F.2d 276, 281(9th Cir. 1992)(discussing 11 U.S.C. § 363(m) protecting good faith purchasers).

Debtor is alleging that under its proposed plan, TCA would receive an average of 62% of the assessed value of the properties, presuming that past market trends and sales continue. TCA argues that the actual value it would receive under the plan would be approximately 30% of the County assessed value. (Decl. of Jim Donhoe; and Decl. of Jeff Daniel).

TCA argues that the Court should not consider the statistics proposed by debtor in terms of average actual land sales in Ocean Shores because a large number of lots in the city have water frontage, or are on the PGA rated golf course. This skews the figures because none of the lots in this case are waterfront, or on the golf course. It is common knowledge that lots on the beach, lakes, bays and canals tend to carry higher values in general; as do golf course lots. In order to get a more accurate accounting of the value of each lot, the Court should use comparable sales. The lots in this case are undeveloped interior lots with no utilities.

Examples of disparate properties debtor is comparing to:

- 132 N. Narwhal Loop (This was not a sale. Mr. Utterback got this and five other properties back through a foreclosure)

- 221 Canal Dr. S.E. (Water Front)

- 243 Duck Lake Dr. N.E. (Lake Front)

- 562 Makah Ave. S.E. (Canal Front)

- 799 Albion Ave. S.E. (Canal Front)

- 373 Canal Dr. N.E. (Canal Front)

- 731 Swan Ct. S.E. (Canal Front)

- 499 Bass Ave. N.E. (Canal Front)

- 291 Dolphin Ave. N.E. (Golf Course)

TCA urges the Court not to adopt the debtors' formula for valuation of the property and asks that the Court consider the figures from the real estate experts, Jim Donahoe, and Jeff Daniel. They work for companies in Ocean Shores, have been real estate agents for several years, and have valued the properties based upon properties that are comparable to the Lodwigs inventory of lots.

Without considering various LID assessments and Homeowners Association assessments outstanding against several of the properties, the total estimated market value of the properties securing Note #1 is $166,400. (Decl. of Jeff Daniel). The total estimated market value of the properties securing Note #2 is $111,800, and for Note #3, $205,100.

Considering expected sales costs of about 15%, the total value to TCA of all the property is approximately $410,805. Debtor has listed 29 properties in the plan. The notes secure approximately 40 properties, many of which have higher values than the lots proposed to be given over by Debtor for satisfaction of the approximately $625,000 owed.

TCA argues that it is fully secured in all of the property of the estate and the contracts on those properties, and Debtor is not entitled to give back some of the properties and keep the rest. The debtor's strategy is to keep the properties that are free of liens, and properties that have income in the form of contracts, and give over to the estate the underwater properties.

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

The estate's 40 properties are listed in the table below, together with market values estimated by Jeff Daniel. The properties are all undeveloped parcels in Ocean Shores.

| Common Address | Parcel Number | 90 day RE list price |
|---|---|---|
| Synergistic Re-Fi (Note #3) | | **Nov 2010** |
| 542 O/S Blvd SW | 091700010000 | $19,900.00 |
| 844 Pt Brown Ave | 092500001200 | 35,000.00 |
| 473 Hilo Ct | 094100400400 | 4,000.00 |
| 640 O/S Blvd SW | 092100004700 | 19,900.00 |
| 958 Wawona Ave | 094300203500 | 20,000.00 |
| 164 S Port Lp SW | 090700071700 | 12,500.00 |
| 252 Calawah St | 091700027700 | 10,000.00 |
| 132 Calawah St | 091700030100 | 10,000.00 |
| 151 Seagate St | 092300070100 | 11,500.00 |
| 804 Anchor Ave | 090100408400 | 10,000.00 |
| 269 Ensign Ave NW | 090300048600 | 11,500.00 |
| 165 S Narwhal Lp SW | 090700060300 | 12,900.00 |
| 213 N Wynoochee Dr SW | 092100012800 | 12,900.00 |
| 1428 Sand Pebble Ave | 094101003600 | 15,000.00 |
| **TOTAL** | | $205,100.00 |
| Synergistic (Note #1) | | |
| 163 Pt Brown Ave SW | 090700056600 | $9,500.00 |
| 148 Calawah St SW | 091700029700 | 10,000.00 |
| 655 Pt Brown Ave SW | 092100015600 | 9,500.00 |
| 760 Tern Ct SE | 092700044200 | 10,000.00 |
| 870 Mt Olympus Ave SE | 092700048000 | 10,000.00 |
| Torrisdale Ave SW | 093100601800 | 12,900.00 |
| 923 Beachcomber Ct | 093101702900 | 11,500.00 |
| 950 Wawona Ave SE | 094300101800 | 12,000.00 |
| 218 Duck Lake Dr NE | 094900500900 | 11,000.00 |
| 254 Duck Lake Dr NE | 094900500300 | 11,000.00 |
| 359 Duck Lake Dr NE | 094900206500 | 11,000.00 |
| 633 Duck Lake Dr NE | 091100011700 | 11,000.00 |
| 220 Duck Lake Dr SE | 094900302100 | 11,000.00 |
| 105 Sunrise Ave SE | 094900305600 | 17,000.00 |
| 585 Sunset Ave NE | 095101203100 | 9,000.00 |

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

| Common Address | Parcel Number | 90 day RE list price |
|---|---|---|
| **TOTAL** | | $166,400.00 |
| Sustainable (Note #2) | | |
| 157 Goldeneye | 093101700400 | $9,500.00 |
| 835 Anchor Ave | 090100412000 | 9,500.00 |
| 256 Clover Creek Ave NW | 090300051400 | 11,500.00 |
| 419 S Portal Lp | 094100900300 | 8,000.00 |
| 375 Snahapish Ave SE | 091900003900 | 10,000.00 |
| 379 Snahapish Ave SE | 091900004000 | 10,000.00 |
| 1435 Kailua Ct | 094100903300 | 4,000.00 |
| 708 Island Cr SE | 092700027800 | 12,900.00 |
| 828 Teal Ct SE | 092700046500 | 11,500.00 |
| 30 Bayview Ln | 707000200900 | 19,900.00 |
| Bayview Estates | 707000301000 | 5,000.00 |
| **TOTAL** | | $111,800.00 |
| **GRAND TOTAL** | | **$483,300.00** |

TCA argues that even if the estate retains all of the properties, and contracts on the properties, the value will still be well below the $625,000 debt.

THIRD PARTY SALES AND CONTRACTS

In addition to the unsold properties, there are notes and/or contracts sold to third parties subject to TCA's deeds of trust that should also be assets of the bankruptcy estate. From time to time, TCA released certain properties as partial reconveyances according to the terms of the deeds of trust securing the notes. TCA allowed four properties to be sold to third parties subject to the deed of trust on Note #1, one property on Note #2, and six on Note #3. Synergistic financed the purchases. The notes and/or contracts on these sales should be considered assets of the bankruptcy estate.

TCA's secured claims against Synergistic Enterprises, Inc. (Note #1 and Note #3) exceed the value of the properties that secure those claims by over $176,000. TCA's secured claim

CREDITOR UTTERBACK'S OBJECTION
TO PROPOSE CHAPTER 11 PLAN
Page | 9

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

against Sustainable Enterprises, LLC (Note #2) exceeds the value of the properties that secure it by over $33,000.

Debtor has no known means or resources with which to bring the notes current. TCA will not provide additional financing to the Debtor. <u>Decl. of Diane Irvin, ¶22</u>.

The proposed plan does not provide for a fair valuation of the estate. Even according to the Debtor's schedules, there is no equity in the estate after deduction of closing costs, and post petition interest and attorney's fees and costs. The properties are more than $250,000 underwater according to the opinions of Daniels and Donahoe. (<u>Decl. of Jim Donahoe</u>; and <u>Decl. of Jeff Daniel</u>). The properties do not produce the cash necessary to fund a plan and pay creditors. The Debtor does not have the capital or income necessary to sustain the proposed plan.

<div align="center">RELIEF REQUESTED</div>

That the Court set an evidentiary hearing; 1) to determine the fair value of the subject property; 2) to determine the amount of debt owed; and 3) to determine which property serves as the collateral for the debt.

<div align="center">CONCLUSION</div>

At its core, Debtors' plan seeks to return property in exchange for debt, allows the Debtor to keep some of the lots that are generating income from outstanding contracts, and free them of any interest or obligations to TCA. Any trade for property in the plan can only be done after an evidentiary hearing with a fair and accurate determination of value having been determined.

//

//

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

//

TCA argues that the disclosure statement mischaracterizes the relationship between TCA, Debtors, and the estate. TCA argues that the disclosure statement must be rewritten to reflect the state court established relationship between the parties, and acknowledge the debt fixed by the state court.

DATED this 28th day of January, 2011

/s/ Brian L. Budsberg
BRIAN L. BUDSBERG, WSBA#11225
ATTORNEY FOR CREDITOR

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

# EXHIBIT 1

RECEIVED

SEP 1 3 2010

CUSHMAN LAW OFFICES

FILED

9 2010

COUNTY CLERK

1

2
☐ EXPEDITE
☐ Hearing is set:

3
Date: _____
Time: _____

4
Judge/Calendar: _____

5

6

7

8

9
SUPERIOR COURT OF WASHINGTON
FOR GRAYS HARBOR COUNTY

10
TRUST COMPANY OF AMERICA C/F
CHARLES E. UTTERBACK, #81028;

11
and CHARLES E. UTTERBACK;

No. 10-2-01154-1

12
     Plaintiffs,

13
v.

14
SYNERGISTIC ENTERPRISES, INC., a
Washington corporation; SUSTAINABLE

COMPLAINT FOR DAMAGES FOR
DEFAULT ON PROMISSORY

15
ENTERPRISES, LLC, a Washington
limited liability company; NATHANIEL

NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING

16
LODWIG; GREGORY LODWIG;
JAMES C. OHLER, SR. and

SAID NOTES

17
ROSALINDA T. OHLER, husband and
wife; MARK BHEND and JOAN E.

18
BHEND, husband and wife; HOANG M.
TRAN and MAI NGUYEN, husband and

19
wife; PETE SIKOV and HELEN SIKOV,
husband and wife; DORETO R.

20
ESCOBAR and CLAUDIA ESCOBAR,
husband and wife; JOAN ELKINS, a

21
single woman; GWENDOLYN
VELORIA, a single woman; MICHAEL

22
A. WARMOTH, a single man; TRACY C.
BOYER, as his separate estate; and

23
BRIAN FAHSHOLTZ and NICOLE
FAHSHOLTZ, husband and wife;

24

25
     Defendants.

26
     COME NOW PLAINTIFFS Trust Company of America C/F Charles E. Utterback, #81028; and

27
Charles E. Utterback; by and through their attorneys Jon E. Cushman and Cushman Law Offices, P.S.,

28

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-1
2235.001
w/c JEC, Client

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

| | |
|---|---|
| 1 | and, for a cause of action against the above named defendants, allege and state the following: |
| 2 | I. STATUS OF PARTIES |
| 3 | **1.1    Status of Plaintiffs.** |
| 4 | a.    Plaintiff Trust Company of America C/F Charles E. Utterback, #81028, is |
| 5 | custodian for the self-directed Individual Retirement Account of Charles E. Utterback. Trust Company |
| 6 | ·of America C/F Charles E. Utterback, #81028, is the holder of two (2) Promissory Notes and the |
| 7 | beneficiary of two (2) Deeds of Trust hereinafter described and is authorized to bring this action. |
| 8 | b.    Plaintiff Charles Utterback is a resident of Ocean Shores, Grays Harbor County, |
| 9 | Washington. Plaintiff is the holder of nine (9) Promissory Notes and the beneficiary of eight (8) Deeds |
| 10 | of Trust hereinafter described and is authorized to bring this action. |
| 11 | **1.2    Status of Defendants.** |
| 12 | a.    Defendant Synergistic Enterprises, Inc. is a Washington corporation with principal |
| 13 | place of business in King County, Washington, doing business in Grays Harbor County, Washington, |
| 14 | and claiming an interest in property subject to this foreclosure action. |
| 15 | b.    Defendant Sustainable Enterprises, LLC, is a Washington limited liability |
| 16 | company with principal place of business in King County, Washington, doing business in Grays Harbor |
| 17 | County, Washington, and claiming an interest in property subject to this foreclosure action. |
| 18 | c.    Defendant Nathaniel Lodwig is a resident of King County, Washington, claiming |
| 19 | an interest in property subject to this foreclosure action. He is president of Synergistic Enterprises, Inc., |
| 20 | and a member of Sustainable Enterprises, LLC. |
| 21 | d.    Defendant Gregory Lodwig is a resident of King County, Washington, claiming |
| 22 | an interest in property subject to this foreclosure action. |
| 23 | e.    Defendants James C. Ohler, Sr. and Rosalinda T. Ohler are residents of University |
| 24 | Place, Pierce County, Washington, claiming an interest in property subject to this foreclosure action. |
| 25 | Upon information and belief, plaintiff alleges that at all times material hereto, defendants James C. |
| 26 | Ohler, Sr. and Rosalinda T. Ohler were husband and wife and all acts complained of herein were |
| 27 | performed for the benefit of their marital community. |
| 28 | |

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-2

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

f.    Defendants Mark Bhend and Joan E. Bhend are residents of Everett, Snohomish County, Washington, claiming an interest in property subject to this foreclosure action. Upon information and belief, plaintiff alleges that at all times material hereto, defendants Mark Bhend and Joan E. Bhend were husband and wife and all acts complained of herein were performed for the benefit of their marital community.

g.    Defendants Hoang M. Tran and Mai Nguyen are residents of Clackamas County, Oregon, claiming an interest in property subject to this foreclosure action. Upon information and belief, plaintiff alleges that at all times material hereto, defendants Hoang M. Tran and Mai Nguyen were husband and wife and all acts complained of herein were performed for the benefit of their marital community.

h.    Defendants Pete Sikov and Helen Sikov are residents of King County, Washington, claiming an interest in property subject to this foreclosure action. Upon information and belief, plaintiff alleges that at all times material hereto, defendants Pete Sikov and Helen Sikov were husband and wife and all acts complained of herein were performed for the benefit of their marital community.

i.    Defendants Doreto R. Escobar and Claudia Escobar are residents of King County, Washington, claiming an interest in property subject to this foreclosure action. Upon information and belief, plaintiff alleges that at all times material hereto, defendants Doreto R. Escobar and Claudia Escobar were husband and wife and all acts complained of herein were performed for the benefit of their marital community.

j.    Defendant Joan Elkins is a resident of Grays Harbor County, Washington, claiming an interest in property subject to this foreclosure action.

k.    Defendant Gwendolyn Veloria is a resident of Port Orchard, Kitsap County, Washington, claiming an interest in property subject to this foreclosure action.

l.    Defendant Michael A. Warmoth claims an interest in property subject to this foreclosure action.

m.    Defendant Tracy C. Boyer is a resident of Olympia, Thurston County,

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-3

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

1 | Washington, claiming an interest in property subject to this foreclosure action.

2 | n. Defendants Brian Fahsholtz and Nicole Fahsholtz claim an interest in property

3 | subject to this foreclosure action. Upon information and belief, plaintiff alleges that at all times material

4 | hereto, defendants Brian Fahsholtz and Nicole Fahsholtz were husband and wife and all acts complained

5 | of herein were performed for the benefit of their marital community.

6 | **1.3 Jurisdiction and Venue.** The real property that is the subject of this action is located

7 | in Grays Harbor County, Washington. Thus, venue is proper in the Superior Court of Grays Harbor

8 | County.

9 | **1.4 Other Suits and Actions.** No other suits or actions have been instituted or are now

10 | pending under the Promissory Notes or Deeds of Trust herein.

11 | **1.5 Military Service.** Upon information and belief, plaintiff alleges that none of the

12 | defendants are in the military service of the United States of America.

13 | ## II. PLAINTIFF'S CAUSE OF ACTION #1: $250,000 NOTE

14 | **2.1 Execution of the $250,000 Promissory Note.** On or about September 19, 2008,

15 | defendants Synergistic Enterprises, Inc. and Nathaniel Lodwig, for valuable consideration, made,

16 | executed, and delivered to plaintiff Trust Company of America C/F Charles E. Utterback, #81028, their

17 | written Promissory Note (hereafter "Note #1") in the original principal amount of $250,000.00. A true

18 | and correct copy of Note #1 is attached hereto as Exhibit A and incorporated by reference.

19 | **2.2 Execution of Deed of Trust.** At the same time as the execution and delivery of

20 | Note #1 and as part of the same transaction, defendants Synergistic Enterprises, Inc. and Nathaniel

21 | Lodwig, for valuable consideration and in order to secure the repayment of Note #1, made, executed and

22 | delivered to plaintiff Trust Company of America C/F Charles E. Utterback, #81028, a written Deed of

23 | Trust ( hereafter "DOT #1") covering the following 27 parcels situate in Grays Harbor County,

24 | Washington: Assessor's Property Tax Parcel Nos.: 090300028702, 090900030400, 090900036600,

25 | 091300017000, 091700029700, 091900010400, 091900010700, 092100015600, 092700044200,

26 | 092700048000, 093100601800, 093101702900, 093900701500, 094100702200, 094300101800,

27 | 094500102900, 094900206500, 094900207800, 094900302100, 094900305600, 094900400500,

28 |

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-4

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

1 | 094900500300, 094900500900, 095101203100, 090700056600, 091100011700, 092900040200. DOT

2 | #1 was thereafter recorded on September 19, 2008 under Grays Harbor County Auditor's File No. 2008-

3 | 09190084. A true and correct copy of DOT #1 is attached hereto as Exhibit B and incorporated by

4 | reference.

5 |     **2.3**    **Release of Certain Properties.**     From time to time, plaintiff has released certain

6 | properties as partial reconveyances according to the terms of DOT #1. At the date of this complaint,

7 | DOT #1 covers 19 properties, the following having been released: 094900207800, 090300028702,

8 | 094500102900, 090900030400, 091900010700, 091900010400, 091300017000, 094900400500.

9 |     **2.4**    **Modification of Note #1.**     On or about September 23, 2009, plaintiffs and defendants

10 | Synergistic Enterprises, Inc., Nathaniel Lodwig, and Gregory Lodwig entered into an agreement to

11 | modify Note #1 and Note #3 (see below, Plaintiff's Cause of Action #3). As part of this agreement, the

12 | principal balance of Note #1 was increased, the principal balance of Note #3 was decreased, and the

13 | monthly payments on both notes were decreased. A true and correct copy of this modification agreement

14 | is attached hereto as Exhibit C and incorporated by reference.

15 |     **2.5**    **Current Ownership of Note #1 and DOT #1.**     Plaintiff Trust Company of America

16 | C/F Charles E. Utterback, #81028, is now the owner and holder of Note #1 and beneficiary of DOT #1.

17 |     **2.6**    **Default in Payment and Amount Due.**     As fully appears in Note #1 and DOT #1,

18 | defendants Synergistic Enterprises, Inc. and Nathaniel Lodwig promised to pay the principal sum of

19 | $250,000.00, together with interest thereon at the rate of 12% per annum on the deferred balance until

20 | paid. Despite demand for payment, defendants Synergistic Enterprises, Inc. and Nathaniel Lodwig have

21 | failed to make the monthly payments as required according to the terms of Note #1. By this action,

22 | plaintiff declares the entire unpaid principal balance, together with accrued and unpaid interest, fees, and

23 | costs, to be immediately due and payable. There is now due and owing on Note #1 the principal sum of

24 | $180,409.56, together with accrued and unpaid interest at 18% from August 27, 2010, together with

25 | unpaid late and collection charges, fees, and costs.

26 |     **2.7**    **Costs and Attorney Fees.**     As fully appears in Note #1 and DOT #1, in the event of

27 | any action to collect on Note #1 or to foreclose DOT #1, there shall be included in the judgment a

28 |

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-5

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

1  reasonable sum for attorneys' fees, together with costs of the action. The terms of Note #1 and DOT #1

2  also provide that there shall be included in the judgment plaintiff's costs incurred in connection with the

3  action, including the cost of a title search to determine the necessary parties to the action, as well as such

4  other sums which plaintiff may advance under the terms of Note #1 and DOT #1.

5      **2.8    Purchaser at Sheriff's Sale.** In the event of foreclosure and sale of the above-described

6  property at foreclosure sale, the purchaser at such sale is entitled to immediate possession of the

7  property.

8      **2.9    Deficiency Judgment.**    Should the proceeds of the Sheriff's Sale be insufficient to

9  satisfy the judgment herein, a deficiency judgment should be entered in favor of the plaintiff for the

10  amount of the judgment not satisfied by the sale. Defendants Synergistic Enterprises, Inc. and Nathaniel

11  Lodwig are liable for any judgment and/or deficiency judgment obtained herein.

12          **III. PLAINTIFF'S CAUSE OF ACTION #2: $155,000 NOTE**

13      **3.1    Execution of the $155,000 Promissory Note.**      On or about December 17, 2008,

14  defendants Sustainable Enterprises, LLC, Nathaniel Lodwig, and Gregory Lodwig, for valuable

15  consideration, made, executed, and delivered to plaintiff Trust Company of America C/F Charles E.

16  Utterback, #81028, their written Promissory Note (hereafter "Note #2") in the original principal amount

17  of $155,000.00. A true and correct copy of Note #2 is attached hereto as Exhibit D and incorporated by

18  reference.

19      **3.2    Execution of Deed of Trust.**      At the same time as the execution and delivery of

20  Note #2 and as part of the same transaction, defendants Sustainable Enterprises, LLC, Nathaniel Lodwig,

21  and Gregory Lodwig, for valuable consideration and in order to secure the repayment of Note #2, made,

22  executed and delivered to plaintiff Trust Company of America C/F Charles E. Utterback, #81028, a

23  written Deed of Trust ( hereafter "DOT #2") covering the following 15 parcels situate in Grays Harbor

24  County, Washington: Assessor's Property Tax Parcel Nos.: 090100412000, 090101928300,

25  090300051400, 091900003900, 091900004000, 092700027800, 092700035100, 092700046500,

26  092900018500, 093101700400, 093300805900, 707000200900, 707000301000, 094100900300,

27  094100903300. DOT #2 was thereafter recorded on December 17, 2008 under Grays Harbor County

28

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-6

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

1   Auditor's File No. 2008-12170040. A true and correct copy of DOT #2 is attached hereto as Exhibit E

2   and incorporated by reference.

3       **3.3    Release of Certain Properties.**     From time to time, plaintiff has released certain

4   properties as partial reconveyances according to the terms of DOT #2. At the date of this complaint,

5   DOT #2 covers 12 properties, the following having been released: 090101928300, 092700035100,

6   093300805900.

7       **3.4    Current Ownership of Note #2 and DOT #2.**     Plaintiff Trust Company of America

8   C/F Charles E. Utterback, #81028, is now the owner and holder of Note #2 and beneficiary of DOT #2.

9       **3.5    Default in Payment and Amount Due.**     As fully appears in Note #2 and DOT #2,

10  defendants Sustainable Enterprises, LLC, Nathaniel Lodwig, and Gregory Lodwig promised to pay the

11  principal sum of $155,000.00, together with interest thereon at the rate of 12% per annum on the

12  deferred balance until paid. Despite demand for payment, defendants Sustainable Enterprises, LLC,

13  Nathaniel Lodwig, and Gregory Lodwig have failed to make the monthly payments as required according

14  to the terms of Note #2. By this action, plaintiff declares the entire unpaid principal balance, together

15  with accrued and unpaid interest, fees, and costs, to be immediately due and payable. There is now due

16  and owing on Note #2 the principal sum of $119,075.63, together with accrued and unpaid interest at

17  18% from August 27, 2010, together with unpaid late and collection charges, fees, and costs.

18      **3.6    Costs and Attorney Fees.**    As fully appears in Note #2 and DOT #2, in the event of

19  any action to collect on Note #2 or to foreclose DOT #2, there shall be included in the judgment a

20  reasonable sum for attorneys' fees, together with costs of the action. The terms of Note #2 and DOT #2

21  also provide that there shall be included in the judgment plaintiff's costs incurred in connection with the

22  action, including the cost of a title search to determine the necessary parties to the action, as well as such

23  other sums which plaintiff may advance under the terms of Note #2 and DOT #2.

24      **3.7    Purchaser at Sheriff's Sale.** In the event of foreclosure and sale of the above-described

25  property at foreclosure sale, the purchaser at such sale is entitled to immediate possession of the

26  property.

27      **3.8    Deficiency Judgment.**     Should the proceeds of the Sheriff's Sale be insufficient to

28

1 | satisfy the judgment herein, a deficiency judgment should be entered in favor of the plaintiff for the
2 | amount of the judgment not satisfied by the sale. Defendants Sustainable Enterprises, LLC, Nathaniel
3 | Lodwig, and Gregory Lodwig are liable for any judgment and/or deficiency judgment obtained herein.

### IV. PLAINTIFF'S CAUSE OF ACTION #3: $500,000 NOTE

**4.1    Execution of the $500,000 Promissory Note.**    On or about October 23, 2008, defendants Synergistic Enterprises, Inc., Nathaniel Lodwig, and Gregory Lodwig, for valuable consideration, made, executed, and delivered to plaintiff Charles E. Utterback their written Promissory Note (hereafter "Note #3") in the original principal amount of $500,000.00. Plaintiff accepted Note #3 for the benefit of defendants as evidence of consolidation of pre-existing debts on Notes #4-#11, described below (Plaintiff's causes of action #4-11). Note #3 did not satisfy Notes #4-#11. The deeds of trust that continue to secure Notes #4-#11 also secure Note #3. By pleading Notes #4-#11 below, plaintiff does not seek double recovery, but simply to recount the facts in full. A true and correct copy of Note #3 is attached hereto as Exhibit F and incorporated by reference.

**4.2    Security for Note #3.**    Note #3 provides that it is secured by eight (8) deeds of trust (DOTs #4-#11, described below), which, taken together at the time of execution of Note #3, covered the following 29 properties situate in Grays Harbor County, Washington: Assessor's Property Tax Parcel Nos.: 092700004100, 092700004200, 093100701500, 092700004000, 091700010000, 092500001200, 093900204600, 094100400400, 092100004700, 094300203500, 090700037300, 090700071700, 091700027700, 091700030100, 092300033400, 092300070100, 090100408400, 090300048600, 090700060300, 092300066800, 092300071000, 092100009400, 091700017900, 091900041000, 092100012800, 093300401300, 094100700900, 094101003600, 094700800800.

**4.3    Release of Certain Properties.**    From time to time, plaintiff has released certain properties as partial reconveyances according to the terms of Note #3. At the date of this complaint, Note #3 is secured by 20 properties, the following having been released: 093100701500, 090700037300, 092300033400, 092300071000, 091700017900, 091900041000, 093300401300, 094700800800, 093900204600.

**4.4    Modification of Note #3.**    On or about September 23, 2009, plaintiffs and defendants

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-8

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

1  Synergistic Enterprises, Inc., Nathaniel Lodwig, and Gregory Lodwig entered into an agreement to

2  modify Note #1 and Note #3. As part of this agreement, the principal balance of Note #1 was increased,

3  the principal balance of Note #3 was decreased, and the monthly payments on both notes were

4  decreased. A true and correct copy of this modification agreement is attached hereto as Exhibit C and

5  incorporated by reference.

6      **4.5    Current Ownership of Note #3 and Pertinent Deeds of Trust.**   Plaintiff Charles E.

7  Utterback is now the owner and holder of Note #3 and beneficiary of the deeds of trust that secure Note

8  #3.

9      **4.6    Default in Payment and Amount Due.**     As fully appears in Note #3, defendants

10 Synergistic Enterprises, Inc., Nathaniel Lodwig, and Gregory Lodwig promised to pay the principal sum

11 of $500,000.00, together with interest thereon at the rate of 12% per annum on the deferred balance until

12 paid. Despite demand for payment, defendants Synergistic Enterprises, Inc., Nathaniel Lodwig, and

13 Gregory Lodwig have failed to make the monthly payments as required according to the terms of Note

14 #3. By this action, plaintiff declares the entire unpaid principal balance, together with accrued and

15 unpaid interest, fees, and costs, to be immediately due and payable. There is now due and owing on Note

16 #3 the principal sum of $270,298.33, together with accrued and unpaid interest at 18% from August 27,

17 2010, together with unpaid late and collection charges, fees, and costs.

18     **4.7    Costs and Attorney Fees.**    As fully appears in Note #3, in the event of any action to

19 collect on Note #3, there shall be included in the judgment a reasonable sum for attorneys' fees, together

20 with costs of the action. The terms of Note #3 and the deeds of trust that secure Note #3 also provide that

21 there shall be included in the judgment plaintiff's costs incurred in connection with the action, including

22 the cost of a title search to determine the necessary parties to the action, as well as such other sums

23 which plaintiff may advance under the terms of Note #3 and the deeds of trust that secure Note #3.

24     **4.8    Purchaser at Sheriff's Sale.** In the event of foreclosure and sale of the above-described

25 property at foreclosure sale, the purchaser at such sale is entitled to immediate possession of the

26 property.

27     **4.9    Deficiency Judgment.**     Should the proceeds of the Sheriff's Sale be insufficient to

28

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-9

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

1 satisfy the judgment herein, a deficiency judgment should be entered in favor of the plaintiff for the

2 amount of the judgment not satisfied by the sale. Defendants Synergistic Enterprises, Inc., Nathaniel

3 Lodwig, and Gregory Lodwig are liable for any judgment and/or deficiency judgment obtained herein.

### V. PLAINTIFF'S CAUSE OF ACTION #4: DECEMBER 31, 2007, NOTE

5 **5.1 Execution of the December 31, 2007, Promissory Note.** On or about December 31,

6 2007, defendants Synergistic Enterprises, Inc. and Nathaniel Lodwig, for valuable consideration, made,

7 executed, and delivered to plaintiff Charles E. Utterback their written Promissory Note (hereafter "Note

8 #4") in the original principal amount of $47,500.00. A true and correct copy of Note #4 is attached

9 hereto as Exhibit G and incorporated by reference.

10 **5.2 Execution of Deed of Trust.** At the same time as the execution and delivery of

11 Note #4 and as part of the same transaction, defendants Synergistic Enterprises, Inc. and Nathaniel

12 Lodwig, for valuable consideration and in order to secure the repayment of Note #4, made, executed, and

13 delivered to plaintiff Charles E. Utterback a written Deed of Trust ( hereafter "DOT #4") covering the

14 following two (2) parcels situate in Grays Harbor County, Washington: Assessor's Property Tax Parcel

15 Nos.: 092700004200, 093100701500. DOT #4 was thereafter recorded on December 31, 2007 under

16 Grays Harbor County Auditor's File No. 2007-12310007. A true and correct copy of DOT #4 is attached

17 hereto as Exhibit H and incorporated by reference.

18 **5.3 Release of Certain Properties.** From time to time, plaintiff has released certain

19 properties as partial reconveyances according to the terms of DOT #4. At the date of this complaint,

20 DOT #4 covers one (1) parcel, the following having been released: 093100701500.

21 **5.4 Current Ownership of Note #4 and DOT #4.** Plaintiff Charles E. Utterback is now

22 the owner and holder of Note #4 and beneficiary of DOT #4.

23 **5.5 Default in Payment and Amount Due.** As fully appears in Note #4 and DOT #4,

24 defendants Synergistic Enterprises, Inc. and Nathaniel Lodwig promised to pay the principal sum of

25 $47,500.00, together with interest thereon at the rate of 12% per annum on the deferred balance until

26 paid. Despite demand for payment, defendants Synergistic Enterprises, Inc. and Nathaniel Lodwig have

27 failed to make the monthly payments as required according to the terms of Note #4. By this action,

28

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-10

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

1  plaintiff declares the entire unpaid principal balance, together with accrued and unpaid interest, fees, and
2  costs, to be immediately due and payable.

3      **5.6    Costs and Attorney Fees.**    As fully appears in Note #4 and DOT #4, in the event of
4  any action to collect on Note #4 or to foreclose DOT #4, there shall be included in the judgment a
5  reasonable sum for attorneys' fees, together with costs of the action. The terms of Note #4 and DOT #4
6  also provide that there shall be included in the judgment plaintiff's costs incurred in connection with the
7  action, including the cost of a title search to determine the necessary parties to the action, as well as such
8  other sums which plaintiff may advance under the terms of Note #4 and DOT #4.

9      **5.7    Purchaser at Sheriff's Sale.** In the event of foreclosure and sale of the above-described
10  property at foreclosure sale, the purchaser at such sale is entitled to immediate possession of the
11  property.

12      **5.8    Deficiency Judgment.**    Should the proceeds of the Sheriff's Sale be insufficient to
13  satisfy the judgment herein, a deficiency judgment should be entered in favor of the plaintiff for the
14  amount of the judgment not satisfied by the sale. Defendants Synergistic Enterprises, Inc. and Nathaniel
15  Lodwig are liable for any judgment and/or deficiency judgment obtained herein.

16          **VI. PLAINTIFF'S CAUSE OF ACTION #5: JANUARY 23, 2008, NOTE**

17      **6.1    Execution of the January 23, 2008, Promissory Note.**    On or about January 23,
18  2008, defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig, for valuable consideration, made,
19  executed, and delivered to plaintiff Charles E. Utterback their written Promissory Note (hereafter "Note
20  #5") in the original principal amount of $50,000.00. A true and correct copy of Note #5 is attached
21  hereto as Exhibit I and incorporated by reference.

22      **6.2    Execution of Deed of Trust.**    At the same time as the execution and delivery of
23  Note #5 and as part of the same transaction, defendants Synergistic Enterprises, Inc. and Nathaniel
24  Lodwig, for valuable consideration and in order to secure the repayment of Note #5, made, executed and
25  delivered to plaintiff Charles E. Utterback a written Deed of Trust ( hereafter "DOT #5") covering the
26  following three (3) parcels situate in Grays Harbor County, Washington: Assessor's Property Tax Parcel
27  Nos.: 093301005300, 093301005400, 092700004100. DOT #5 was thereafter recorded on January 25,

28

2008 under Grays Harbor County Auditor's File No. 2008-01250089. A true and correct copy of DOT #5 is attached hereto as Exhibit J and incorporated by reference.

**6.3    Release of Certain Properties.**    From time to time, plaintiff has released certain properties as partial reconveyances according to the terms of DOT #5. At the date of this complaint, DOT #5 covers one (1) parcel, the following having been released: 093301005400, 093301005300.

**6.4    Current Ownership of Note #5 and DOT #5.**    Plaintiff Charles E. Utterback is now the owner and holder of Note #5 and beneficiary of DOT #5.

**6.5    Default in Payment and Amount Due.**    As fully appears in Note #5 and DOT #5, defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig, promised to pay the principal sum of $50,000.00, together with interest thereon at the rate of 12% per annum on the deferred balance until paid. Despite demand for payment, defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig have failed to make the monthly payments as required according to the terms of Note #5. By this action, plaintiff declares the entire unpaid principal balance, together with accrued and unpaid interest, fees, and costs, to be immediately due and payable.

**6.6    Costs and Attorney Fees.**    As fully appears in Note #5 and DOT #5, in the event of any action to collect on Note #5 or to foreclose DOT #5, there shall be included in the judgment a reasonable sum for attorneys' fees, together with costs of the action. The terms of Note #5 and DOT #5 also provide that there shall be included in the judgment plaintiff's costs incurred in connection with the action, including the cost of a title search to determine the necessary parties to the action, as well as such other sums which plaintiff may advance under the terms of Note #5and DOT #5.

**6.7    Purchaser at Sheriff's Sale.** In the event of foreclosure and sale of the above-described property at foreclosure sale, the purchaser at such sale is entitled to immediate possession of the property.

**6.8    Deficiency Judgment.**    Should the proceeds of the Sheriff's Sale be insufficient to satisfy the judgment herein, a deficiency judgment should be entered in favor of the plaintiff for the amount of the judgment not satisfied by the sale. Defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig are liable for any judgment and/or deficiency judgment obtained herein.

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-12

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

# VII. PLAINTIFF'S CAUSE OF ACTION #6: JANUARY 31, 2008, NOTE

**7.1    Execution of the January 31, 2008, Promissory Note.**    On or about January 31, 2008, defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig, for valuable consideration, made, executed, and delivered to plaintiff Charles E. Utterback their written Promissory Note (hereafter "Note #6") in the original principal amount of $30,000.00. A true and correct copy of Note #6 is attached hereto as Exhibit K and incorporated by reference.

**7.2    Execution of Deed of Trust.**    At the same time as the execution and delivery of Note #6 and as part of the same transaction, defendants Synergistic Enterprises, Inc. and Nathaniel Lodwig, for valuable consideration and in order to secure the repayment of Note #6, made, executed and delivered to plaintiff Charles E. Utterback a written Deed of Trust ( hereafter "DOT #6") covering the following two (2) parcels situate in Grays Harbor County, Washington: Assessor's Property Tax Parcel Nos.: 092700004000, 093300902200. DOT #6 was thereafter recorded on January 31, 2008 under Grays Harbor County Auditor's File No. 2008-01310060. A true and correct copy of DOT #6 is attached hereto as Exhibit L and incorporated by reference.

**7.3    Release of Certain Properties.**    From time to time, plaintiff has released certain properties as partial reconveyances according to the terms of DOT #6. At the date of this complaint, DOT #6 covers one (1) parcel, the following having been released: 093300902200.

**7.4    Current Ownership of Note #6 and DOT #6.**    Plaintiff Charles E. Utterback is now the owner and holder of Note #6 and beneficiary of DOT #6.

**7.5    Default in Payment and Amount Due.**    As fully appears in Note #6 and DOT #6, defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig, promised to pay the principal sum of $30,000.00, together with interest thereon at the rate of 12% per annum on the deferred balance until paid. Despite demand for payment, defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig have failed to make the monthly payments as required according to the terms of Note #6. By this action, plaintiff declares the entire unpaid principal balance, together with accrued and unpaid interest, fees, and costs, to be immediately due and payable.

**7.6    Costs and Attorney Fees.**    As fully appears in Note #6 and DOT #6, in the event of

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-13

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

any action to collect on Note #6 or to foreclose DOT #6, there shall be included in the judgment a reasonable sum for attorneys' fees, together with costs of the action. The terms of Note #6 and DOT #6 also provide that there shall be included in the judgment plaintiff's costs incurred in connection with the action, including the cost of a title search to determine the necessary parties to the action, as well as such other sums which plaintiff may advance under the terms of Note #6 and DOT #6.

**7.7    Purchaser at Sheriff's Sale.** In the event of foreclosure and sale of the above-described property at foreclosure sale, the purchaser at such sale is entitled to immediate possession of the property.

**7.8    Deficiency Judgment.**    Should the proceeds of the Sheriff's Sale be insufficient to satisfy the judgment herein, a deficiency judgment should be entered in favor of the plaintiff for the amount of the judgment not satisfied by the sale. Defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig are liable for any judgment and/or deficiency judgment obtained herein.

## VIII. PLAINTIFF'S CAUSE OF ACTION #7: MARCH 12, 2008, NOTE

**8.1    Execution of the March 12, 2008, Promissory Note.**    On or about March 12, 2008, defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig, for valuable consideration, made, executed, and delivered to plaintiff Charles E. Utterback their written Promissory Note (hereafter "Note #7") in the original principal amount of $150,000.00. A true and correct copy of Note #7 is attached hereto as Exhibit M and incorporated by reference.

**8.2    Execution of Deed of Trust.**    At the same time as the execution and delivery of Note #7 and as part of the same transaction, defendants Synergistic Enterprises, Inc. and Nathaniel Lodwig, for valuable consideration and in order to secure the repayment of Note #7, made, executed and delivered to plaintiff Charles E. Utterback a written Deed of Trust ( hereafter "DOT #7") covering the following ten (10) parcels situate in Grays Harbor County, Washington: Assessor's Property Tax Parcel Nos.: 090500056500, 090700037300, 090700058400, 090700062301, 090700065500, 090700071700, 091700027700, 091700030100, 092300033400, 092300070100. DOT #7 was thereafter recorded on March 12, 2008 under Grays Harbor County Auditor's File No. 2008-03120003. A true and correct copy of DOT #7 is attached hereto as Exhibit N and incorporated by reference.

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-14

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

1  **8.3   Release of Certain Properties.**   From time to time, plaintiff has released certain

2  properties as partial reconveyances according to the terms of DOT #7. At the date of this complaint,

3  DOT #7 covers four (4) properties, the following having been released: 090500056500, 090700037300,

4  090700058400, 090700062301, 090700065500, 092300033400.

5  **8.4   Current Ownership of Note #7 and DOT #7.**   Plaintiff Charles E. Utterback is now

6  the owner and holder of Note #7 and beneficiary of DOT #7.

7  **8.5   Default in Payment and Amount Due.**   As fully appears in Note #7 and DOT #7,

8  defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig, promised to pay the principal sum of

9  $150,000.00, together with interest thereon at the rate of 12% per annum on the deferred balance until

10  paid. Despite demand for payment, defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig have

11  failed to make the monthly payments as required according to the terms of Note #7. By this action,

12  plaintiff declares the entire unpaid principal balance, together with accrued and unpaid interest, fees, and

13  costs, to be immediately due and payable.

14  **8.6   Costs and Attorney Fees.**   As fully appears in Note #7 and DOT #7, in the event of

15  any action to collect on Note #7 or to foreclose DOT #7, there shall be included in the judgment a

16  reasonable sum for attorneys' fees, together with costs of the action. The terms of Note #7 and DOT #7

17  also provide that there shall be included in the judgment plaintiff's costs incurred in connection with the

18  action, including the cost of a title search to determine the necessary parties to the action, as well as such

19  other sums which plaintiff may advance under the terms of Note #7 and DOT #7.

20  **8.7   Purchaser at Sheriff's Sale.** In the event of foreclosure and sale of the above-described

21  property at foreclosure sale, the purchaser at such sale is entitled to immediate possession of the

22  property.

23  **8.8   Deficiency Judgment.**   Should the proceeds of the Sheriff's Sale be insufficient to

24  satisfy the judgment herein, a deficiency judgment should be entered in favor of the plaintiff for the

25  amount of the judgment not satisfied by the sale. Defendants Synergistic Enterprises, LLC, and

26  Nathaniel Lodwig are liable for any judgment and/or deficiency judgment obtained herein.

27  ## IX. PLAINTIFF'S CAUSE OF ACTION #8: APRIL 1, 2008, NOTE

28

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-15

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

**9.1    Execution of the April 1, 2008, Promissory Note.** On or about April 1, 2008, defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig, for valuable consideration, made, executed, and delivered to plaintiff Charles E. Utterback their written Promissory Note (hereafter "Note #8") in the original principal amount of $150,000.00. A true and correct copy of Note #8 is attached hereto as Exhibit O and incorporated by reference.

**9.2    Execution of Deed of Trust.**    At the same time as the execution and delivery of Note #8 and as part of the same transaction, defendants Synergistic Enterprises, Inc. and Nathaniel Lodwig, for valuable consideration and in order to secure the repayment of Note #8, made, executed and delivered to plaintiff Charles E. Utterback a written Deed of Trust ( hereafter "DOT #8") covering the following ten (10) parcels situate in Grays Harbor County, Washington: Assessor's Property Tax Parcel Nos.: 090100408400, 090300023000, 090300043800, 090300048600, 090700024200, 090700060300, 092100009400, 092100010100, 092300066800, 092300071000. DOT #8 was thereafter recorded on April 7, 2008 under Grays Harbor County Auditor's File No. 2008-04070091. A true and correct copy of DOT #8 is attached hereto as Exhibit P and incorporated by reference.

**9.3    Release of Certain Properties.**    From time to time, plaintiff has released certain properties as partial reconveyances according to the terms of DOT #8. At the date of this complaint, DOT #8 covers five (5) properties, the following having been released: 090300023000, 090300043800, 090700024200, 092100010100, 092300071000.

**9.4    Current Ownership of Note #8 and DOT #8.**    Plaintiff Charles E. Utterback is now the owner and holder of Note #8 and beneficiary of DOT #8.

**9.5    Default in Payment and Amount Due.**    As fully appears in Note #8 and DOT #8, defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig, promised to pay the principal sum of $150,000.00, together with interest thereon at the rate of 12% per annum on the deferred balance until paid. Despite demand for payment, defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig have failed to make the monthly payments as required according to the terms of Note #8. By this action, plaintiff declares the entire unpaid principal balance, together with accrued and unpaid interest, fees, and costs, to be immediately due and payable.

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-16

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

**9.6    Costs and Attorney Fees.**    As fully appears in Note #8 and DOT #8, in the event of any action to collect on Note #8 or to foreclose DOT #8, there shall be included in the judgment a reasonable sum for attorneys' fees, together with costs of the action. The terms of Note #8 and DOT #8 also provide that there shall be included in the judgment plaintiff's costs incurred in connection with the action, including the cost of a title search to determine the necessary parties to the action, as well as such other sums which plaintiff may advance under the terms of Note #8 and DOT #8.

**9.7    Purchaser at Sheriff's Sale.** In the event of foreclosure and sale of the above-described property at foreclosure sale, the purchaser at such sale is entitled to immediate possession of the property.

**9.8    Deficiency Judgment.**    Should the proceeds of the Sheriff's Sale be insufficient to satisfy the judgment herein, a deficiency judgment should be entered in favor of the plaintiff for the amount of the judgment not satisfied by the sale. Defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig are liable for any judgment and/or deficiency judgment obtained herein.

## X. PLAINTIFF'S CAUSE OF ACTION #9: APRIL 25, 2008, NOTE

**10.1    Execution of the April 25, 2008, Promissory Note.**    On or about April 25, 2008, defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig, for valuable consideration, made, executed, and delivered to plaintiff Charles E. Utterback their written Promissory Note (hereafter "Note #9") in the original principal amount of $150,000.00. A true and correct copy of Note #9 is attached hereto as Exhibit Q and incorporated by reference.

**10.2    Execution of Deed of Trust.**    At the same time as the execution and delivery of Note #9 and as part of the same transaction, defendants Synergistic Enterprises, Inc. and Nathaniel Lodwig, for valuable consideration and in order to secure the repayment of Note #9, made, executed and delivered to plaintiff Charles E. Utterback a written Deed of Trust ( hereafter "DOT #9") covering the following ten (10) parcels situate in Grays Harbor County, Washington: Assessor's Property Tax Parcel Nos.: 091700017900, 091900041000, 092100012800, 093300401300, 093700600400, 094100700900, 094101003600, 094101200900, 094700800800, 094700802900. DOT #9 was thereafter recorded on April 25, 2008 under Grays Harbor County Auditor's File No. 2008-04250095. A true and correct copy

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-17

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

1   of DOT #9 is attached hereto as Exhibit R and incorporated by reference.

2   **10.3   Release of Certain Properties.**   From time to time, plaintiff has released certain

3   properties as partial reconveyances according to the terms of DOT #9. At the date of this complaint,

4   DOT #9 covers three (3) properties, the following having been released: 091700017900, 091900041000,

5   093300401300, 093700600400, 094101200900, 094700800800, 094700802900.

6   **10.4   Current Ownership of Note #9 and DOT #9.**   Plaintiff Charles E. Utterback is now

7   the owner and holder of Note #9 and beneficiary of DOT #9.

8   **10.5   Default in Payment and Amount Due.**   As fully appears in Note #9 and DOT #9,

9   defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig, promised to pay the principal sum of

10  $150,000.00, together with interest thereon at the rate of 12% per annum on the deferred balance until

11  paid. Despite demand for payment, defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig have

12  failed to make the monthly payments as required according to the terms of Note #9. By this action,

13  plaintiff declares the entire unpaid principal balance, together with accrued and unpaid interest, fees, and

14  costs, to be immediately due and payable.

15  **10.6   Costs and Attorney Fees.**   As fully appears in Note #9 and DOT #9, in the event of

16  any action to collect on Note #9 or to foreclose DOT #9, there shall be included in the judgment a

17  reasonable sum for attorneys' fees, together with costs of the action. The terms of Note #9 and DOT #9

18  also provide that there shall be included in the judgment plaintiff's costs incurred in connection with the

19  action, including the cost of a title search to determine the necessary parties to the action, as well as such

20  other sums which plaintiff may advance under the terms of Note #9 and DOT #9.

21  **10.7   Purchaser at Sheriff's Sale.** In the event of foreclosure and sale of the above-described

22  property at foreclosure sale, the purchaser at such sale is entitled to immediate possession of the

23  property.

24  **10.8   Deficiency Judgment.**   Should the proceeds of the Sheriff's Sale be insufficient to

25  satisfy the judgment herein, a deficiency judgment should be entered in favor of the plaintiff for the

26  amount of the judgment not satisfied by the sale. Defendants Synergistic Enterprises, LLC, and

27  Nathaniel Lodwig are liable for any judgment and/or deficiency judgment obtained herein.

28

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-18

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

# XI. PLAINTIFF'S CAUSE OF ACTION #10: AUGUST 1, 2008, NOTE

**11.1    Execution of the August 1, 2008, Promissory Note.**    On or about August 1, 2008, defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig, for valuable consideration, made, executed, and delivered to plaintiff Charles E. Utterback their written Promissory Note (hereafter "Note #10") in the original principal amount of $50,000.00. A true and correct copy of Note #10 is attached hereto as Exhibit S and incorporated by reference.

**11.2    Execution of Deed of Trust.**    At the same time as the execution and delivery of Note #10 and as part of the same transaction, defendants Synergistic Enterprises, Inc. and Nathaniel Lodwig, for valuable consideration and in order to secure the repayment of Note #10, made, executed and delivered to plaintiff Charles E. Utterback a written Deed of Trust ( hereafter "DOT #10") covering the following three (3) parcels situate in Grays Harbor County, Washington: Assessor's Property Tax Parcel Nos.: 092100004700, 092100005000, 094300203500. DOT #10 was thereafter recorded on August 1, 2008 under Grays Harbor County Auditor's File No. 2008-08010090. A true and correct copy of DOT #10 is attached hereto as Exhibit T and incorporated by reference.

**11.3    Release of Certain Properties.**    From time to time, plaintiff has released certain properties as partial reconveyances according to the terms of DOT #10. At the date of this complaint, DOT #10 covers two (2) properties, the following having been released: 092100005000.

**11.4    Current Ownership of Note #10 and DOT #10.**    Plaintiff Charles E. Utterback is now the owner and holder of Note #10 and beneficiary of DOT #10.

**11.5    Default in Payment and Amount Due.**    As fully appears in Note #10 and DOT #10, defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig, promised to pay the principal sum of $50,000.00, together with interest thereon at the rate of 12% per annum on the deferred balance until paid. Despite demand for payment, defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig have failed to make the monthly payments as required according to the terms of Note #10. By this action, plaintiff declares the entire unpaid principal balance, together with accrued and unpaid interest, fees, and costs, to be immediately due and payable.

**11.6    Costs and Attorney Fees.**    As fully appears in Note #10 and DOT #10, in the event of

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-19

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

1 any action to collect on Note #10 or to foreclose DOT #10, there shall be included in the judgment a

2 reasonable sum for attorneys' fees, together with costs of the action. The terms of Note #10 and DOT

3 #10 also provide that there shall be included in the judgment plaintiff's costs incurred in connection with

4 the action, including the cost of a title search to determine the necessary parties to the action, as well as

5 such other sums which plaintiff may advance under the terms of Note #10 and DOT #10.

6     **11.7   Purchaser at Sheriff's Sale.** In the event of foreclosure and sale of the above-described

7 property at foreclosure sale, the purchaser at such sale is entitled to immediate possession of the

8 property.

9     **11.8   Deficiency Judgment.** Should the proceeds of the Sheriff's Sale be insufficient to

10 satisfy the judgment herein, a deficiency judgment should be entered in favor of the plaintiff for the

11 amount of the judgment not satisfied by the sale. Defendants Synergistic Enterprises, LLC, and

12 Nathaniel Lodwig are liable for any judgment and/or deficiency judgment obtained herein.

13         **XII. PLAINTIFF'S CAUSE OF ACTION #11: AUGUST 15, 2008, NOTE**

14     **12.1   Execution of the August 15, 2008, Promissory Note.** On or about August 15, 2008,

15 defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig, for valuable consideration, made,

16 executed, and delivered to plaintiff Charles E. Utterback their written Promissory Note (hereafter "Note

17 #11") in the original principal amount of $86,000.00. A true and correct copy of Note #11 is attached

18 hereto as Exhibit U and incorporated by reference.

19     **12.2   Execution of Deed of Trust.** At the same time as the execution and delivery of

20 Note #11 and as part of the same transaction, defendants Synergistic Enterprises, Inc. and Nathaniel

21 Lodwig, for valuable consideration and in order to secure the repayment of Note #11, made, executed

22 and delivered to plaintiff Charles E. Utterback a written Deed of Trust ( hereafter "DOT #11") covering

23 the following four (4) parcels situate in Grays Harbor County, Washington: Assessor's Property Tax

24 Parcel Nos.: 091700010000, 092500001200, 093900204600, 094100400400. DOT #11 was thereafter

25 recorded on August 15, 2008 under Grays Harbor County Auditor's File No. 2008-08150047. A true and

26 correct copy of DOT #11 is attached hereto as Exhibit V and incorporated by reference.

27     **12.3   Release of Certain Properties.** From time to time, plaintiff has released certain

28

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-20
      CUSHMAN
  LAW OFFICES, P.S.
   ATTORNEYS AT LAW
   924 CAPITOL WAY SOUTH
   OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

1  properties as partial reconveyances according to the terms of DOT #11. At the date of this complaint,

2  DOT #11 covers three (3) properties, the following having been released: 093900204600.

3  **12.4  Current Ownership of Note #11 and DOT #11.**  Plaintiff Charles E. Utterback is now

4  the owner and holder of Note #11 and beneficiary of DOT #11.

5  **12.5  Default in Payment and Amount Due.**  As fully appears in Note #11 and DOT #11,

6  defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig, promised to pay the principal sum of

7  $86,000.00, together with interest thereon at the rate of 12% per annum on the deferred balance until

8  paid. Despite demand for payment, defendants Synergistic Enterprises, LLC, and Nathaniel Lodwig have

9  failed to make the monthly payments as required according to the terms of Note #11. By this action,

10  plaintiff declares the entire unpaid principal balance, together with accrued and unpaid interest, fees, and

11  costs, to be immediately due and payable.

12  **12.6  Costs and Attorney Fees.**  As fully appears in Note #11 and DOT #11, in the event of

13  any action to collect on Note #11 or to foreclose DOT #11, there shall be included in the judgment a

14  reasonable sum for attorneys' fees, together with costs of the action. The terms of Note #11 and DOT

15  #11 also provide that there shall be included in the judgment plaintiff's costs incurred in connection with

16  the action, including the cost of a title search to determine the necessary parties to the action, as well as

17  such other sums which plaintiff may advance under the terms of Note #11 and DOT #11.

18  **12.7  Purchaser at Sheriff's Sale.** In the event of foreclosure and sale of the above-described

19  property at foreclosure sale, the purchaser at such sale is entitled to immediate possession of the

20  property.

21  **12.8  Deficiency Judgment.**  Should the proceeds of the Sheriff's Sale be insufficient to

22  satisfy the judgment herein, a deficiency judgment should be entered in favor of the plaintiff for the

23  amount of the judgment not satisfied by the sale. Defendants Synergistic Enterprises, LLC, and

24  Nathaniel Lodwig are liable for any judgment and/or deficiency judgment obtained herein.

25

26  **WHEREFORE,** plaintiff prays for relief as follows:

27  **1.  Monetary Judgment.**  That plaintiff have judgment for the sum of $569,783.52,

28

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-21

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

1  with interest thereon at the note default rate of 18% per annum from August 27, 2010 to the date of

2  judgment and thereafter; together with such other sums as may be advanced in accordance with the terms

3  of the notes and deeds of trust during the pendency of this action, with interest thereon at the note default

4  rate; together with reasonable attorney fees and plaintiff's costs incurred in connection with bringing this

5  action, including the cost of the title report obtained in connection with this action in order to determine

6  the identity of all necessary parties.

7      **2.**    **Foreclosure.** That it be adjudged, in the event of nonpayment of the judgment forthwith

8  upon its entry, that plaintiff's deeds of trust be declared valid liens upon the real property described

9  above, and that the property covered thereby be sold at foreclosure sale in the manner provided by law,

10  and the proceeds thereof applied to said judgment and increased interest and such amounts as plaintiff

11  may advance for taxes, assessments, municipal charges, payments made on encumbrances having

12  priority over any of the deeds of trust, and such other items as may constitute liens on the property,

13  together with insurance and repairs necessary to prevent the impairment of the property, and together

14  with interest thereon from the date of payment.

15      **3.**    **Deficiency Judgment.** That if any deficiency remains after the application of the

16  proceeds of such sale thereon, execution may be issued for any such deficiency against defendants

17  Synergistic Enterprises, Inc., Sustainable Enterprises, LLC, Nathaniel Lodwig, and Gregory Lodwig, and

18  each of them, and enforced against any other property of theirs not exempt from execution.

19      **4.**    **Foreclosure of Defendants' Rights.** By such foreclosure and sale, the rights of

20  defendants, and each of them, and persons claiming by, through, or under them, subsequent to execution

21  of plaintiff's deeds of trust, be adjudged inferior and subordinate to plaintiff's deed of trust lien and be

22  forever foreclosed.

23      **5.**    **Plaintiff Allowed Right to be Bidder.** That plaintiff be permitted to become a

24  bidder and purchaser at the sale, and that the purchaser be given immediate possession of the property.

25      **6.**    **Costs of Collection of Judgment.** That the plaintiff be granted judgment for all costs

26  incurred in the collection of any judgment obtained herein.

27      **7.**    **Redemption Period.** Plaintiff does not waive its right to a deficiency judgment, and,

28

COMPLAINT FOR DAMAGES FOR DEFAULT        CUSHMAN        924 CAPITOL WAY SOUTH
ON PROMISSORY NOTES AND FOR FORECLOSURE    LAW OFFICES, P.S.    OLYMPIA, WASHINGTON 98501
OF DEEDS OF TRUST SECURING SAID NOTES-22      ATTORNEYS AT LAW      (360) 534-9183 FAX: (360) 956-9795

1   therefore, the redemption period in the event of foreclosure and sale at foreclosure should be a period of
2   twelve (12) months.

3       **8.      Other Relief.** That plaintiff may have such other and further relief as may be proper and
4   equitable.

5

6   DATED this ___8___ day of September, 2010.

7

8                                           CUSHMAN LAW OFFICES, P.S.
9
10                                          Jon E. Cushman, WSBA# 16547
                                            Joseph Scuderi, WSBA# 26623
11                                          Attorneys for Plaintiffs

12

13

14                              **Verification**

15

16      CHARLES E. UTTERBACK declares as follows:
17      I am one of the Plaintiffs in the above-entitled action. I have read the foregoing Complaint,
18   know the contents thereof, and believe the same to be true.
19      I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF
20   WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT
21      SIGNED this ____ day of September, 2010, in Ocean Shores, Washington.

22

23                                          _see Attached_
24                                          Charles E. Utterback

25

26

27

28

COMPLAINT FOR DAMAGES FOR DEFAULT          CUSHMAN          924 CAPITOL WAY SOUTH
ON PROMISSORY NOTES AND FOR FORECLOSURE  LAW OFFICES, P.S.  OLYMPIA, WASHINGTON 98501
OF DEEDS OF TRUST SECURING SAID NOTES-23  ATTORNEYS AT LAW  (360) 534-9183 FAX: (360) 956-9795

1    therefore, the redemption period in the event of foreclosure and sale at foreclosure should be a period of

2    twelve (12) months.

3         8.      **Other Relief.** That plaintiff may have such other and further relief as may be proper and

4    equitable.

5

6         DATED this _____ day of September, 2010.

7

8                                        CUSHMAN LAW OFFICES, P.S.

9
                                         _____
10                                       Jon E. Cushman, WSBA# 16547
                                         Joseph Scuderi, WSBA# 26623
11                                       Attorneys for Plaintiffs

12

13

14                                       **Verification**

15

16        CHARLES E. UTTERBACK declares as follows:

17        I am one of the Plaintiffs in the above-entitled action. I have read the foregoing Complaint,

18   know the contents thereof, and believe the same to be true.

19        I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF

20   WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT

21        SIGNED this _8_ day of September, 2010, in Ocean Shores, Washington.

22

23

24                                       _____
                                         Charles E. Utterback
25

26

27

28

COMPLAINT FOR DAMAGES FOR DEFAULT
ON PROMISSORY NOTES AND FOR FORECLOSURE
OF DEEDS OF TRUST SECURING SAID NOTES-23

CUSHMAN
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

# Exhibit A

## Note #1

# COMMERCIAL PURPOSE PROMISSORY NOTE
## (INTEREST INCLUDED – DUE DATE)

**$ 250,000.00**    Ocean Shores, Washington    09/19/08

For Value received, Synergistic Enterprises, Inc., a Washington Corporation, promises to pay to Trust Company of America C/F Charles E. Utterback, #81028 with payments sent to Servicing Agent: J. Steven Andrews/PO Box 2068 Ocean Shores, WA 98569 OR any other place as the holder may direct in writing the sum of Two Hundred Fifty Thousand 00/100 ($250,000.00), with interest from 09/19/08, on unpaid principal balance at the rate of Twelve Percent (12.0000%) per annum; principal and interest payable in monthly installments of Five Thousand 00/100 Dollars ($ 5,000.00) or more at the maker's option beginning on 10/23/08 and continuing until 09/23/09 on which day the balance of principal and interest shall be due and payable. Each payment shall be credited first on interest and the remainder on principal; and interest shall thereupon cease upon the principal so credited. Principal and interest payable in lawful money of the United States of America.

There shall be a late charge assessed whenever any payment specified above has not been received within Five (5) days of the date specified. This charge shall be Six percent (6.0000%) of the payment due and shall be remitted by the maker in addition to the regular payment then due. At any time when a late charge has been assessed funds received shall be applied first to any such late charges outstanding, and then to the interest owing, and finally to the outstanding principal balance.

If the imposition of a late charge results in a monthly payment less than the amount of interest accrued for a month, such accrued but unpaid interest will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note. In addition, in the event funds are not received for any particular month, the outstanding late charge, accrued but unpaid interest, and the trust funds requirements, if applicable, will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note.

In the event any payments required by this Promissory Note are not paid when due, or in the event maker violated any of the terms and conditions of the Deed of Trust securing this Promissory Note, then the whole sum of both principal and interest shall become due at once without further notice at the option of the holder of this Note.

The default interest rate shall be at the rate of Eighteen Percent (18.0000%) per annum. For the purposes herein, default shall constitute any payments not made when due, including but not limited to regular monthly payments, final payment at maturity, real property taxes, fire or hazard insurance, and senior obligations.

When monies are advanced by beneficiaries such amounts will be added to the principal balance and default interest will be charged thereon.

On the final payment at maturity, the late charge shall be two percent (2%) of that payment if it has not been received within five (5) days of the date this Note is due. This late charge is assessed to cover the administration costs associated with delinquency. It is not additional interest. If not paid, the two percent (2%) late charge will be added to the unpaid principal balance and will thereafter bear interest at the default interest rate provided on page 1.

If this Note shall be placed with an attorney for collection, or if suit shall be brought to collect any amounts due on this Note, maker promises to pay costs of said action, including a reasonable attorney's fee.

Presentation for payment, notice of dishonor, protest and notice of protest are hereby waived. Failure to exercise any right or option by holder shall not constitute a waiver of successive defaults by maker.

Maker executed this note as a Principal and not as a Surety.

This Promissory Note shall be construed and enforced in accordance with the law of the State of Washington and maker expressly agrees that venue of any action to construe or enforce this Note shall be laid in Grays Harbor County, Washington.

THIS NOTE IS FOR COMMERCIAL PURPOSES ONLY.
THE MAKER FURTHER REPRESENTS AND WARRANTS TO HOLDER
THAT NO PART OF THE PROCEEDS OF THIS LOAN IS TO BE
USED FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES OF ANY
PERSON, NOR FOR THE PURCHASE OF ANY CONSUMER GOODS.

Refer to Exhibits A & B for further terms and conditions. Any Exhibits attached hereto shall be incorporated herein by reference.

**MAKERS**

Synergistic Enterprises, Inc., a Washington Corporation

## PAYEES APPROVAL & ACCEPTANCE

Synergistic Enterprises, Inc.

BY: _Nathaniel Lodwig_
Nathaniel Lodwig, President                              Date_9/17/08_

BY: _Nathaniel Lodwig_
Nathaniel Lodwig, individually as co-maker and not as a surety       Date_9/17/08_

## EXHIBIT "B"
## BORROWER'S STATEMENT

Borrower Synergistic Enterprises, Inc., a Washington Corporation., (hereinafter "Borrower") desires to borrow a total amount of Two Hundred Fifty Thousand 00/100 ($250,000.00) from Trust Company of America C/F Charles E. Utterback, #81028 (hereinafter "Lender"). Borrower acknowledges that he has been advised that the interest rate provided for in this Promissory Note evidencing this loan, exceeds the lawful interest rates for consumer loans. Borrower further acknowledges that this loan is not a consumer loan, but is a loan for business and commercial purposes, and therefore, is exempt from the statutes of the State of Washington which govern usury. Borrower specifically states and alleges that this loan is for the purpose of use in the Borrower's PROPERTY INVESTMENT business. Lender relied on the representations of Borrower in making the subject loan. If not for the business nature of this loan, Lender would not be involved with this transaction.

Synergistic Enterprises, Inc.

BY: _Nathaniel Lodwig_                      Date 9/17/08
Nathaniel Lodwig, President

BY: _Nathaniel Lodwig_                      Date 9/17/08
Nathaniel Lodwig, Individually as co-maker and not as a surety

)                                    )

# Exhibit B

# DOT #1

# ORIGINAL

When recorded return to:

Trust Company of America C/F Charles E. Utterback
Servicing Agent: J. Steven Andrews/PO Box 2068
Ocean Shores, WA 98569

## DEED OF TRUST
*(For use in the State of Washington only)*

Escrow No.: P090208-02 ④
Title Order No.: A161395

THIS DEED OF TRUST, made this 19th day of September, 2008, between

Synergistic Enterprises, Inc., a Washington Corporation

as GRANTOR(S)
whose street address is PO Box 173, Montesano, WA 98563

and

Andrews Legal Services, PLLC

as TRUSTEE
whose street address is PO Box 2068, Ocean Shores, WA 98569

and

Trust Company of America C/F Charles E. Utterback, #81028

BENEFICIARY, whose street address is Servicing Agent: J. Steven Andrews/PO Box 2068, Ocean Shores, WA 98569.

WITNESSETH: Grantor(s) hereby bargain(s), sell(s), and convey(s) to Trustee in trust, with power of sale, the following described real property in Grays Harbor County, Washington:

Assessor's Property Tax Parcel No.: 090300028702, 090900030400, 090900038600, 091300017000, 091700029700, 091900010400, 091900010700, 092100015600, 092700044200, 092700048000, 093100801800, 093101702900, 093900701500, 094100702200, 094300101800, 094500102900, 094900206500, 094900207800, 094900302100, 094900305600, 094900400500, 094900500300, 094900500900, 095101203100, 090700056600, 091100011700, 092900040200

Abbreviated Legal Description: Lot 287A, Div. 2;  Lot 304, Div 5; Lot 366, Div 5; Lot 170, Div 6; Lot 297, Div 8; Lot 104, Div 9; Lot 107, Div 9; Lot 156, Div 10; Lot 442, Div 14; Lot 480, Div 14; Lot 18, Blk 6, Div 16; Lot 29, Blk 17, Div 16; Lot 15, Blk 7, Div 19; Lot 22, Blk 7, Div19A; Lot 18, Blk 1, Div 20; Lot 29, Blk 1, Div 21; Lot 65, Blk 2, Div 23; Lot 78, Blk 2, Div 23; Lot 21, Blk 3, Div 23; Lot 56, Blk 3, Div 23; Lot 5, Blk 4, Div 23; Lot 3, Blk 5, Div 23; Lot 9, Blk 5, Div 23; Lot 31, Blk 12, Div 24; Lot 566, Div. 4; Lot 117, Div 5-A; Lot 402, Div. 15

FULL LEGAL DESCRIPTION ATTACHED IN EXHIBIT A

Tax Parcel Number(s):  SEE LEGAL FOR PARCELS

which real property is not used principally for agricultural purposes, together with all the tenements, hereditaments, and appurtenances now or hereafter belonging or in any way appertaining, and the rents, issues, and profits, of the property.

This Deed of Trust is for the purpose of securing performance of each agreement of Grantor(s) contained in this Deed of Trust, and payment of the sum of Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00) with interest, in accordance with the terms of a promissory note of even date herewith, payable to Beneficiary or order, and made by the Grantor(s), and all renewals, modifications, and extensions of the note, and also such further sums as may be advanced or loaned by Beneficiary to Grantor(s), or any of the Grantor(s)' successors or assigns, together with interest thereon at the rate agreed upon.

## DEED OF TRUST
### (Continued)

**DUE DATE:** The entire balance of the promissory note secured by this Deed of Trust, together with any and all interest accrued thereon, shall be due and payable in full on September 23, 2009.

To protect the security of this Deed of Trust, Grantor(s) covenant(s) and agree(s):

1. To keep the property in good condition and repair; to permit no waste of the property; to complete any building, structure, or improvement being built or about to be built on the property; to restore promptly any building, structure, or improvement being built or about to be built on the property which may be damaged or destroyed; and to comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the property.

2. To pay before delinquent all lawful taxes and assessments upon the property; to keep the property free and clear of all other charges, liens, or encumbrances impairing the security of this Deed of Trust.

3. To keep all buildings now or hereafter erected on the property continuously insured against loss by fire or other hazards in an amount not less than the total debt secured by this Deed of Trust. All policies shall be held by the Beneficiary, and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary as their interest may appear and then to the Grantor(s). The amount collected under any insurance policy may be applied upon any indebtedness hereby secured in such order as the Beneficiary shall determine. Such application by the Beneficiary shall not cause discontinuance of any proceedings to foreclose this Deed of Trust. In the event of a foreclosure, all rights of the Grantor(s) in insurance policies then in force shall pass to the purchaser at the foreclosure sale.

4. To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of title search and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

5. To pay all costs, fees, and expenses in connection with this Deed of Trust, including the expenses of the Trustee incurred in enforcing the obligation secured by this Deed of Trust and Trustee's and attorney's fees actually incurred, as provided by statute.

6. Should Grantor(s) fail to pay when due any taxes, assessments, insurance premiums, liens, encumbrances, or other charges against the property. Beneficiary may pay the same, and the amount so paid, with interest at the rate set forth in the note secured by this Deed of Trust, shall be added to and become a part of the debt secured in this Deed of Trust.

7. **DUE ON SALE:** (OPTIONAL - not applicable unless initialed by Grantor and Beneficiary) The property described in this security instrument may not be sold or transferred without the Beneficiary's consent. Upon breach of this provision, Beneficiary may declare all sums due under the note and Deed of Trust immediately due and payable, unless prohibited by applicable law.

_____        _____
Grantor (Initials)                     Beneficiary (Initials)

**IT IS MUTUALLY AGREED THAT:**

8. In the event that any portion of the property is taken or damage in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the obligation secured by this Deed of Trust shall be paid to Beneficiary to be applied to said obligation.

9. By accepting payment of any sum secured by this Deed of Trust after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.

10. The Trustee shall reconvey all or any part of the property covered by this Deed of Trust to the person entitled thereto, on written request of the Grantor(s) and the Beneficiary, or upon satisfaction of the obligation secured and written request for reconveyance made by the Beneficiary or the person entitled thereto.

11. Upon default by Grantor(s) in the payment of any indebtedness secured by this Deed of Trust or in the performance of any agreement contained in this Deed of Trust, all sums secured by this Deed of Trust shall immediately become due and payable at the option of the Beneficiary, subject to any

LPB 22A-05(l)-I

2008-09192884  09/19/2008 04:17 PM  DTRUST
Page 2 of 9  R 51.00  Grays Harbor Co. WA
GRAYS HARBOR TITLE

## DEED OF TRUST
(Continued)

cure period provided in the note secured by this Deed of Trust. In such event and upon written request of Beneficiary, Trustee shall sell the trust property, in accordance with the Deed of Trust Act of the State of Washington, at public auction to the highest bidder. Any person except Trustee may bid at Trustee's sale. Trustee shall apply the proceeds of the sale as follows: (1) to the expense of the sale, including a reasonable Trustee's fee and attorney's fee; (2) to the obligation secured by this Deed of Trust; and (3) the surplus, if any, shall be distributed to the persons entitled thereto.

12. Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser all right, title and interest in the real and personal property which Grantor(s) had or had the power to convey at the time of the execution of this Deed of Trust, and such as Grantor(s) may have acquired thereafter. Trustee's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Deed of Trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchaser and encumbrancers for value.

13. The power of sale conferred by this Deed of Trust and by the Deed of Trust Act of the State of Washington is not an exclusive remedy; Beneficiary may cause this Deed of Trust to be foreclosed as a mortgage.

14. In the event of the absence, death, incapacity, disability, or resignation of Trustee, or at the discretion of the Beneficiary, Beneficiary may appoint in writing a successor trustee, and upon the recording of such appointment in the mortgage records of the county in which this Deed of Trust is recorded, the successor trustee shall be vested with all powers of the original trustee. The trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of an action or proceeding in which Grantor(s), Trustee, or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee.

15. This Deed of Trust applies to, inures to the benefit of, and is binding not only on the parties hereto, but on his/her/their heirs, devisees, legatees, administrators, executors, and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby, whether or not named as Beneficiary herein.

16. ADDITIONAL TERMS AND CONDITIONS:  (check one)

   a.   ( )   NONE

   OR

   b.   (X)   As set forth on the attached "Exhibit A" which is incorporated by this reference.

          (Note: If neither a nor b is checked, then option "a" applies)

Dated:   __9/17/08__

Synergistic Enterprises, Inc., a Washington
Corporation

BY: _____
         Nathaniel Lodwig, President

BY: _____
         Nathaniel Lodwig, as Co-Maker and not as a
surety

2008-09198864        09/19/2008 04:17 PM        DTRUST
Page 3 of 9      R 51.00    Grays Harbor  Co, WA
GRAYS HARBOR TITLE

## Exhibit A

Lot 5, Block 4, Ocean Shores Division No. 23, as per plat recorded in Volume 9 of Plats, page 82, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

Lot 3, Block 5, Ocean Shores Division No. 23, as per plat recorded in Volume 9 of Plats, page 82, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

Lot 9, Block 5, Ocean Shores Division No. 23, as per plat recorded in Volume 9 of Plats, page 82, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

Lot 31, Block 12, Ocean Shores Division No. 24, as per plat recorded in Volume 9 of Plats, page 138, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

Lot.29 Block 17, Ocean Shores Division No. 16, as per plat recorded in Volume 9 of Plats, page 3, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

Lot 29, Block 1, Ocean Shores Division No. 21, as per plat recorded in Volume 9 of Plats, page 15, records of Grays Harbor County;
Situate in the County of Grays Harbor; State of Washington.

Lot 56, Block 3, Ocean Shores Division No. 23, as per plat recorded in Volume 9 of Plats, page 82, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

Lot 566, Ocean Shores Division No. 4, as per plat recorded in Volume 8 of Plats, page 65, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

Lot 117, Ocean Shores Division No. 6-A, as per plat recorded in Volume 8 of Plats, page 157, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

Lot 402, Ocean Shores Division No. 16, as per plat recorded in Volume 8 of Plats, page 141, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

## PROPERTY ADDRESSES

127 Point Brown Ave., NW
Ocean Shores, WA 98569

163 Point Brown Ave., SW
Ocean Shores, WA 98569

276 E. Rain St.
Ocean Shores, WA 98569

705 Chenois Ave., NE
Ocean Shores, WA 98569

364 Eridani Loop SE
Ocean Shores, WA 98569

148 Calawah St.
Ocean Shores, WA 98569

452 and 464 Lotloh Ave., SE
Ocean Shores, WA 98569

NOT DISCLOSED
Ocean Shores, WA 98569

760 Tern Court SE
Ocean Shores, WA 98569

870 Mt. Olympus Ave., SE
Ocean Shores, WA 98569

911 Falls of Clyde Loop
Ocean Shores, WA 98569

XXX Torrisdale
Ocean Shores, WA 98569

923 Beachcomber Court
Ocean Shores, WA 98569

432 S. Portal Loop
Ocean Shores, WA 98569

1416 N. Jetty Ave.
Ocean Shores, WA 98569

650 Wawona Ave., SE
Ocean Shores, WA 98569

842 Bay View Court
Ocean Shores, WA 98569

218 and 254 and 369 and 431 and 633 Duck Lake Dr. NE
Ocean Shores, WA 98569

220 Duck Lake Drive, SE
Ocean Shores, WA 98569

105 Sunrise Ave., SE
Ocean Shores, WA 98569

176 Millar Court NE
Ocean Shores, WA 98569

585 Sunset Ave., NE
Ocean Shores, WA 98569

2888-09190094     09/19/2005 04:17 PM     DTRUST
Page 9 of 9     P 01.00     Grays Harbor Co, WA
GRAYS HARBOR TITLE

# Exhibit C

9/23/09 Modification of Note #1 and Note #3



# AGREEMENT BETWEEN THE UNDERSIGNED

## SYNERGISTIC ENTERPRISES, TRUST COMPANY OF AMERICA, AND CHARLES E. UTTERBACK AGREE TO SHIFT BALANCES OWED, PAY A REFINANCE FEE AND LOWER MONTHLY PAYMENTS AS AT SEPTEMBER 23, 2009, AS FOLLOWS:

SYNERGISTIC ENTERPRISES DEBT TO CHARLES E. UTTERBACK TO BE REDUCED FROM $352,773.59 BY $60,000.00 TO $292,773.59. THE DUE DATE OF THIS NOTE IS 11/23/2011.

THE MONTHLY PAYMENT ON THIS PACKAGE TO BE CHANGED FROM $6,000.00 PER MONTH TO $3,000.00 PER MONTH.

Inventory of Lots in this package:

| | |
|---|---|
| 917 Pt. Brown Ave SW | 919 Pt Brown Ave SW |
| 915 Pt Brown Ave SW | 392 Marine View Dr |
| 542 O/S Blvd SW | 844 Pt Brown Ave |
| 1357 Delta Ct | 473 Hilo Ct |
| 640 O/S Blvd SW | 958 Wawona Ave |
| 164 S Port Lp SW | 804 Anchor Ave |
| 252 Calawah St | 132 Calawah St |
| 151 Seagate St | 269 Ensign Ave NW |
| 165 S Narwhal Lp SW | 131 S Razor Clam Dr |
| 213 N Wynoochee Dr SW | 1428 Sand Pebble Ave |
| 443 S Portal Lp | 341 Redwood Ct SE |
| 353 N Wynoochee Dr | |

# AGREEMENT BETWEEN THE UNDERSIGNED - CONTINUED

SYNERGISTIC ENTERPRISES DEBT TO TRUST COMPANY OF AMERICA C/F CHARLES E. UTTERBACK TO BE INCREASED FROM $139,810.03 BY $60,000.00 TO $199,810.03.

IN ADDITION A REFINANCE FEE OF $12,388.61 TO EXTEND THE DUE DATE OF THIS NOTE FROM SEPTEMBER 23, 2009 TO SEPTEMBER 23, 2011 WILL BE ADDED. THIS BRINGS THE TOTAL OWED TO $212,198.64. <$199,810.03 + $12,388.61>

THE MONTHLY PAYMENT ON THIS PACKAGE TO BE CHANGED FROM $5,000.00 PER MONTH TO $3,000.00 PER MONTH.

Inventory of Lots in this package:

| | |
|---|---|
| 163 Pt Brown Ave SW | 705 Chenois Ave NE |
| 364 Eridani Loop SE | 148 Calawah |
| 464 Lotloh Ave SE | Pt Brown Ave |
| 760 Tern Ct SE | 870 Mt. Olympus |
| 911 Falls of Clyde Loop | 993 Torrisdale |
| 923 Beachcomber | 432 S. Portal Loop |
| 1416 N Jetty Ave | 950 Wawona |
| 218 Duck Lake Dr NE | 254 Duck Lake Dr NE |
| 359 Duck Lake Dr NE | 633 Duck Lake Dr NE |
| 220 Duck Lake Dr SE | 105 Sunrise Ave |
| 176 Miller Ct NE | 585 Sunset Ave NE |

# AGREEMENT BETWEEN THE UNDERSIGNED - CONTINUED

**ASSIGNOR:**

SYNERGISTIC ENTERPRISES, INC.

BY: _Nathaniel Lodwig_

NATHANIAL LODWIG, PRESIDENT      _10/15/09_
                                                  DATE

TRUST COMPANY OF AMERICA

BY: _____

J. STEVEN ANDREWS, SERVICING AGENT      _10/14/09_
                                                            DATE

_Nathaniel Lodwig_

NATHANIAL LODWIG, INDIVIDUALLY      _10/15/09_
                                                    DATE

GREGORY LODWIG, INDIVIDUALLY      _10/15/09_
                                                    DATE

CHARLES E. UTTERBACK, INDIVIDUALLY      _10/14/09_
                                                    DATE

STATE OF WASHINGTON

COUNTY OF Grays Harbor | ss.

I certify that I know or have satisfactory evidence that
Nathaniel Ladwig, Gregory Ladwig, Charles Utterback & J. Steven Andrews is/are
the person(s) who appeared before me, and said person(s) acknowledged that said
person(s) signed this instrument and acknowledged it to be said person's free and
voluntary act for the uses and purposes mentioned in the instrument.

Dated this 15th day of October , 2009.

_Debra A. Marten_
(Signature of Notary)

_Debra A. Marten_
(Legibly Print or Stamp Name of Notary)

Notary public in and for the State of
Washington, residing at Hoquiam
My appointment expires June 12, 2010

STATE OF WASHINGTON

COUNTY OF Grays Harbor | ss.

I certify that I know or have satisfactory evidence that
Nathaniel Ladwig
(is/are the person(s) who appeared before me, and said person(s) acknowledged that said
person(s) signed this instrument, on oath stated that said person(s) was authorized to
execute the instrument and acknowledged it as
the President
Synergistic Enterprises, Inc. of , a
corporation, to be the free and voluntary act of such corporation for the uses and purposes
mentioned in the instrument.

Dated this 15th day of October , 2009.

_Debra A. Marten_
(Signature of Notary)

_Debra A. Marten_
(Legibly Print or Stamp Name of Notary)

Notary public in and for the State of
Washington, residing at Hoquiam
My appointment expires June 12, 2010

4 OF 4

Exhibit D

Note #2

ORIGINAL

# COMMERCIAL PURPOSE PROMISSORY NOTE
## (INTEREST INCLUDED – DUE DATE)

$ 155,000.00          Ocean Shores, Washington          12/17/08

For Value received, Sustainable Enterprises, LLC, a Washington Limited Liability Company, promises to pay to Trust Company of America C/F Charles E. Utterback, #81028 with payments sent to Servicing Agent: J. Steven Andrews/PO Box 2068 Ocean Shores, WA 98569 OR any other place as the holder may direct in writing the sum of One Hundred Fifty Five Thousand 00/100 Dollars ($155,000.00), with interest from 12/17/08, on unpaid principal balance at the rate of Twelve percent (12.0000%) per annum; principal and interest payable in monthly installments of Sixteen Hundred 00/100 ($ 1,600.00) or more at the maker's option beginning on 01/23/09 and continuing until 12/23/11 on which day the balance of principal and interest shall be due and payable. Each payment shall be credited first on interest and the remainder on principal; and interest shall thereupon cease upon the principal so credited. Principal and interest payable in lawful money of the United States of America.

There shall be a late charge assessed whenever any payment specified above has not been received within Five (5) days of the date specified. This charge shall be Eight percent (8.0000%) of the payment due and shall be remitted by the maker in addition to the regular payment then due. At any time when a late charge has been assessed funds received shall be applied first to any such late charges outstanding, and then to the interest owing, and finally to the outstanding principal balance.

If the imposition of a late charge results in a monthly payment less than the amount of interest accrued for a month, such accrued but unpaid interest will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note. In addition, in the event funds are not received for any particular month, the outstanding late charge, accrued but unpaid interest, and the trust funds requirements, if applicable, will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note.

In the event any payments required by this Promissory Note are not paid when due, or in the event maker violated any of the terms and conditions of the Deed of Trust securing this Promissory Note, then the whole sum of both principal and interest shall become due at once without further notice at the option of the holder of this Note.

The default interest rate shall be at the rate of Eighteen Percent (18.0000%) per annum. For the purposes herein, default shall constitute any payments not made when due, including but not limited to regular monthly payments, final payment at maturity, real property taxes, fire or hazard insurance, and senior obligations.

When monies are advanced by beneficiaries such amounts will be added to the principal balance and default interest will be charged thereon.

## EXHIBIT "B"
## BORROWER'S STATEMENT

Borrower Sustainable Enterprises, LLC, a Washington Limited Liability Company., (hereinafter "Borrower") desires to borrow a total amount of One Hundred Fifty Five 00/100 Dollars ($155,000.00) from Trust Company of America C/F Charles E. Utterback, #81028 (hereinafter "Lender"). Borrower acknowledges that he has been advised that the interest rate provided for in this Promissory Note evidencing this loan, exceeds the lawful interest rates for consumer loans. Borrower further acknowledges that this loan is not a consumer loan, but is a loan for business and commercial purposes, and therefore, is exempt from the statutes of the State of Washington which govern usury. Borrower specifically states and alleges that this loan is for the purpose of use in the Borrower's INVESTMENT PROPERTY business. Lender relied on the representations of Borrower in making the subject loan. If not for the business nature of this loan, Lender would not be involved with this transaction.

Sustainable Enterprises, LLC, a Washington Limited Liability Company

BY: _____                    Date _12/15/08_
    Nathaniel Lodwig, Member

BY: _____                    Date _b/15/08_
    Nathaniel Lodwig, Individually as a Co-Maker and not as a Surity

BY: _____
/ Gregory Lodwig, Individually as a Co-Maker and not as a Surity

)                                    )

# Exhibit E

# DOT #2

When recorded return to:

Trust Company of America C/F Charles E. Utterback
Servicing Agent: J. Steven Andrews/PO Box 2068
Ocean Shores, WA 98569

## DEED OF TRUST
*(For use in the State of Washington only)*

Escrow No.: P111708-02
Title Order No.: A161852  ALSB

THIS DEED OF TRUST, made this 17th day of December, 2008, between

Sustainable Enterprises, LLC, a Washington Limited Liability Company

as GRANTOR(S)
whose street address is PO Box 173, Montesano, WA 98563

and

Andrews Legal Services, PLLC

as TRUSTEE
whose street address is PO Box 2168, Ocean Shores, WA 98569

and

Trust Company of America C/F Charles E. Utterback, #81028

BENEFICIARY, whose street address is Servicing Agent: J. Steven Andrews/PO Box 2068, Ocean Shores, WA 98569.

WITNESSETH: Grantor(s) hereby bargain(s), sell(s), and convey(s) to Trustee in trust, with power of sale, the following described real property in Grays Harbor County, Washington:

See Exhibit A for Full Legal Description:

Assessor's Property Tax Parcel No.: 090100412000, 090101926300, 090300051400, 091900003900, 091900004000, 092700027800, 092700035100, 092700046500, 092900018500, 093101700400, 093300805900, 707000200900, 707000301000, 094100900300, 094100903300

Abbreviated Legal Description: L120, Blk D, Div. 1; L283, Blk S, Div. 1; L 514, Div. 2: Lots 39-40, Div. 9; Lots 278, 351 & 465, Div. 14; L185, OS Div. 15; L4, Blk 17, Div. 16; L 59, Blk 8, Div. 17; Lots 3 and 33, Blk 9, Div 19-A; L9, Blk 2 & L10 Blk 3 Bayview Estates;

Tax Parcel Number(s): SEE LEGAL DESCRIPTION

which real property is not used principally for agricultural purposes, together with all the tenements, hereditaments, and appurtenances now or hereafter belonging or in any way appertaining, and the rents, issues, and profits, of the property.

This Deed of Trust is for the purpose of securing performance of each agreement of Grantor(s) contained in this Deed of Trust, and payment of the sum of One Hundred Fifty Five Thousand and 00/100 Dollars ($155,000.00) with interest, in accordance with the terms of a promissory note of even date herewith, payable to Beneficiary or order, and made by the Grantor(s), ~~and all renewals, modifications and extensions of the note~~ and also such further sums as may be advanced or loaned by Beneficiary to Grantor(s), or any of the Grantor(s)' successors or assigns, together with interest thereon at the rate agreed upon.

DUE DATE: The entire balance of the promissory note secured by this Deed of Trust, together with any and all interest accrued thereon, shall be due and payable in full on December 23, 2009.

To protect the security of this Deed of Trust, Grantor(s) covenant(s) and agree(s):

1. To keep the property in good condition and repair; to permit no waste of the property; to complete

LPB 22A-05(i)-i

## DEED OF TRUST
(Continued)

any building, structure, or improvement being built or about to be built on the property; to restore promptly any building, structure, or improvement being built or about to be built on the property which may be damaged or destroyed; and to comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the property.

2.  To pay before delinquent all lawful taxes and assessments upon the property; to keep the property free and clear of all other charges, liens, or encumbrances impairing the security of this Deed of Trust.

3.  To keep all buildings now or hereafter erected on the property continuously insured against loss by fire or other hazards in an amount not less than the total debt secured by this Deed of Trust. All policies shall be held by the Beneficiary, and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary shall determine. Such application by the Beneficiary shall not cause discontinuance of any proceedings to foreclose this Deed of Trust. In the event of a foreclosure, all rights of the Grantor(s) in insurance policies then in force shall pass to the purchaser at the foreclosure sale.

4.  To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of title search and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

5.  To pay all costs, fees, and expenses in connection with this Deed of Trust, including the expenses of the Trustee incurred in enforcing the obligation secured by this Deed of Trust and Trustee's and attorney's fees actually incurred, as provided by statute.

6.  Should Grantor(s) fail to pay when due any taxes, assessments, insurance premiums, liens, encumbrances, or other charges against the property. Beneficiary may pay the same, and the amount so paid, with interest at the rate set forth in the note secured by this Deed of Trust, shall be added to and become a part of the debt secured in this Deed of Trust.

7.  DUE ON SALE: (OPTIONAL - not applicable unless initialed by Grantor and Beneficiary) The property described in this security instrument may not be sold or transferred without the Beneficiary's consent. Upon breach of this provision, Beneficiary may declare all sums due under the note and Deed of Trust immediately due and payable, unless prohibited by applicable law.

_____
Grantor (Initials)

_____
Beneficiary (Initials)

IT IS MUTUALLY AGREED THAT:

8.  In the event that any portion of the property is taken or damage in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy in the event any portion of the property is taken or damaged in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the obligation secured by this Deed of Trust shall be paid to Beneficiary to be applied to said obligation.

9.  By accepting payment of any sum secured by this Deed of Trust after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.

10. The Trustee shall reconvey all or any part of the property covered by this Deed of Trust to the person entitled thereto, on written request of the Grantor(s) and the Beneficiary, or upon satisfaction of the obligation secured and written request for reconveyance made by the Beneficiary or the person entitled thereto.

11. Upon default by Grantor(s) in the payment of any indebtedness secured by this Deed of Trust or in the performance of any agreement contained in this Deed of Trust, all sums secured by this Deed of Trust shall immediately become due and payable at the option of the Beneficiary, subject to any cure period provided in the note secured by this Deed of Trust. In such event and upon written request of Beneficiary, Trustee shall sell the trust property, in accordance with the Deed of Trust Act of the State of Washington, at public auction to the highest bidder. Any person except Trustee may bid at Trustee's sale. Trustee shall apply the proceeds of the sale as follows: (1) to the expense of the sale, including a reasonable Trustee's fee and attorney's fee; (2) to the obligation secured by this Deed of Trust; and (3) the surplus, if any, shall be distributed to the persons entitled thereto.

## DEED OF TRUST
(Continued)

REQUEST FOR FULL RECONVEYANCE - Do not record. To be used only when note has been paid.

## TO: TRUSTEE

The undersigned is the legal owner and holder of the note and all other indebtedness secured by the within Deed of Trust. Said note, together with all other indebtedness secured by said Deed of Trust, has been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you thereunder.

Dated: _____          _____

                                                  _____

Acknowledgement in Representative Capacity

STATE OF Washington )
COUNTY OF Grays Harbor } ss

I certify that I know or have satisfactory evidence that Nathaniel Ludwig
(is/are) the person(s) who appeared before me, and said person(s) acknowledged that (he/she/they) signed this instrument, on oath stated
that (he/she/they) (is/are) authorized to execute the instrument and acknowledged it as the Member of
Sahkmic Enterprise 666 to be the free and voluntary act of such party(ies) for the uses and purposes mentioned in this instrument.

Dated: 12-15-2008

Debra A. Martin
Notary Public in and for the state of Washington
My appointment expires: June 12, 2010

Acknowledgement of Individual

STATE OF Washington

COUNTY OF Grays Harbor

I certify that I know or have satisfactory evidence that Nathaniel Ladwig and Gregory Ladwig (is/are) the person(s) who appeared before me, and said person(s) acknowledged that (he/she/they) signed this instrument and acknowledged it to be (his/her/their) free and voluntary act for the uses and purposes mentioned in this instrument.

Date: 12-15-2008

Deora A. Marten

Notary Public in and for the state of Washington

My appointment expires: June 12, 2010

## Exhibit A

**PARCEL 1:**
Lot 120, Block "D", Ocean Shores Division No. 1, as per plat recorded in Volume 8 of
Plats, page 47, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 2:**
Lot 253, Block "S", Ocean Shores Division No 1, as per plat recorded in Volume 8 of
Plats, page 47, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 3:**
Lot 514, Ocean Shores Division No. 2, as per plat recorded in Volume 8 of Plats, page 53,
records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 4:**
Lot 38, Ocean Shores Division No. 9, as per plat recorded in Volume 8 of Plats, page 106
and Ocean Shores Corrected Plat of Division No. 9, as per plat recorded in Volume 8 of
Plats, page 114, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 5:**
Lot 40, Ocean Shores Division No. 9, as per plat recorded in Volume 8 of Plats, page 106,
and Ocean Shores Corrected Plat of Division No. 9, as per plat recorded in Volume 8 of
Plats, page 114, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 6:**
Lot 278, Ocean Shores Division No. 14, as per plat recorded in Volume 8 of Plats, page
172, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 7:**
Lot 351, Ocean Shores Division No. 14, as per plat recorded in Volume 8 of Plats, page
172, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 8:**
Lot 488, Ocean Shores Division No. 14, as per plat recorded in Volume 8 of Plats, page
172, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 9:**
Lot 188, Ocean Shores Division No. 15, as per plat recorded in Volume 8 of Plats, page
141, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 10:**
Lot 4, Block 17, Ocean Shores Division No. 16, as per plat recorded in Volume 9 of Plats,
page 3, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 11:**
Lot 59, Block 8, Ocean Shores Division No. 17, as per plat recorded in Volume 9 of Plats,
page 34, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 12:**
Lot 3, Block 9, Ocean Shores Division No. 19-A, as per plat recorded in Volume 9 of Plats,
page 121, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 13:**
Lot 33, Block 9, Ocean Shores Division No. 19-A, as per plat recorded in Volume 9 of
Plats, page 121, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 14:**
Lot 9, Block 2, Bayview Estates, as per plat recorded in Volume 9 of Plats, page 103,
records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 15:**
Lot 10, Block 3, Bayview Estates, as per plat recorded in Volume 9 of Plats, page 103,
records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

# Exhibit F

# Note #3

# ORIGINAL

## COMMERCIAL PURPOSE PROMISSORY NOTE
### (INTEREST INCLUDED – DUE DATE)

**$500,000.00**     Ocean Shores, Washington     10/23/08

For Value received, Synergistic Enterprises, Inc., a Washington Corporation, promises to pay to Charles E. Utterback with payments sent to PO Box 2153 Ocean Shores, WA 98569 OR any other place as the holder may direct in writing the sum of $500,000.00 (Five Hundred Thousand 00/100 Dollars), with interest from 10/23/08, on unpaid principal balance at the rate of Twelve Percent (12.0000%) per annum; principal and interest payable in monthly installments of $6000.00 (Six Thousand 00/100 Dollars) or more at the maker's option beginning on 11/23/08 and continuing until 11/23/2011 on which day the balance of principal and interest shall be due and payable. Each payment shall be credited first on interest and the remainder on principal; and interest shall thereupon cease upon the principal so credited. Principal and interest payable in lawful money of the United States of America.

There shall be a late charge assessed whenever any payment specified above has not been received within Five (5) days of the date specified. This charge shall be Eight percent (8.0000%) of the payment due and shall be remitted by the maker in addition to the regular payment then due. At any time when a late charge has been assessed funds received shall be applied to any such late charges outstanding, and then to the interest owing, and finally to the outstanding principal balance.

If the imposition of a late charge results in a monthly payment less than the amount of interest accrued for a month, such accrued but unpaid interest will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note. In addition, in the event funds are not received for any particular month, the outstanding late charge, accrued but unpaid interest, and the trust funds requirements, if applicable, will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note.

In the event any payments required by this Promissory Note are not paid when due, or in the event maker violated any of the terms and conditions of the Deed of Trust securing this Promissory Note, then the whole of sum of both principal and interest shall become due at once without further notice at the option of the holder of this Note.

The default interest rate shall be at the rate of Eighteen Percent (18.0000%) per annum. For the purpose herein, default shall constitute any payments not made when due, including but not limited to regular monthly payments, final payment at maturity, real property taxes, fire or hazard insurance, and senior obligations.

When monies are advanced by beneficiaries such amounts will be added to the principal balance and default interest will be charged thereon.

On the final payment at maturity, the late charge shall be two percent (2%) of that payment if it has not been received within five (5) days of the date this Note is due. This late charge is assessed to cover the administrative costs associated with delinquency. It is not additional interest. If not paid, the two percent (2%) late charge will be added to the unpaid principal balance and will thereafter bear interest at the default interest rate provided on page 1.

If this Note shall be placed with an attorney for collection, or if suit shall be brought to collect any amounts due on this Note, maker promises to pay costs of said action, including a reasonable attorney's fee.

Presentation for payment, notice of dishonor, protest and notice of protest are hereby waived. Failure to exercise any right or option by holder shall not constitute a waiver of successive defaults by maker.

Maker executed this note as a Principal and not as a Surety.

This Promissory Note shall be construed and enforced in accordance with the law of the State of Washington and maker expressly agrees that venue of any action to construe or enforce this Note shall be laid in Grays Harbor County Washington.

<u>THIS NOTE IS FOR COMMERCIAL PURPOSES ONLY,
THE MAKER FURTHER REPRESENTS AND WARRANTS TO HOLDER
THAT NO PART OF THE PROCEEDS OF THIS LOAN IS TO BE
USED FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES OF ANY
PERSON, NOR FOR THE PURCHASE OF ANY CONSUMER GOODS.</u>

<u>Refer to Exhibits A, B & C for further terms and conditions. Any Exhibits attached hereto shall be incorporated herein by reference.</u>

### MAKERS

Synergistic Enterprises, Inc., a Washington Corporation

### PAYEES APPROVAL & ACCEPTANCE

BY: _____            Date __11/19/08__
      Nathaniel Lodwig, President

BY: _____            Date __11/19/08__
      Nathaniel Lodwig, Individually as co-maker and not as a surety

BY: _____            Date __11/19/68__
      Gregory Lodwig, individually as co-maker and not as a surety

## EXHIBIT "A"

1.  GRANTOR HEREBY ASSIGNS TO BENEFICIARY ANY AND ALL OF THE GRANTOR'S RIGHT, TITLE, AND INTEREST IN AND TO ANY LEASE OR LEASES UPON THE PREMISES LEGALLY DESCRIBED IN THE DEED OF TRUST WHICH SECURES THIS NOTE, AS ADDITIONAL SECURITY FOR THIS PERFORMANCE BY GRANTOR OR GRANTOR'S OBLIGATIONS HEREUNDER. THIS ASSIGNMENT SHALL BECOME EFFECTIVE UPON SERVICE BY BENEFICIARY OF ANY NOTICE OF DEFAULT IN THE MANNER BY LAW PROVIDED AND SHALL FULLY ENTITLE BENEFICIARY TO RECEIVE ANY RENTS PAID THEREUNDER.

2.  IF ALL OR ANY PART OF THE SUBJECT REAL PROPERTY, OR ANY INTEREST HEREIN, IS SOLD OR TRANSFERRED BY THE GRANTOR HEREIN, THEN BENEFICIARY RESERVES THE RIGHT TO DEMAND THE IMMEDIATE AND FULL PAYMENT OF THE THEN OUTSTANDING PRINCIPAL BALANCE.

3.  GRANTOR HEREIN AGREES TO PAY BALANCE IN FULL ON OR BEFORE 11/23/2011.

Synergistic Enterprises, Inc.

BY: _Nathaniel Lodwig_                    Date _11/19/08_
Nathaniel Lodwig, President

BY: _Nathaniel Lodwig_                    Date _11/19/08_
Nathaniel Lodwig, Individually as co-maker and not as a surety

BY: _Gregory Lodwig_                    Date _11/19/08_
Gregory Lodwig, Individually as co-maker and not as a surety

## EXHIBIT "B"
## BORROWER'S STATEMENT

Borrower Synergistic Enterprises, Inc., a Washington Corporation, (hereinafter "Borrower") desires to borrow a total amount of $500,000.00 (Five Hundred Thousand 00/100 Dollars) from Charles E. Utterback (hereinafter "Lender"). Borrower acknowledges that he has been advised that the interest rate provided for in this Promissory Note evidencing this loan, exceeds the lawful interest rates for consumer loans. Borrower further acknowledges that this loan in not a consumer loan, but is a loan for business and commercial purposes, and therefore, is exempt from the statues of the State of Washington which govern usury. Borrower specifically states and alleges that this loan is for the purpose of use in the Borrower's PROPERTY INVESTMENT Business. Lender relied on the representations of Borrower in making the subject loan. If not for the business nature of this loan, Lender would not be involved in this transaction.

Synergistic Enterprises, Inc., A Washington Corporation

BY: _____          Date _11/19/08_
Nathaniel Lodwig, President

BY: _____          Date _11/19/08_
Nathaniel Lodwig, Individually as a co-maker and not a surety

BY: _____          Date _11/19/08_
Gregory Lodwig, Individually as co-maker and not as a surety

## EXHIBIT "C"

| COMMON ADDRESS | LEGAL DESC. | | | TAX PARCEL # | RELEASE |
|---|---|---|---|---|---|
| 917 Pt. Brown Ave | Div 14 | | Lot 41 | 092700004100 | $17,000.00 |
| 919 Pt. Brown Ave SW | Div 14 | | Lot 42 | 092700004200 | 17,500.00 |
| 392 Marine View Dr. | Div 16 | Blk 7 | Lot 15 | 093100701500 | 30,000.00 |
| 915 Pt. Brown Ave SW | Div 14 | | Lot 40 | 092700004000 | 15,000.00 |
| 542 Ocean Shores Blvd SW | Div 8 | | Lot 100 | 091700010000 | 18,000.00 |
| 844 Pt. Brown Ave | Div 12 | | Lot 12 | 092500001200 | 70,000.00 |
| 1357 Delta Ct | Div 19 | Blk 2 | Lot 46 | 093900204600 | 18,000.00 |
| 473 Hilo Ct | Div 19A | Blk 4 | Lot 4 | 094100400400 | 18,000.00 |
| 640 Ocean Shores Blvd SW | Div 10 | | Lot 47 | 092100004700 | 20,000.00 |
| 958 Wawona | Div 20 | Blk 2 | Lot 35 | 094300203500 | 20,000.00 |
| 464 Sextans Ave SW | Div 4 | | Lot 373 | 090700037300 | 16,000.00 |
| 164 S. Port Lp SW | Div 4 | | Lot 717 | 090700071700 | 15,000.00 |
| 252 Calawah St. | Div 8 | | Lot 277 | 091700027700 | 15,000.00 |
| 132 Calawah St. | Div 8 | | Lot 301 | 091700030100 | 15,000.00 |
| 210 S. Wynoochee Dr. | Div 11 | | Lot 334 | 092300033400 | 15,000.00 |
| 151 Seagate St. | Div 11 | | Lot 701 | 092300070100 | 15,000.00 |
| 804 Anchor Ave | Div 1 | Blk D | Lot 84 | 090100408400 | 20,000.00 |
| 269 Ensign Ave NW | Div 2 | | Lot 486 | 090300048600 | 16,000.00 |
| 165 S. Narwhal Lp SW | Div 4 | | Lot 603 | 090700060300 | 16,000.00 |
| 131 S. Razor Clam Dr. | Div 11 | | Lot 668 | 092300066800 | 16,000.00 |
| 129 Seagate St. | Div 11 | | Lot 710 | 092300071000 | 16,000.00 |
| 252 N. Wynoochee Dr. SW | Div 8 | | Lot 179 | 091700017900 | 18,000.00 |
| 198 Cakesosta St. SE | Div 9 | | Lot 410 | 091900041000 | 22,000.00 |
| 213 N. Wynoochee Dr. SW | Div 10 | | Lot 128 | 092100012800 | 18,000.00 |
| 1036 Brentwood Pl. | Div 17 | Blk 4 | Lot 13 | 093300401300 | 16,000.00 |
| 443 S. Port Lp | Div 19A | Blk 7 | Lot 9 | 094100700900 | 16,000.00 |
| 1428 Sand Pebble Ave | Div 19A | Blk 10 | Lot 36 | 094101003600 | 20,000.00 |
| 341 Redwood Ct. SE | Div 22 | Blk 8 | Lot 8 | 094700800800 | 22,000.00 |

**THIS LOAN OF $500,000.00 IS SECURED BY EIGHT (8) SEPARATE DEEDS OF TRUST RECORDED AT VARIOUS DATES.**

Synergistic Enterprises, Inc.

BY: _Nathaniel Lodwig_     Date _11/19/08_
    Nathaniel Lodwig, President

BY: _Nathaniel Lodwig_     Date _11/19/08_
    Nathaniel Lodwig, Individually as co-maker and not as a surety

BY: _Gregory Lodwig_     Date _11/19/08_
    Gregory Lodwig, Individually as co-maker and not as a surety

# Exhibit G

# Note #4



COPY

### COMMERCIAL PURPOSE PROMISSORY NOTE
### (INTEREST INCLUDED – DUE DATE)

$ 47,500.00      . Ocean Shores, Washington     12/31/07

For Value received, Synergistic Enterprises Inc., A Washington Corporatioi promises to pay to Charles E. Utterback with payments sent to P.O. Box 2153 Ocea Shores, WA 98569 OR any other place as the holder may direct in writing the sum ( $47,500.00 (Forty Seven Thousand Five Hundred 00/100 Dollars), with interest from 12/31/07, on unpaid principal balance at the rate of 12.00% (Twelve percent) per annum; principal and interest payable in monthly installments of $ 950.00 (Nine Hundred Fifty Dollars 00/100) or more at the maker's option beginning on 02/23/08 and continuing until 01/23/09 on which day the balance of principal and interest shall be due and payable. Each payment shall be credited first on interest and the remainder on principal; and interest shall thereupon cease upon the principal so credited. Principal and interest payable in lawful money of the United States of America.

There shall be a late charge assessed whenever any payment specified above has not been received within (5) days of the date specified. This charge shall be Six percent (6.00%) of the payment due and shall be remitted by the maker in addition to the regular payment then due. At any time when a late charge has been assessed funds received shall be applied first to any such late charges outstanding, and then to the interest owing, and finally to the outstanding principal balance.

If the imposition of a late charge results in a monthly payment less than the amount of interest accrued for a month, such accrued but unpaid interest will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note. In addition, in the event funds are not received for any particular month, the outstanding late charge, accrued but unpaid interest, and the trust funds requirements, if applicable, will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note.

In the event any payments required by this Promissory Note are not paid when due, or in the event maker violated any of the terms and conditions of the Deed of Trust securing this Promissory Note, then the whole sum of both principal and interest shall become due at once without further notice at the option of the holder of this Note.

The default interest rate shall be at the rate of 18.00% per annum. For the purposes herein, default shall constitute any payments not made when due, including but not limited to regular monthly payments, final payment at maturity, real property taxes, fire or hazard insurance, and senior obligations.

When monies are advanced by beneficiaries such amounts will be added to the principal balance and default interest will be charged thereon.

On the final payment at maturity, the late charge shall be two percent (2%) of that payment if it has not been received within five (5) days of the date this Note is due. This late charge is assessed to cover the administration costs associated with delinquency. It is not additional interest. If not paid, the two percent (2%) late charge will be added to the unpaid principal balance and will thereafter bear interest at the default interest rate provided on page 1.

If this Note shall be placed with an attorney for collection, or if suit shall be brought to collect any amounts due on this Note, maker promises to pay costs of said action, including a reasonable attorney's fee.

Presentation for payment, notice of dishonor, protest and notice of protest are hereby waived. Failure to exercise any right or option by holder shall not constitute a waiver of successive defaults by maker.

Maker executed this note as a Principal and not as a Surety.

This Promissory Note shall be construed and enforced in accordance with the law of the State of Washington and maker expressly agrees that venue of any action to construe or enforce this Note shall be laid in Grays Harbor County, Washington.

THIS NOTE IS FOR COMMERCIAL PURPOSES ONLY.
THE MAKER FURTHER REPRESENTS AND WARRANTS TO HOLDER
THAT NO PART OF THE PROCEEDS OF THIS LOAN IS TO BE
USED FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES OF ANY
PERSON, NOR FOR THE PURCHASE OF ANY CONSUMER GOODS.

Refer to Exhibits A & B for further terms and conditions. Any Exhibits attached hereto shall be incorporated herein by reference.

MAKERS

Synergistic Enterprises Inc., A Washington Corporation

PAYEES APPROVAL & ACCEPTANCE

Synergistic Enterprises Inc. A Washington Corporation

BY: _____                    _12/20/07_
    Nathaniel Lodwig, President                      DATE

BY: _____
    Nathaniel Lodwig, Individually as a co-maker and not as a surety

## EXHIBIT "A"

1. GRANTOR HEREBY ASSIGNS TO BENEFICIARY ANY AND ALL OF THE GRANTOR'S RIGHT, TITLE, AND INTEREST IN AND TO ANY LEASE OR LEASES UPON THE PREMISES LEGALLY DESCRIBED IN THE DEED OF TRUST WHICH SECURES THIS NOTE, AS ADDITIONAL SECURITY FOR THIS PERFORMANCE BY GRANTOR OR GRANTOR'S OBLIGATIONS HEREUNDER. THIS ASSIGNMENT SHALL BECOME EFFECTIVE UPON SERVICE BY BENEFICIARY OF ANY NOTICE OF DEFAULT IN THE MANNER BY LAW PROVIDED AND SHALL FULLY ENTITLE BENEFICIARY TO RECEIVE ANY RENTS PAID THEREUNDER.

2. IF ALL OR ANY PART OF THE SUBJECT REAL PROPERTY, OR ANY INTEREST HEREIN, IS SOLD OR TRANSFERRED BY THE GRANTOR HEREIN, THEN BENEFICIARY RESERVES THE RIGHT TO DEMAND THE IMMEDIATE AND FULL PAYMENT OF THE THEN OUTSTANDING PRINCIPAL BALANCE.

3. GRANTOR HEREIN AGREES TO PAY BALANCE IN FULL ON OR BEFORE 01/23/09

Synergistic Enterprises Inc. A Washington Corporation

BY: _____
    Nathaniel Lodwig, President

DATE _____1/20/67_____

BY: _____
    Nathaniel Lodwig, Individually as a co-maker and not as a surety

## EXHIBIT "B"
## BORROWER'S STATEMENT

Borrower Synergistic Enterprises Inc., A Washington Corporation., (hereinafter "Borrower") desires to borrow a total amount of $47,500.00 (Forty Seven Thousand Five Hundred 00/100 Dollars) from Charles E. Utterback (hereinafter "Lender"). Borrower acknowledges that he has been advised that the interest rate provided for in this Promissory Note evidencing this loan, exceeds the lawful interest rates for consumer loans. Borrower further acknowledges that this loan is not a consumer loan, but is a loan for business and commercial purposes, and therefore, is exempt from the statutes of the State of Washington which govern usury. Borrower specifically states and alleges that this loan is for the purpose of use in the Borrower's re-investment of other properties. Lender relied on the representations of Borrower in making the subject loan. If not for the business nature of this loan, Lender would not be involved with this transaction.

Synergistic Enterprises Inc. A Washington Corporation

BY: _____
Nathaniel Lodwig, President

_12/20/07_
DATE

BY: _____
Nathaniel Lodwig, Individually as a co-maker and not as a surety

## RELEASE CLAUSE

For Payment of $17,500.00 the Beneficiary agrees to release the lot located at 919 Point Brown Ave. SW.
For Payment of $30,000.00 the Beneficiary agrees to release the lot located at 392 Marine View Dr.

# Exhibit H

# DOT #4

When recorded return to:

Charles E. Utterback
P.O. Box 2153
Ocean Shores, WA 98569

**CONFORMED
COPY**

---

# DEED OF TRUST
### (For use in the State of Washington only)

Escrow No.: P121107-01
Title Order No.: A-159465

THIS DEED OF TRUST, made this 31st day of December, 2007, between

Synergistic Enterprises Inc., A Washington Corporation

as GRANTOR(S)
whose street address is PO Box 173, Montesano, WA 98563

and

Andrews Legal Services

as TRUSTEE
whose street address is 560 Point Brown Ave. NE, Ocean Shores, WA 98569

and

Charles E. Utterback

BENEFICIARY, whose street address is P.O. Box 2153, Ocean Shores, WA 98569.
WITNESSETH: Grantor(s) hereby bargain(s), sell(s), and convey(s) to Trustee in trust, with power of sale, the following described real property in Grays Harbor , Washington:

Lot 42, Ocean Shores Division No. 14, as per plat recorded in Volume 8 of Plats, page 172, records of Grays Harbor County;

Lot 16, Block 7, Ocean Shores Division No. 16, as per plat recorded in Volume 9 of Plats, page 105, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington:

Preliminary estimated assessment in an unknown amount for street improvement under Street LID No. 2007-1.

Subject to future assessments, if any, of Ocean Shores Community Club, Inc. as disclosed by the Claim of Lien recorded October 16, 1970, under Auditor's File No. 239143, Volume 61 of General page 635.

Subject to the provisions of the Amended and Restated Articles of Incorporation and the Amended and Restated By-Laws of Ocean Shores Community Club, Inc., or as may be amended and of these covenants, including but not limited to all of the dues and assessments

Subject to the restrictive covenants and amendments thereto, slope rights and easements appearing on the face of the Plat.

Subject to Reservations contained in instrument recorded June, 20, 1960, File No. 64580, Volume 403 of Deed, page 339, Reserving all oil and mineral rights and amendment to Reservation, recorded February 17, 1967, File No. 182488 to provide reasonable compensation for any damage to surface rights per agreement.

COMMON ADDRESS: 919 POINT BROWN AVE SW AND 392 MARINE VIEW DR.

Tax Parcel Number(s): 092700004200-093100701500

which real property is not used principally for agricultural purposes, together with all the tenements,

2007-12310887    12/31/2007 10:07 AM    DTRUST
Page 1 of 5   R 48.00    Grays Harbor Co, WA
GRAYS HARBOR TITLE
CONFORMED COPY

## DEED OF TRUST
(Continued)

STATE OF Washington

COUNTY OF Grays Harbor

I, ___Jo Ann Lyons___ , a Notary Public of the County and State first above written, do hereby certify that Nathaniel Lodwig, Individually and Nathaniel Lodwig, President of Synergistic Enterprises Inc., A Washington Corporation  personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal, this the _20_ day of December, 2007.

_____
Notary Public

My Commission Expires:  5-9-11

(SEAL)



2007-12310087     12/31/2007 10:07 AM
Page 4 of 8    R 46.00    Grays Harbor Co, WA    DTRUST
GRAYS HARBOR TITLE
CONFORMED COPY

## DEED OF TRUST
(Continued)

REQUEST FOR FULL RECONVEYANCE - Do not record. To be used only when note has been paid.

TO: TRUSTEE

The undersigned is the legal owner and holder of the note and all other indebtedness secured by the within Deed of Trust. Said note, together with all other indebtedness secured by said Deed of Trust, has been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you thereunder.

Dated: _____        _____

_____

LPB 22A-06(I)-I

## DEED OF TRUST
(Continued)

## EXHIBIT "A"

For Payment of $17,500.00 the Beneficiary agrees to release the lot located at 919 Point Brown Ave. SW. For payment of $30,000.00 the Beneficiary agrees to release the lot located at 392 Marine View Dr.

2007-12310807    12/31/2007 10:07 AM    DTRUST
Page 8 of 6    R 40.00    Grays Harbor Co, WA
GRAYS HARBOR TITLE
CONFORMED COPY

# Exhibit I

# Note #5



## COMMERCIAL PURPOSE PROMISSORY NOTE
### (INTEREST INCLUDED – DUE DATE)

$ 50,000.00        Ocean Shores, Washington        01/23/08

For Value received, Synergistic Enterprise Inc, a Washington Corporation, promises to pay to Charles E. Utterback with payments sent to P.O. Box 2153 Ocean Shores, WA 98569 OR any other place as the holder may direct in writing the sum of $50,000.00 (Fifty Thousand 00/100 Dollars), with interest from 01/23/08, on unpaid principal balance at the rate of 12.00% (Twelve percent) per annum; principal and interest payable in monthly installments of $ 1,000.00 (One Thousand 00/100 Dollars) or more at the maker's option beginning on 02/23/08 and continuing until 01/23/09 on which day the balance of principal and interest shall be due and payable. Each payment shall be credited first on interest and the remainder on principal; and interest shall thereupon cease upon the principal so credited. Principal and interest payable in lawful money of the United States of America.

There shall be a late charge assessed whenever any payment specified above has not been received within (5) days of the date specified. This charge shall be Six percent (6.00%) of the payment due and shall be remitted by the maker in addition to the regular payment then due. At any time when a late charge has been assessed funds received shall be applied first to any such late charges outstanding, and then to the interest owing, and finally to the outstanding principal balance.

If the imposition of a late charge results in a monthly payment less than the amount of interest accrued for a month, such accrued but unpaid interest will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note. In addition, in the event funds are not received for any particular month, the outstanding late charge, accrued but unpaid interest, and the trust funds requirements, if applicable, will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note.

In the event any payments required by this Promissory Note are not paid when due, or in the event maker violated any of the terms and conditions of the Deed of Trust securing this Promissory Note, then the whole sum of both principal and interest shall become due at once without further notice at the option of the holder of this Note.

The default interest rate shall be at the rate of Eighteen Percent (18.00%) per annum. For the purposes herein, default shall constitute any payments not made when due, including but not limited to regular monthly payments, final payment at maturity, real property taxes, fire or hazard insurance, and senior obligations.

When monies are advanced by beneficiaries such amounts will be added to the principal balance and default interest will be charged thereon.

On the final payment at maturity, the late charge shall be two percent (2.00%) of that payment if it has not been received within five (5) days of the date this Note is due. This late charge is assessed to cover the administration costs associated with delinquency. It is not additional interest. If not paid, the two percent (2.00%) late charge will be added to the unpaid principal balance and will thereafter bear interest at the default interest rate provided on page 1.

If this Note shall be placed with an attorney for collection, or if suit shall be brought to collect any amounts due on this Note, maker promises to pay costs of said action, including a reasonable attorney's fee.

Presentation for payment, notice of dishonor, protest and notice of protest are hereby waived. Failure to exercise any right or option by holder shall not constitute a waiver of successive defaults by maker.

Maker executed this note as a Principal and not as a Surety.

This Promissory Note shall be construed and enforced in accordance with the law of the State of Washington and maker expressly agrees that venue of any action to construe or enforce this Note shall be laid in Grays Harbor County, Washington.

<u>THIS NOTE IS FOR COMMERCIAL PURPOSES ONLY.
THE MAKER FURTHER REPRESENTS AND WARRANTS TO HOLDER
THAT NO PART OF THE PROCEEDS OF THIS LOAN IS TO BE
USED FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES OF ANY
PERSON, NOR FOR THE PURCHASE OF ANY CONSUMER GOODS.</u>

<u>Refer to Exhibits A & B for further terms and conditions. Any Exhibits attached hereto shall be incorporated herein by reference.</u>

<u>MAKERS</u>

Synergistic Enterprise Inc, a Washington Corporation

## PAYEES APPROVAL & ACCEPTANCE

Synergistic Enterprise Inc, a Washington Corporation

BY: _____                          Date 1/23/09
    Nathaniel Lodwig, President

By: _____                          Date 1/23/09
    Nathaniel Lodwig, Individually as a surety and not as a surety.

EXHIBIT "A"

1.    GRANTOR HEREBY ASSIGNS TO BENEFICIARY ANY AND ALL OF THE
      GRANTOR'S RIGHT, TITLE, AND INTEREST IN AND TO ANY LEASE OR
      LEASES UPON THE PREMISES LEGALLY DESCRIBED IN THE DEED OF
      TRUST WHICH SECURES THIS NOTE, AS ADDITIONAL SECURITY FOR THIS
      PERFORMANCE BY GRANTOR OR GRANTOR'S OBLIGATIONS HEREUNDER.
      THIS ASSIGNMENT SHALL BECOME EFFECTIVE UPON SERVICE BY
      BENEFICIARY OF ANY NOTICE OF DEFAULT IN THE MANNER BY LAW
      PROVIDED AND SHALL FULLY ENTITLE BENEFICIARY TO RECEIVE ANY
      RENTS PAID THEREUNDER.

2.    IF ALL OR ANY PART OF THE SUBJECT REAL PROPERTY, OR ANY INTEREST
      HEREIN, IS SOLD OR TRANSFERRED BY THE GRANTOR HEREIN, THEN
      BENEFICIARY RESERVES THE RIGHT TO DEMAND THE IMMEDIATE AND
      FULL PAYMENT OF THE THEN OUTSTANDING PRINCIPAL BALANCE.

3.    GRANTOR HEREIN AGREES TO PAY BALANCE IN FULL ON OR BEFORE
      01/23/09


Synergistic Enterprise Inc, a Washington Corporation

BY: _____                    Date _1/23/08_
      Nathaniel Lodwig, President)

By: _____                    Date _1/27/08_
      Nathaniel Lodwig, Individually as a surety and not as a surety.

## EXHIBIT "B"
## BORROWER'S STATEMENT

Borrower Synergistic Enterprise Inc, a Washington Corporation., (hereinafter "Borrower") desires to borrow a total amount of $50,000.00 (Fifty Thousand 00/100 Dollars) from Charles E. Utterback (hereinafter "Lender"). Borrower acknowledges that he has been advised that the interest rate provided for in this Promissory Note evidencing this loan, exceeds the lawful interest rates for consumer loans. Borrower further acknowledges that this loan is not a consumer loan, but is a loan for business and commercial purposes, and therefore, is exempt from the statutes of the State of Washington which govern usury. Borrower specifically states and alleges that this loan is for the purpose of use in the Borrower's re-investment in properties. Lender relied on the representations of Borrower in making the subject loan. If not for the business nature of this loan, Lender would not be involved with this transaction.

Synergistic Enterprise Inc, a Washington Corporation

BY: _____                              Date 1/23/08
Nathaniel Lodwig, President

By: _____                              Date 1/23/08
Nathaniel Lodwig, Individually as a surety and not as a surety.

# Exhibit J

# DOT #5

When recorded return to:

Charles E. Utterback
P.O. Box 2153
Ocean Shores, WA 98569

CONFORMED
COPY

# DEED OF TRUST
*(For use in the State of Washington only)*

Escrow No.: P113007-02
Title Order No.: A159376

THIS DEED OF TRUST, made this 25th day of January, 2008, between

Synergistic Enterprise Inc, a Washington Corporation

as GRANTOR(S)
whose street address is PO Box 173, Montesano, WA 98563

and

Andrews Legal Services, PLLC

as TRUSTEE
whose street address is P.O. Box 2068/560 Point Brown Ave. NE, Ocean Shores, WA 98569

and

Charles E. Utterback

BENEFICIARY, whose street address is P.O. Box 2153, Ocean Shores, WA 98569.
WITNESSETH: Grantor(s) hereby bargain(s), sell(s), and convey(s) to Trustee in trust, with power of sale, the following described real property in Grays Harbor , Washington:

See attached Exhibit A for full Legal Description

Parcel No's: 093301005300, 093301005400, and 092700004100

Lots 53 & 54, Block 10, Ocean Shores Division No. 17
Lot 41, Ocean Shores Division No. 14

COMMON ADDRESS: 1065 FAIRWOOD DR. SW, OCEAN SHORES, WA -Sold
1067 FAIRWOOD DR. SW, OCEAN SHORES, WA -Sold
917 PT BROWN AVE. SW, OCEAN SHORES, WA

Tax Parcel Number(s):  SEE LEGAL DESCRIPTION

which real property is not used principally for agricultural purposes, together with all the tenements, hereditaments, and appurtenances now or hereafter belonging or in any way appertaining, and the rents, issues, and profits, of the property.

This Deed of Trust is for the purpose of securing performance of each agreement of Grantor(s) contained in this Deed of Trust, and payment of the sum of Fifty Thousand and 00/100 Dollars ($50,000.00) with interest, in accordance with the terms of a promissory note of even date herewith, payable to Beneficiary or order, and made by the Grantor(s), and all renewals, modifications, and extensions of the note, and also such further sums as may be advanced or loaned by Beneficiary to Grantor(s), or any of the Grantor(s)' successors or assigns, together with interest thereon at the rate agreed upon.

DUE DATE: The entire balance of the promissory note secured by this Deed of Trust, together with any and all interest accrued thereon, shall be due and payable in full on January 23, 2009.

To protect the security of this Deed of Trust, Grantor(s) covenant(s) and agree(s):

1.   To keep the property in good condition and repair; to permit no waste of the property; to complete

LPB 22A-05(i)-l

2008-01250089      01/25/2008 03:15 PM      DTRUST
Page 1 of 5      R 46.00      Grays Harbor Co, WA
GRAYS HARBOR TITLE

# DEED OF TRUST
### (Continued)

any building, structure, or improvement being built or about to be built on the property; to restore promptly any building, structure, or improvement being built or about or about to be built on the property which may be damaged or destroyed; and to comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the property.

2. To pay before delinquent all lawful taxes and assessments upon the property; to keep the property free and clear of all other charges, liens, or encumbrances impairing the security of this Deed of Trust.

3. To keep all buildings now or hereafter erected on the property continuously insured against loss by fire or other hazards in an amount not less than the total debt secured by this Deed of Trust. All policies shall be held by the Beneficiary, and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary shall determine. Such application by the Beneficiary shall not cause discontinuance of any proceedings to foreclose this Deed of Trust. In the event of a foreclosure, all rights of the Grantor(s) in insurance policies then in force shall pass to the purchaser at the foreclosure sale.

4. To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of title search, and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

5. To pay all costs, fees, and expenses in connection with this Deed of Trust, including the expenses of the Trustee incurred in enforcing the obligation secured by this Deed of Trust and Trustee's and attorney's fees actually incurred, as provided by statute.

6. Should Grantor(s) fail to pay when due any taxes, assessments, insurance premiums, liens, encumbrances, or other charges against the property, Beneficiary may pay the same, and the amount so paid, with interest at the rate set forth in the note secured by this Deed of Trust, shall be added to and become a part of the debt secured in this Deed of Trust.

7. DUE ON SALE: (OPTIONAL – not applicable unless initialed by Grantor and Beneficiary) The property described in this security instrument may not be sold or transferred without the Beneficiary's consent. Upon breach of this provision, Beneficiary may declare all sums due under the note and end of Trust immediately due and payable, unless prohibited by applicable law.

Grantor (Initials) _____     Beneficiary (Initials) _____

## IT IS MUTUALLY AGREED THAT:

8. In the event that any portion of the property is taken or damage in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy in the event any portion of the property is taken or damaged in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the obligation secured by this Deed of Trust shall be paid to Beneficiary to be applied to said obligation.

9. By accepting payment of any sum secured by this Deed of Trust after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

10. The Trustee shall reconvey all or any part of the property covered by this Deed of Trust to the person entitled thereto, on written request of the Grantor(s) and the Beneficiary, or upon satisfaction of the obligation secured and written request for reconveyance made by the Beneficiary or the person entitled thereto.

11. Upon default by Grantor(s) in the payment of any indebtedness secured by this Deed of Trust or in the performance of any agreement contained in this Deed of Trust, all sums secured by this Deed of Trust shall immediately become due and payable at the option of the Beneficiary, subject to any cure period provided in the note secured by this Deed of Trust. In such event and upon written request of Beneficiary, Trustee shall sell the trust property, in accordance with the Deed of Trust Act of the State of Washington, at public auction to the highest bidder. Any person except Trustee may bid at Trustee's sale. Trustee shall apply the proceeds of the sale as follows: (1) to the expense of the sale, including a reasonable Trustee's fee and attorney's fee; (2) to the obligation secured by this Deed of Trust; and (3) the surplus, if any, shall be distributed to the persons entitled thereto.

## DEED OF TRUST
(Continued)

12. Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser all right, title and interest in the real and personal property which Grantor(s) had or had the power to convey at the time of the execution of this Deed of Trust, and such as Grantor(s) may have acquired thereafter. Trustee's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Deed of Trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchaser and encumbrancers for value.

13. The power of sale conferred by this Deed of Trust and by the Deed of Trust Act of the State of Washington is not an exclusive remedy; Beneficiary may cause this Deed of Trust to be foreclosed as a mortgage.

14. In the event of the absence, death, incapacity, disability, or resignation of Trustee, or at the discretion of the Beneficiary, Beneficiary may appoint in writing a successor trustee, and upon the recording of such appointment in the mortgage records of the county in which this Deed of Trust is recorded, the successor trustee shall be vested with all powers of the original trustee. The trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of an action or proceeding in which Grantor(s), Trustee, or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee.

15. This Deed of Trust applies to, inures to the benefit of, and is binding not only on the parties hereto, but on his/her/their heirs, devisees, legatees, administrators, executors, and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby, whether or not named as Beneficiary herein.

16. ADDITIONAL TERMS AND CONDITIONS: (check one)

    a.  ( )  NONE

    OR

    b.  (X)  As set forth on the attached "Exhibit B" which is incorporated by this reference.

        (Note: If neither a nor b is checked, then option "a" applies)

Dated: 1/25/2008

Synergistic Enterprise Inc, a Washington
Corporation

BY: _Nathaniel Lodwig_
Nathaniel Lodwig, President

By: _Nathaniel Lodwig_
Nathaniel Lodwig, Individually as a surety and not
as a surety.

STATE OF WASHINGTON

COUNTY OF Grays Harbor

I, __Jo Ann Lyons__ , a Notary Public of the County and State first above written, do hereby certify that Nathaniel Lodwig, President of Synergistic Enterprise Inc., A Washington Corporation and Nathaniel Lodwig, Individually personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal, this the 25 day of January, 2008.

_Jo Ann Lyons_
Notary Public

My Commission Expires: 5-09-11

(SEAL)

LPB 22A-05(i)-I

2008-01250889   01/29/2008 03:15 PM   DTRUST
Page 3 of 8   R 48 00   Grays Harbor Co, WA
GRAYS HARBOR TITLE

## DEED OF TRUST
(Continued)

REQUEST FOR FULL RECONVEYANCE - Do not record. To be used only when note has been paid.

TO: TRUSTEE

The undersigned is the legal owner and holder of the note and all other indebtedness secured by the within Deed of Trust. Said note, together with all other indebtedness secured by said Deed of Trust, has been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you thereunder.

Dated: _____      _____

                                             _____

LPB 22A-05(i-i

**DEED OF TRUST**
(Continued)

## EXHIBIT "B"

The Beneficiary agrees to release the lot located at 917 Pt. Brown Ave. SW for the payment of $17,000.00, the lot located at 1067 Farlwood Dr. SW for $17,000.00 and the lot located at 1065 Farlwood Dr. SW for $16,000.00.

## PARCEL A:

Lot 53, Block 10, Ocean Shores Division No. 17, as per plat recorded
in Volume 9 of Plats, page 34, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

## PARCEL B:

Lot 54, Block 10, Ocean Shores Division No. 17, as per plat recorded
in Volume 9 of Plats, page 34, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

## PARCEL C:

Lot 41, Ocean Shores Division No. 14, as per plat recorded in Volume 8
of Plats, pages 172 and 178, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

)                          )

# Exhibit K

# Note #6



## COMMERCIAL PURPOSE PROMISSORY NOTE
### (INTEREST INCLUDED – DUE DATE)

$ 30,000.00          Ocean Shores, Washington          01/31/08

For Value received, Synergistic Enterprises Inc, a Washington Corporation, promises to pay to Charles E. Utterback with payments sent to P.O. Box 2153 Ocean Shores, WA 98569 OR any other place as the holder may direct in writing the sum of $30,000.00 (Thirty Thousand 00/100 Dollars), with interest from 01/31/08, on unpaid principal balance at the rate of 12.00% (Twelve percent) per annum; principal and interest payable in monthly installments of $ 600.00 (Six Hundred 00/100 Dollars) or more at the maker's option beginning on 03/23/2008 and continuing until 01/23/09 on which day the balance of principal and interest shall be due and payable. Each payment shall be credited first on interest and the remainder on principal; and interest shall thereupon cease upon the principal so credited. Principal and interest payable in lawful money of the United States of America.

There shall be a late charge assessed whenever any payment specified above has not been received within (5) days of the date specified. This charge shall be Six percent (6.00%) of the payment due and shall be remitted by the maker in addition to the regular payment then due. At any time when a late charge has been assessed funds received shall be applied first to any such late charges outstanding, and then to the interest owing, and finally to the outstanding principal balance.

If the imposition of a late charge results in a monthly payment less than the amount of interest accrued for a month, such accrued but unpaid interest will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note. In addition, in the event funds are not received for any particular month, the outstanding late charge, accrued but unpaid interest, and the trust funds requirements, if applicable, will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note.

In the event any payments required by this Promissory Note are not paid when due, or in the event maker violated any of the terms and conditions of the Deed of Trust securing this Promissory Note, then the whole sum of both principal and interest shall become due at once without further notice at the option of the holder of this Note.

The default interest rate shall be at the rate of Eighteen Percent (18.00%) per annum. For the purposes herein, default shall constitute any payments not made when due, including but not limited to regular monthly payments, final payment at maturity, real property taxes, fire or hazard insurance, and senior obligations.

When monies are advanced by beneficiaries such amounts will be added to the principal balance and default interest will be charged thereon.

On the final payment at maturity, the late charge shall be two percent (2.00%) of that payment if it has not been received within five (5) days of the date this Note is due. This late charge is assessed to cover the administration costs associated with delinquency. It is not additional interest. If not paid, the two percent (2.00%) late charge will be added to the unpaid principal balance and will thereafter bear interest at the default interest rate provided on page 1.

If this Note shall be placed with an attorney for collection, or if suit shall be brought to collect any amounts due on this Note, maker promises to pay costs of said action, including a reasonable attorney's fee.

Presentation for payment, notice of dishonor, protest and notice of protest are hereby waived. Failure to exercise any right or option by holder shall not constitute a waiver of successive defaults by maker.

Maker executed this note as a Principal and not as a Surety.

This Promissory Note shall be construed and enforced in accordance with the law of the State of Washington and maker expressly agrees that venue of any action to construe or enforce this Note shall be laid in Grays Harbor County, Washington.

<u>THIS NOTE IS FOR COMMERCIAL PURPOSES ONLY.
THE MAKER FURTHER REPRESENTS AND WARRANTS TO HOLDER
THAT NO PART OF THE PROCEEDS OF THIS LOAN IS TO BE
USED FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES OF ANY
PERSON, NOR FOR THE PURCHASE OF ANY CONSUMER GOODS.</u>

<u>Refer to Exhibits A & B for further terms and conditions. Any Exhibits attached hereto shall be incorporated herein by reference.</u>

<u>MAKERS</u>

Synergistic Enterprises Inc, a Washington Corporation

### PAYEES APPROVAL & ACCEPTANCE

Synergistic Enterprises Inc

BY: _____     DATE  1/23/09
Nathaniel Lodwig, President

BY: _____     DATE 1/23/09
Nathaniel Lodwig, Individually as a co-maker and not as a surety

### EXHIBIT "A"

1.  GRANTOR HEREBY ASSIGNS TO BENEFICIARY ANY AND ALL OF THE
    GRANTOR'S RIGHT, TITLE, AND INTEREST IN AND TO ANY LEASE OR
    LEASES UPON THE PREMISES LEGALLY DESCRIBED IN THE DEED OF
    TRUST WHICH SECURES THIS NOTE, AS ADDITIONAL SECURITY FOR THIS
    PERFORMANCE BY GRANTOR OR GRANTOR'S OBLIGATIONS HEREUNDER.
    THIS ASSIGNMENT SHALL BECOME EFFECTIVE UPON SERVICE BY
    BENEFICIARY OF ANY NOTICE OF DEFAULT IN THE MANNER BY LAW
    PROVIDED AND SHALL FULLY ENTITLE BENEFICIARY TO RECEIVE ANY
    RENTS PAID THEREUNDER.

2.  IF ALL OR ANY PART OF THE SUBJECT REAL PROPERTY, OR ANY INTEREST
    HEREIN, IS SOLD OR TRANSFERRED BY THE GRANTOR HEREIN, THEN
    BENEFICIARY RESERVES THE RIGHT TO DEMAND THE IMMEDIATE AND
    FULL PAYMENT OF THE THEN OUTSTANDING PRINCIPAL BALANCE.

3.  GRANTOR HEREIN AGREES TO PAY BALANCE IN FULL ON OR BEFORE
    02/23/09

Synergistic Enterprises Inc

BY: _____          DATE _1/23/08_
    Nathaniel Lodwig, President

BY: _____          DATE _1/27/0?_
    Nathaniel Lodwig, Individually as a co-maker and not as a surety

## EXHIBIT "B"
## BORROWER'S STATEMENT

Borrower Synergistic Enterprises Inc, a Washington Corporation., (hereinafter "Borrower") desires to borrow a total amount of $30,000.00 (Thirty Thousand 00/100 Dollars) from Charles E. Utterback (hereinafter "Lender"). Borrower acknowledges that he has been advised that the interest rate provided for in this Promissory Note evidencing this loan, exceeds the lawful interest rates for consumer loans. Borrower further acknowledges that this loan is not a consumer loan, but is a loan for business and commercial purposes, and therefore, is exempt from the statutes of the State of Washington which govern usury. Borrower specifically states and alleges that this loan is for the purpose of use in the Borrower's re-investment in properties. Lender relied on the representations of Borrower in making the subject loan. If not for the business nature of this loan, Lender would not be involved with this transaction.

Synergistic Enterprises Inc

BY:_____                                   DATE _/(23/0/_
     Nathaniel Lodwig, President

BY:_____                                   DATE _/23/13_
     Nathaniel Lodwig, Individually as a co-maker and not as a surety

# Exhibit L

# DOT #6

CONFORMED
COPY

When recorded return to:

Charles E. Utterback
P.O. Box 2153
Ocean Shores, WA 98569

# DEED OF TRUST
(For use in the State of Washington only)

Escrow No.: P121107-03
Title Order No.: A159540

THIS DEED OF TRUST, made this 31st day of January, 2008, between

Synergistic Enterprises Inc, a Washington Corporation

as GRANTOR(S)
whose street address is PO Box 173, Montesano, WA 98563

and

Andrews Legal Services, PLLC

as TRUSTEE
whose street address is 560 Point Brown Ave. NE/P.O Box 2068, Ocean Shores, WA 98569

and

Charles E. Utterback

BENEFICIARY, whose street address is P.O. Box 2153, Ocean Shores, WA 98569.
WITNESSETH: Grantor(s) hereby bargain(s), sell(s), and convey(s) to Trustee in trust, with power of
sale, the following described real property in Grays Harbor, Washington:

Parcel A:
Lot 40, Ocean Shores Division No. 14, as per plat recorded in Volume 8 of Plats, pages 172-178,
records of Grays Harbor County;

Parcel B:
Lot 22, Block 9, Ocean Shores Division No. 17, as per plat recorded in Volume 9 of Plats, page
34, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

COMMON ADDRESS: 915 PT. BROWN AVE. SW, OCEAN SHORES, WA
1065 CRESTSHIRE LOOP, OCEAN SHORES, WA

Tax Parcel Number(s): 092700004000/093300902200

which real property is not used principally for agricultural purposes, together with all the tenements,
hereditaments, and appurtenances now or hereafter belonging or in any way appertaining, and the
rents, issues, and profits, of the property.

This Deed of Trust is for the purpose of securing performance of each agreement of Grantor(s)
contained in this Deed of Trust, and payment of the sum of Thirty Thousand and 00/100 Dollars
($30,000.00) with interest, in accordance with the terms of a promissory note of even date herewith,
payable to Beneficiary or order, and made by the Grantor(s),' and all renewals, modifications, and
extensions of the note, and also such further sums as may be advanced or loaned by Beneficiary to
Grantor(s), or any of the Grantor(s)' successors or assigns, together with interest thereon at the rate
agreed upon.

DUE DATE: The entire balance of the promissory note secured by this Deed of Trust, together with any
and all interest accrued thereon, shall be due and payable in full on January 23, 2009.

To protect the security of this Deed of Trust, Grantor(s) covenant(s) and agree(s):

LPB 22A-05(i)-I

2008-01310260     01/31/2008 03:03 PM     DTRUST
Page 1 of 5       R 47.00     Grays Harbor  Co, WA
GRAYS HARBOR TITLE

## DEED OF TRUST
### (Continued)

1. To keep the property in good condition and repair; to permit no waste of the property; to complete any building, structure, or improvement being built or about to be built on the property; to restore promptly any building, structure, or improvement being built or about to be built on the property which may be damaged or destroyed; and to comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the property.

2. To pay before delinquent all lawful taxes and assessments upon the property; to keep the property free and clear of all other charges, liens, or encumbrances impairing the security of this Deed of Trust.

3. To keep all buildings now or hereafter erected on the property continuously insured against loss by fire or other hazards in an amount not less than the total debt secured by this Deed of Trust. All policies shall be held by the Beneficiary, and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary shall determine. Such application by the Beneficiary shall not cause discontinuance of any proceedings to foreclose this Deed of Trust. In the event of a foreclosure, all rights of the Grantor(s) in insurance policies then in force shall pass to the purchaser at the foreclosure sale.

4. To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of title search and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

5. To pay all costs, fees, and expenses in connection with this Deed of Trust, including the expenses of the Trustee incurred in enforcing the obligation secured by this Deed of Trust and Trustee's and attorney's fees actually incurred, as provided by statute.

6. Should Grantor(s) fail to pay when due any taxes, assessments, insurance premiums, liens, encumbrances, or other charges against the property. Beneficiary may pay the same, and the amount so paid, with interest at the rate set forth in the note secured by this Deed of Trust, shall be added to and become a part of the debt secured in this Deed of Trust.

7. DUE ON SALE: (OPTIONAL - not applicable unless initialed by Grantor and Beneficiary) The property described in this security instrument may not be sold or transferred without the Beneficiary's consent. Upon breach of this provision, Beneficiary may declare all sums due under the note and Deed of Trust immediately due and payable, unless prohibited by applicable law.

_N.J._
Grantor (Initials)

_CEU_
Beneficiary (Initials)

**IT IS MUTUALLY AGREED THAT:**

8. In the event that any portion of the property is taken or damage in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy in the event any portion of the property is taken or damaged in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the obligation secured by this Deed of Trust shall be paid to Beneficiary to be applied to said obligation.

9. By accepting payment of any sum secured by this Deed of Trust after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.

10. The Trustee shall reconvey all or any part of the property covered by this Deed of Trust to the person entitled thereto, on written request of the Grantor(s) and the Beneficiary, or upon satisfaction of the obligation secured and written request for reconveyance made by the Beneficiary or the person entitled thereto.

11. Upon default by Grantor(s) in the payment of any indebtedness secured by this Deed of Trust or in the performance of any agreement contained in this Deed of Trust, all sums secured by this Deed of Trust shall immediately become due and payable at the option of the Beneficiary, subject to any cure period provided in the note secured by this Deed of Trust. In such event and upon written request of Beneficiary, Trustee shall sell the trust property, in accordance with the Deed of Trust Act of the State of Washington, at public auction to the highest bidder. Any person except Trustee may bid at Trustee's sale. Trustee shall apply the proceeds of the sale as follows: (1) to the expense of the sale, including a reasonable Trustee's fee and attorney's fee; (2) to the obligation secured by

LPB 22A-05(i)-I

## DEED OF TRUST
### (Continued)

this Deed of Trust; and (3) the surplus, if any, shall be distributed to the persons entitled thereto.

12. Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser all right, title and interest in the real and personal property which Grantor(s) had or had the power to convey at the time of the execution of this Deed of Trust, and such as Grantor(s) may have acquired thereafter. Trustee's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Deed of Trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchaser and encumbrancers for value.

13. The power of sale conferred by this Deed of Trust and by the Deed of Trust Act of the State of Washington is not an exclusive remedy; Beneficiary may cause this Deed of Trust to be foreclosed as a mortgage.

14. In the event of the absence, death, incapacity, disability; or resignation of Trustee, or at the discretion of the Beneficiary, Beneficiary may appoint in writing a successor trustee, and upon the recording of such appointment in the mortgage records of the county in which this Deed of Trust is recorded, the successor trustee shall be vested with all powers of the original trustee. The trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of an action or proceeding in which Grantor(s), Trustee, or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee.

15. This Deed of Trust applies to, inures to the benefit of, and is binding not only on the parties hereto, but on his/her/their heirs, devisees, legatees, administrators, executors, and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby, whether or not named as Beneficiary herein.

16. ADDITIONAL TERMS AND CONDITIONS: (check one)

    a.  ( )  NONE

    OR

    b.  (X)  As set forth on the attached "Exhibit A" which is incorporated by this reference.

    (Note: If neither a nor b is checked, then option "a" applies)

Dated: __1/23/2008__

Synergistic Enterprises Inc

BY: _____
Nathaniel Lodwig, President

BY: _____
Nathaniel Lodwig, individually as a co-maker and not as a surety

STATE OF Washington

COUNTY OF Grays Harbor

I, __Merilee A. Marten__, a Notary Public of the County and State first above written, do hereby certify that Natahaniel Lodwig, President of Synergistic Enterprises Inc. and Nathaniel Lodwig, individually personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal, this the 23rd day of January, 2008.

_____
Notary Public

My Commission Expires:

(SEAL)

> MERILEE A. MARTEN
> NOTARY PUBLIC
> STATE OF WASHINGTON
> COMMISSION EXPIRES
> NOVEMBER 29, 2011

LPB 22A-05(i)-i

2008-01318060    01/31/2008 03:03 PM    DTRUST
Page 3 of 5   R 47.00    Grays Harbor Co, WA
GRAYS HARBOR TITLE

## DEED OF TRUST
(Continued)

REQUEST FOR FULL RECONVEYANCE - Do not record.  To be used only when note has been paid.

TO:  TRUSTEE

The undersigned is the legal owner and holder of the note and all other indebtedness secured by the within Deed of Trust.  Said note, together with all other indebtedness secured by said Deed of Trust, has been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you thereunder.

Dated: _____　　　　_____

　　　　　　　　　　　　　　　　　　　　　　　　_____

2088-01310868　　01/31/2008 03:03 PM　　DTRUST
Page 4 of 5　　R 47.00　　Grays Harbor Co, WA
GRAYS HARBOR TITLE

**DEED OF TRUST**
(Continued)

## EXHIBIT "A"

The Beneficiary agrees to release the lot located at 1065 Crestshire Loop for payment of $15,000.00, and the lot located at 815 Pt. Brown Ave. SW for $15,000.00.

2008-01316868
Page 5 of 5     01/31/2008 03:03 PM     DTRUST
GRAYS HARBOR TITLE  R 47.00   Grays Harbor  Co. WA

# Exhibit M

## Note #7

CC⊃Y

# ALL INCLUSIVE COMMERCIAL PURPOSE PROMISSORY NOTE
## (INTEREST INCLUDED – DUE DATE)

$ 150,000.00        Ocean Shores, Washington        Date: 03/12/2008

For Value received, Synergistic Enterprises, Inc., A Washington Corporation, promises to pay to Charles E. Utterback, at P.O. Box 2153, Ocean Shores, WA 98569, OR any other place as the holder may direct in writing the sum of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00), with interest from 3/12/2008, on unpaid principal balance at the rate of Twelve Percent (12.000%) per annum; principal and interest payable in monthly installments of Three Thousand and 00/100 Dollars ($ 3,000.00) or more at the maker's option beginning on the 04/23/08 and continuing until the 03/23/09 on which day the balance of principal and interest shall be due and payable. Each payment shall be credited first on interest and the remainder on principal; and interest shall thereupon cease upon the principal so credited. Principal and interest payable in lawful money of the United States of America.

There shall be a late charge assessed whenever any payment specified above has not been received within five (5) days of the date specified. This charge shall be six percent (6%) of the payment due and shall be remitted by the maker in addition to the regular payment then due. At any time when a late charge has been assessed funds received shall be applied first to any such late charges outstanding, and then to the interest owing, and finally to the outstanding principal balance.

If the imposition of a late charge results in a monthly payment less than the amount of interest accrued for a month, such accrued but unpaid interest will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note. In addition, in the event funds are not received for any particular month, the outstanding late charge, accrued but unpaid interest, and the trust funds requirements, if applicable, will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note.

In the event any payments required by this Promissory Note are not paid when due, or in the event maker violated any of the terms and conditions of the Deed of Trust securing this Promissory Note, then the whole sum of both principal and interest shall become due at once without further notice at the option of the holder of this Note.

The default interest rate shall be at the rate of Eighteen (18%) per annum. For the purposes herein, default shall constitute any payments not made when due, including but not limited to regular monthly payments, final payment at maturity, real property taxes, fire or hazard insurance, and senior obligations.

When monies are advanced by beneficiaries such amounts will be added to the principal balance and default interest will be charged thereon.

On the final payment at maturity, the late charge shall be two percent (2%) of that payment if it has not been received within five (5) days of the date this Note is due. This late charge is assessed to cover the administration costs associated with delinquency. It is not additional interest. If not paid, the two percent (2%) late charge will be added to the unpaid principal balance and will thereafter bear interest at the default interest rate provided on page 1.

If this Note shall be placed with an attorney for collection, or if suit shall be brought to collect any amounts due on this Note, maker promises to pay costs of said action, including a reasonable attorney's fee.

Presentation for payment, notice of dishonor, protest and notice of protest are hereby waived. Failure to exercise any right or option by holder shall not constitute a waiver of successive defaults by maker.

Maker executed this note as a Principal and not as a Surety.

This Promissory Note shall be construed and enforced in accordance with the law of the State of Washington and maker expressly agrees that venue of any action to construe or enforce this Note shall be laid in Grays Harbor County, Washington.

THIS NOTE IS FOR COMMERCIAL PURPOSES ONLY. THE MAKER FURTHER REPRESENTS AND WARRANTS TO HOLDER THAT NO PART OF THE PROCEEDS OF THIS LOAN IS TO BE USED FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES OF ANY PERSON, NOR FOR THE PURCHASE OF ANY CONSUMER GOODS.

Refer to Exhibits A, B & C for further terms and conditions. Any Exhibits attached hereto shall be incorporated herein by reference.

MAKERS
Synergistic Enterprises, Inc., A Washington Corporation
PAYEES APPROVAL & ACCEPTANCE

Synergistic Enterprises, Inc., A Washington Corporation

BY: _Nathaniel Lodwig_
Nathaniel Lodwig, President                                   Date _3/6/08_

BY: _Nathaniel Lodwig_
Nathaniel Lodwig, Individually as a co-maker and not as a surety.    Date _3/6/08_

## EXHIBIT "A"

1.  GRANTOR HEREBY ASSIGNS TO BENEFICIARY ANY AND ALL OF THE GRANTOR'S RIGHT, TITLE, AND INTEREST IN AND TO ANY LEASE OR LEASES UPON THE PREMISES LEGALLY DESCRIBED IN THE DEED OF TRUST WHICH SECURES THIS NOTE, AS ADDITIONAL SECURITY FOR THIS PERFORMANCE BY GRANTOR OR GRANTOR'S OBLIGATIONS HEREUNDER. THIS ASSIGNMENT SHALL BECOME EFFECTIVE UPON SERVICE BY BENEFICIARY OF ANY NOTICE OF DEFAULT IN THE MANNER BY LAW PROVIDED AND SHALL FULLY ENTITLE BENEFICIARY TO RECEIVE ANY RENTS PAID THEREUNDER.

2.  IF ALL OR ANY PART OF THE SUBJECT REAL PROPERTY, OR ANY INTEREST HEREIN, IS SOLD OR TRANSFERRED BY THE GRANTOR HEREIN, THEN BENEFICIARY RESERVES THE RIGHT TO DEMAND THE IMMEDIATE AND FULL PAYMENT OF THE THEN OUTSTANDING PRINCIPAL BALANCE.

3.  GRANTOR HEREIN AGREES TO PAY BALANCE IN FULL ON OR BEFORE THE 03/23/09.

Synergistic Enterprises, Inc., A Washington Corporation

BY: _Nathaniel Lodwig_            DATE _3/6/08_
Nathaniel Lodwig, President

BY: _Nathaniel Lodwig_            DATE _3/6/08_
Nathaniel Lodwig, Individually as a co-maker and not as a surety.

## EXHIBIT "B"
## BORROWER'S STATEMENT

Borrowers Synergistic Enterprises, Inc., A Washington Corporation (hereinafter "Borrowers") desire to borrow a total amount of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00) from Charles E. Utterback (hereinafter "Lenders"). Borrowers acknowledge that they have been advised that the interest rates provided for in this Promissory Note evidencing the loan, exceed the lawful interest rates for consumer loans. Borrowers further acknowledge that this loan is not a consumer loan, but is a loan for business and commercial purposes, and therefore, is exempt from the statutes of the State of Washington which govern usury. Borrowers specifically state and allege that this loan is for the purposes of use in the Borrowers' REINVESTMENT IN PROPERTIES business. Lenders have relied on the representations of Borrowers in making the subject loan. If not for the business nature of the loan, Lenders would not be involved with this transaction.

Synergistic Enterprises, Inc., A Washington Corporation

BY: _Nathaniel Lodwig_                                    DATE _3/6/08_
Nathaniel Lodwig, President

BY: _Nathaniel Lodwig_                                    DATE _3/6/08_
Nathaniel Lodwig, Individually as a co-maker and not as a surety.

## EXHIBIT C

**Grantor and Beneficiary, the language of the Deed of Trust to the contrary not withstanding, agree as follows:**

1. This Deed of Trust is subject and subordinate to a First Deed of Trust recorded under recording No. 2008031200002 records of Grays Harbor County, Washington to secure the payment of a note. This First Deed of Trust and Note are referred to below for convenience as "first encumbrance" and "first note."

2. This is an "all-inclusive" Deed of Trust, securing a Note for One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00), which includes an obligation to Ruth Elkins in the sum of One Hundred Twenty-five Thousand and 00/100 Dollars ($125,000.00). Beneficiary hereby agrees with grantor to discharge that obligation in accordance with its terms and conditions.

3. Grantor agrees to comply with all terms and conditions of the first encumbrance and first note other than with respect to monthly payment of interest and principal due under the first encumbrance and first note, and grantor's failure to do so shall constitute a default under this Deed of Trust. Any default under this Deed of Trust shall entitle beneficiary to exercise, at his option any one or more of the following remedies provided herein:
   a. To declare the Note secured hereby immediately due and payable in full upon demand;
   b. To judicially or non-judicially foreclose this Deed of Trust;
   c. To perform such terms and conditions as are in default; and/or
   d. To make full or partial payments of the principal or interest on the first note, or other encumbrance if any; and/or
   e. To purchase, discharge, compromise or settle the first encumbrance, including liens for taxes and assessments.

In the event that beneficiary so elects to make any payment for any other purposes herein utilized and/or perform and act upon which Grantor has defaulted, then at the option of the beneficiary all monies so paid and all costs and expenses incurred thereby, including reasonable attorney's fees, may be added to the debt which is secured by this Deed of Trust and bear penalty and interest as specified in the note until paid, and grantor's failure to reimburse beneficiary upon demand therefore shall constitute a further event of default under this Deed of Trust.

4.    a.    Provided that Grantor is not in default under the terms of this Deed of Trust or the note secured thereby and provided, further, that the grantor is in compliance with all of the terms, covenants, conditions and provisions of the first Deed of Trust and first note, beneficiary will make first application each month of the funds received from grantor as monthly payments upon the note secured by this Deed of Trust, and pay out of such funds the amount due each month to the holder of the first Deed of Trust and first note according to the terms thereof.

      b.    Grantor does not assume any of the obligations of beneficiary under the first Deed of Trust and first note.

      c.    Grantor will not make any payments whatsoever directly to the holder of the first Deed of Trust and first note, including any prepayment, or request for any release, partial release, amendment, or other modification of the first Deed of Trust or first note, except in accordance with the terms and conditions of the promissory note secured by this Deed of Trust, or without the prior written consent of beneficiary, his successors and assigns.

      d.    If beneficiary shall default in making required payments of the first encumbrance or first note; grantor shall have the right to advance the funds necessary to cure such default and all funds so advanced, together with interest at twelve percent (12%) per annum, shall be credited against the next installment of interest and principal due under the note secured by this Deed of Trust.

      e.    Grantor agrees that, to the extent beneficiary pays any installment of principal or interest, or any other sums due the holder of the first encumbrance, beneficiary shall (1) become entitled to a lien on the premises encumbered hereby but equal in rank and priority to the first encumbrance; and (2) become subrogated to, receive, and enjoy all of the rights of the first encumbrance granted under the first encumbrance; and (3) the first encumbrance shall remain in existence to further secure any indebtedness hereunder.

5.    With respect to any condemnation award or settlement in lieu thereof, or to any amount collected under any fire or other insurance policy, or to any prepayments made by grantor with the prior written consent of beneficiary, and proceeds or funds received by the holder of the first note and credited to the indebtedness secured by the first encumbrance with the result that beneficiary's obligation hereunder to pay the holders of the first note the unpaid principal balance as hereinbefore provided is reduced, and with respect to any proceeds or funds received by the beneficiary hereunder from any condemnation award or settlement in lieu thereof, or collected under any fire or other insurance policy, or any permitted prepayment, then such funds shall be credited to the unpaid principal balance of the note secured hereby. All such credits shall be applied against the unpaid principal installments of the note secured hereby in the inverse order of their due date.

6.    Grantor and beneficiary agree to send promptly to the other, copies of any notices of default or otherwise received by them from the holder of the first encumbrance.

Synergistic Enterprises, Inc., A Washington Corporation

BY: _Nathaniel Lodwig_                                          DATE 3/6/08
    Nathaniel Lodwig, President

BY: _Nathaniel Lodwig_                                          DATE 3/6/08
    Nathaniel Lodwig, Individually as a co-maker and not as a surety.

Exhibit N

DOT #7

AFTER RECORDING MAIL TO:
Charles E. Utterback
P.O. Box 2153
Ocean Shores, WA 98569

*Conformed Copy*

# ALL INCLUSIVE DEED OF TRUST
### (For use in the State of Washington only)

Escrow No. P020808-02A
Title Order No. A159762

THIS DEED OF TRUST, made this 3/12/2008                                **between**

Synergistic Enterprises, Inc., A Washington Corporation.                 **GRANTOR,**

whose address is **P.O. Box 173 Montesano, WA 98563**

Andrews Legal Services, PLLC                                             **, TRUSTEE,**
whose address is PO Box 2168 Ocean Shores, WA 98569                      and

Charles E. Utterback                                                     **,BENEFICIARY,**
whose address is P.O. Box 2153 Ocean Shores, WA 98569

WITNESSETH: Grantor hereby bargains, sells, and conveys to Trustee in trust, with power of sale, the following described real property in **Grays Harbor County**, Washington:

**See Attached Exhibit "A" for Full Legal Description**

ABBREVIATED LEGAL DESCRIPTION: Lot 565, OS Div. 3; Lots 373, 584, 633A, 655, & 717 OS Div. 4; Lots 277 & 301, OS Div. 8; Lots 334 & 701, OS Div. 11

Assessor's Property Tax Parcel/account numbers:  090500056500, 090700037300, 090700058400, 090700062301, 090700066500, 090700071700, 091700027700, 091700030100, 092300033400, 092300070100

**No Exhibit "B"**

**Exhibit "C" is Release Clause**

THIS DEED OF TRUST IS SUBJECT TO THAT CERTAIN DEED OF TRUST IN THE ORIGINAL AMOUNT OF $125,000.00, DATED MARCH 12, 2008 AND RECORDED 03-12-08 IN GRAYS HARBOR COUNTY UNDER AUDITORS FILE NO. 2008031200773

which real property is not used principally for agricultural or farming purposes, together with all the tenements, hereditaments, and appurtenances now or hereafter thereunto belonging or in any wise appertaining, and the rents, issues and profits thereof.

This deed is for the purpose of securing performance of each agreement of Grantor herein contained, and payment of the sum of One Hundred Fifty Thousand and 00/100 Dollars (150,000.00) with interest, in accordance with the terms of a promissory note of even date herewith, payable to Beneficiary or order, and made by Grantor, and all renewals, modifications, and extensions thereof, and also such further sums as may be advanced or loaned by Beneficiary to Grantor, or any of their successors or assigns, together with interest thereon at such rate as shall be agreed upon.

To protect the security of this Deed of Trust, Grantor covenants and agrees:

1. To keep the property in good condition and repair; to permit no waste thereof; to complete any building, structure, or improvement being built or about to be built thereon; to restore promptly any building, structure, or improvement thereon which may be damaged or destroyed; and to comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the property.

2. To pay before delinquent all lawful taxes and assessments upon the property; to keep the property free and clear of all other charges, liens, or encumbrances impairing the security of this Deed of Trust.

3. To keep all buildings now or hereafter erected on the property described herein continuously insured against loss by fire or other hazards in an amount not less than the total debt secured by this Deed of Trust. All policies shall be held by the Beneficiary, and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary, as its interest may appear, and then to the Grantor. The amount collected under any insurance policy may be applied upon any indebtedness hereby secured in such order as the Beneficiary shall determine. Such application by the Beneficiary shall not cause discontinuance of any proceedings to foreclose this Deed of Trust. In the event of foreclosure, all rights of the Grantor in insurance policies then in force shall pass to the purchaser at the foreclosure sale.

4. To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of title search and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

5. To pay all costs, fees, and expenses in connection with this Deed of Trust, including the expenses of the Trustee incurred in enforcing the obligation secured hereby and Trustee's and attorney's fees actually incurred, as provided by statute.

Page 1 of 3

6. Should Grantor fail to pay when due any taxes, assessments, insurance premiums, liens, encumbrances or other charges against the property hereinabove described, Beneficiary may pay the same, and the amount so paid, with interest at the rate set forth in the note secured hereby, shall be added to and become a part of the debt secured in this Deed of Trust.

**IT IS MUTUALLY AGREED THAT:**

1. In the event any portion of the property is taken or damaged in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the obligation secured hereby, shall be paid to Beneficiary to be applied to said obligation.

2. By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.

3. The Trustee shall reconvey all or any part of the property covered by this Deed of Trust to the person entitled thereto, on written request of the Grantor and the Beneficiary, or upon satisfaction of the obligation secured and written request for reconveyance made by the Beneficiary or the person entitled thereto.

4. Upon default by Grantor in the payment of any indebtedness secured hereby or in the performance of any agreement contained herein, all sums secured hereby shall immediately become due and payable at the option of the Beneficiary. In such event and upon written request of Beneficiary, Trustee shall sell the trust property, in accordance with the Deed of Trust Act of the State of Washington, at public auction to the highest bidder. Any person except Trustee may bid at Trustee's sale. Trustee shall apply the proceeds of the sale as follows: (1) to the expense of the sale, including a reasonable Trustee's fee and attorney's fee; (2) to the obligation secured by this Deed of Trust; and (3) the surplus, if any, shall be distributed to the persons entitled thereto.

5. Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser the interest in the property which Grantor had or had the power to convey at the time of his execution of this Deed of Trust, and such as he may have acquired thereafter. Trustee's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Deed of Trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchaser and encumbrancers for value.

6. The power of sale conferred by this Deed of Trust and by the Deed of Trust Act of the State of Washington is not an exclusive remedy; Beneficiary may cause this Deed of Trust to be foreclosed as a mortgage.

7. In the event of the death, incapacity, disability, or resignation of Trustee, Beneficiary may appoint in writing a successor trustee, and upon the recording of such appointment in the mortgage records of the county in which this Deed of Trust is recorded, the successor trustee shall be vested with all powers of the original trustee. The trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of an action or proceeding in which Grantor, Trustee, or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee.

8. This Deed of Trust applies to, inures to the benefit of, and is binding not only on the parties hereto, but on their heirs, devisees, legatees, administrators, executors, and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby, whether or not named as Beneficiary herein.

Dated: 3-5-2008

Synergistic Enterprises, Inc., A Washington Corporation

BY: _Nathaniel Lodwig_
    Nathaniel Lodwig, President

BY: _Nathaniel Lodwig_
    Nathaniel Lodwig, individually as a co-maker and not as a surety.

---

State of Washington        )
                           ) ss.
County of Grays Harbor )

I certify that I know or have satisfactory evidence that is/are the person(s) who appeared before me, Nathaniel Lodwig, known to me to be the President of Synergistic Enterprises, Inc. a Washington Corporation and said person(s) acknowledged that HE signed this instrument and acknowledged it to be the free and voluntary deed of said corporation, for the uses and purposes therein mentioned, and on oath stated that he was authorized to execute said instrument.

Dated: __3-06-08__

_Jo Ann Lyons_
Notary Public in and for the State of Washington
Residing at: Ocean Shores
My appointment expires: 5-09-11

[Notary Seal: JO ANN LYONS, NOTARY PUBLIC, STATE OF WASHINGTON, 5-09-11]

Page 2 of 3

State of Washington )
) ss.
County of Grays Harbor )

I certify that I know or have satisfactory evidence that is/are the person(s), Nathaniel Lodwig who appeared before me, and said person(s) acknowledged that HE signed this instrument and acknowledged it to be HIS free and voluntary act for the uses and purposes mentioned in this instrument.

Dated: 3-06-08

Notary Public in and for the State of Washington
Residing at Ocean Shores
My appointment expires: 5-09-11

**REQUEST FOR FULL RECONVEYANCE**
Do not record. To be used only when note has been paid.

TO: TRUSTEE

The undersigned is the legal owner and holder of the note and all other indebtedness secured by the within Deed of Trust. Said note, together with all other indebtedness secured by said Deed of Trust, has been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you thereunder.

Dated: _____, 20_____

_____

_____

Page 3 of 3

# EXHIBIT A _ LEGAL DESCRIPTION

### PARCEL 1:

Lot 565, Ocean Shores Division No. 3, as per plat recorded in Volume 8 of Plats, page 67, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

### PARCEL 2:

Lot 373, Ocean Shores Division No. 4, as per plat recorded in Volume 8 of Plats, page 65, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

### PARCEL 3:

Lot 584, Ocean Shores Division No. 4, as per plat recorded in Volume 8 of Plats, page 65, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

### PARCEL 4:

Lot 623A, Ocean Shores Division No. 4, as per plat recorded in Volume 8 of Plats, page 65, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

### PARCEL 5:

Lot 655, Ocean Shores Division No. 4, as per plat recorded in Volume 8 of Plats, page 65, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

### PARCEL 6:

Lot 717, Ocean Shores Division No. 4, as per plat recorded in Volume 8 of Plats, page 65, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

### PARCEL 7:

Lot 277, Ocean Shores Division No. 8, as per plat recorded in Volume 8 of Plats, page 97, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

### PARCEL 8:

Lot 301, Ocean Shores Division No. 8, as per plat recorded in Volume 8 of Plats, page 97, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

# EXHIBIT A _ LEGAL DESCRIPTION

## PARCEL 9:

Lot 334, Ocean Shores Division No. 11, as per plat recorded in Volume 8 of Plats, page 180, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

## PARCEL 10:

Lot 701, Ocean Shores Division No. 11, as per plat recorded in Volume 8 of Plats, page 180, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

Assessor's Property Tax Parcel No.: 090500058500, 090700037300, 090700058400, 090700062301, 090700065500, 090700071700, 091700027700, 091700030100, 092300033400, 092300070100
Abbreviated Legal Description: Lot 565, OS Div. 3; Lots 373, 584, 623A, 655, & 717 OS Div. 4; Lots 277 & 301, OS Div. 8; Lots 334 & 701, OS Div. 11

# EXHIBIT "A"

NOTE 1: Property addresses are as follows:

291 Dolphin Ave., NE
Ocean Shores, WA 98569
Affects: Parcel 1

464 Sextans Ave., SW
Ocean Shores, WA 98569
Affects: Parcel 2

140 S. Narwhal Loop SW
Ocean Shores, WA 98569
Affects: Parcel 3

140 S. Oar Loop SW
Ocean Shores, WA 98569
Affects: Parcel 4

224 S. Oar Loop SW
Ocean Shores, WA 98569
Affects: Parcel 5

164 S. Port Loop, SW
Ocean Shores, WA 98569
Affects: Parcel 6

252 Calawah St.
Ocean Shores, WA 98569
Affects: Parcel 7

132 Calawah St., SW
Ocean Shores, WA 98569
Affects: Parcel 8

210 S. Wynoochee Drive
Ocean Shores, WA 98569
Affects: Parcel 9

151 Seagate St.
Ocean Shores, WA 98569
Affects: Parcel 10

**DEED OF TRUST**
(Continued)

## EXHIBIT "C"

Release Clause is as follows:
391 Dolphin Ave (090500056500) $25,000.00
464 Sextans Ave SW (090700037300), 140 S. Narwhal Loop SW (090700058400), 140 S. Oar Loop
SW (090700062301) $16,000.00 Each
All Others $15,000.00 Each

LPB 22A-05(r-i

# Exhibit O

# Note #8



## COMMERCIAL PURPOSE PROMISSORY NOTE
### (INTEREST INCLUDED – DUE DATE)

$ 150,000.00　　　　Ocean Shores, Washington　　　　04/01/08

For Value received, Synergistic Enterprises, Inc., A Washington Corporation, promises to pay to Charles E. Utterback with payments sent to P.O. Box 2153 Ocean Shores, WA 98569 OR any other place as the holder may direct in writing the sum of $150,000.00 (One Hundred Fifty Thousand 00/100 Dollars), with interest from 04/01/08, on unpaid principal balance at the rate of 12.00% (Twelve percent) per annum; principal and interest payable in monthly installments of $ 3,000.00 (Three Thousand 00/100 Dollars) or more at the maker's option beginning on 05/23/08 and continuing until 04/23/09 on which day the balance of principal and interest shall be due and payable. Each payment shall be credited first on interest and the remainder on principal; and interest shall thereupon cease upon the principal so credited. Principal and interest payable in lawful money of the United States of America.

There shall be a late charge assessed whenever any payment specified above has not been received within (5) days of the date specified. This charge shall be Six percent (6.00%) of the payment due and shall be remitted by the maker in addition to the regular payment then due. At any time when a late charge has been assessed funds received shall be applied first to any such late charges outstanding, and then to the interest owing, and finally to the outstanding principal balance.

If the imposition of a late charge results in a monthly payment less than the amount of interest accrued for a month, such accrued but unpaid interest will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note. In addition, in the event funds are not received for any particular month, the outstanding late charge, accrued but unpaid interest, and the trust funds requirements, if applicable, will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note.

In the event any payments required by this Promissory Note are not paid when due, or in the event maker violated any of the terms and conditions of the Deed of Trust securing this Promissory Note, then the whole sum of both principal and interest shall become due at once without further notice at the option of the holder of this Note.

The default interest rate shall be at the rate of 18.0000 per annum. For the purposes herein, default shall constitute any payments not made when due, including but not limited to regular monthly payments, final payment at maturity, real property taxes, fire or hazard insurance, and senior obligations.

When monies are advanced by beneficiaries such amounts will be added to the principal balance and default interest will be charged thereon.

On the final payment at maturity, the late charge shall be two percent (2.00%) of that payment if it has not been received within five (5) days of the date this Note is due. This late charge is assessed to cover the administration costs associated with delinquency. It is not additional interest. If not paid, the two percent (2.00%) late charge will be added to the unpaid principal balance and will thereafter bear interest at the default interest rate provided on page 1.

If this Note shall be placed with an attorney for collection, or if suit shall be brought to collect any amounts due on this Note, maker promises to pay costs of said action, including a reasonable attorney's fee.

Presentation for payment, notice of dishonor, protest and notice of protest are hereby waived. Failure to exercise any right or option by holder shall not constitute a waiver of successive defaults by maker.

Maker executed this note as a Principal and not as a Surety.

This Promissory Note shall be construed and enforced in accordance with the law of the State of Washington and maker expressly agrees that venue of any action to construe or enforce this Note shall be laid in Grays Harbor County, Washington.

<u>THIS NOTE IS FOR COMMERCIAL PURPOSES ONLY.
THE MAKER FURTHER REPRESENTS AND WARRANTS TO HOLDER
THAT NO PART OF THE PROCEEDS OF THIS LOAN IS TO BE
USED FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES OF ANY
PERSON, NOR FOR THE PURCHASE OF ANY CONSUMER GOODS.</u>

<u>Refer to Exhibits A & B for further terms and conditions. Any Exhibits attached hereto shall
be incorporated herein by reference.</u>

<u>MAKERS</u>

Synergistic Enterprises, Inc., A Washington Corporation

<u>PAYEES APPROVAL & ACCEPTANCE</u>

Synergistic Enterprises, Inc., A Washington Corporation

BY: _____            Date 3/31/08
Nathaniel Lodwig, President

BY: _____            Date 3/31/08
Nathaniel Lodwig, Individually as a co-maker and not as a surety.

## EXHIBIT "A"

1. GRANTOR HEREBY ASSIGNS TO BENEFICIARY ANY AND ALL OF THE GRANTOR'S RIGHT, TITLE, AND INTEREST IN AND TO ANY LEASE OR LEASES UPON THE PREMISES LEGALLY DESCRIBED IN THE DEED OF TRUST WHICH SECURES THIS NOTE, AS ADDITIONAL SECURITY FOR THIS PERFORMANCE BY GRANTOR OR GRANTOR'S OBLIGATIONS HEREUNDER. THIS ASSIGNMENT SHALL BECOME EFFECTIVE UPON SERVICE BY BENEFICIARY OF ANY NOTICE OF DEFAULT IN THE MANNER BY LAW PROVIDED AND SHALL FULLY ENTITLE BENEFICIARY TO RECEIVE ANY RENTS PAID THEREUNDER.

2. IF ALL OR ANY PART OF THE SUBJECT REAL PROPERTY, OR ANY INTEREST HEREIN, IS SOLD OR TRANSFERRED BY THE GRANTOR HEREIN, THEN BENEFICIARY RESERVES THE RIGHT TO DEMAND THE IMMEDIATE AND FULL PAYMENT OF THE THEN OUTSTANDING PRINCIPAL BALANCE.

3. GRANTOR HEREIN AGREES TO PAY BALANCE IN FULL ON OR BEFORE 04/23/09

Synergistic Enterprises, Inc., A Washington Corporation

BY: _Nathaniel Lodwig_             Date _3/31/08_
Nathaniel Lodwig, President

BY: _Nathaniel Lodwig_             Date _3/31/08_
Nathaniel Lodwig, Individually as a co-maker and not as a surety.

## EXHIBIT "B"
## BORROWER'S STATEMENT

Borrower Synergistic Enterprises, Inc., A Washington Corporation., (hereinafter "Borrower") desires to borrow a total amount of $150,000.00 (One Hundred Fifty Thousand 00/100 Dollars) from Charles E. Utterback (hereinafter "Lender"). Borrower acknowledges that he has been advised that the interest rate provided for in this Promissory Note evidencing this loan, exceeds the lawful interest rates for consumer loans. Borrower further acknowledges that this loan is not a consumer loan, but is a loan for business and commercial purposes, and therefore, is exempt from the statutes of the State of Washington which govern usury. Borrower specifically states and alleges that this loan is for the purpose of use in the Borrower's Re-investment in other properties. Lender relied on the representations of Borrower in making the subject loan. If not for the business nature of this loan, Lender would not be involved with this transaction.

Synergistic Enterprises, Inc., A Washington Corporation

BY: _____                    Date 3/31/08
Nathaniel Lodwig, President

BY: _____                    Date 3/31/08
Nathaniel Lodwig, Individually as a co-maker and not as a surety.

# Exhibit P

# DOT #8

CONFORMED
COPY

When recorded return to:

Charles E. Utterback
P.O. Box 2153
Ocean Shores, WA 98569

## DEED OF TRUST
(For use in the State of Washington only)

Escrow No.: P020608-03B
Title Order No.: A-159763

THIS DEED OF TRUST, made this 4th day of April, 2008, between

Synergistic Enterprises, Inc., A Washington Corporation

as GRANTOR(S)
whose street address is P.O. Box 173, Montesano, WA 98563

and

Andrews Legal Services, PLLC

as TRUSTEE
whose street address is P.O. Box 2068, Ocean Shores, WA 98569

and

Charles E. Utterback

BENEFICIARY, whose street address is P.O. Box 2153, Ocean Shores, WA 98569.
WITNESSETH: Grantor(s) hereby bargain(s), sell(s), and convey(s) to Trustee in trust, with power of
sale, the following described real property in Grays Harbor , Washington:

  Lot 84, Blk D, Div 1/Lot 230, Div 2/Lot 438, Div 2/Lot 486, Div 2/Lot 242, Div 4/Lot 603, Div 4/Lot
  84, Div 10/Lot 101, Div 10/Lot 668, Div 11/Lot 710, Div 11

  See Attached Exhibit "A" for full legal description

  Subject to: See attached Exhibit "B"

Tax Parcel Number(s):  SEE ATTACHED EXHIBIT "A"

which real property is not used principally for agricultural purposes, together with all the tenements,
hereditaments, and appurtenances now or hereafter belonging or in any way appertaining, and the
rents, issues, and profits, of the property.

This Deed of Trust is for the purpose of securing performance of each agreement of Grantor(s)
contained in this Deed of Trust, and payment of the sum of One Hundred Fifty Thousand and 00/100
Dollars ($150,000.00) with interest, in accordance with the terms of a promissory note of even date
herewith, payable to Beneficiary or order, and made by the Grantor(s), and all renewals, modifications,
and extensions of the note, and also such further sums as may be advanced or loaned by Beneficiary to
Grantor(s), or any of the Grantor(s)' successors or assigns, together with interest thereon at the rate
agreed upon.

DUE DATE: The entire balance of the promissory note secured by this Deed of Trust, together with any
and all interest accrued thereon, shall be due and payable in full on April 23, 2009.

To protect the security of this Deed of Trust, Grantor(s) covenant(s) and agree(s):

1.  To keep the property in good condition and repair; to permit no waste of the property; to complete
    any building, structure, or improvement being built or about to be built on the property; to restore
    promptly any building, structure, or improvement being built or about to be built on the property
    which may be damaged or destroyed; and to comply with all laws, ordinances, regulations,
    covenants, conditions, and restrictions affecting the property.

LPB 22A-05(i)-i

2008-04070091        04/07/2008 03:38 PM         DTRUST
Page 1 of 7      R 49.00    Grays Harbor Co, WA
GRAYS HARBOR TITLE

# DEED OF TRUST
## (Continued)

2. To pay before delinquent all lawful taxes and assessments upon the property; to keep the property free and clear of all other charges, liens, or encumbrances impairing the security of this Deed of Trust.

3. To keep all buildings now or hereafter erected on the property continuously insured against loss by fire or other hazards in an amount not less than the total debt secured by this Deed of Trust. All policies shall be held by the Beneficiary, and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary shall determine. Such application of the search and insurance shall not cause discontinuance of any proceedings to foreclose this Deed of Trust. In the event of a foreclosure, all rights of the Grantor(s) in insurance policies then in force shall pass to the purchaser at the foreclosure sale.

4. To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of title search and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

5. To pay all costs, fees, and expenses in connection with this Deed of Trust, including the expenses of the Trustee incurred in enforcing the obligation secured by this Deed of Trust and Trustee's and attorney's fees actually incurred, as provided by statute.

6. Should Grantor(s) fail to pay when due any taxes, assessments, insurance premiums, liens, encumbrances, or other charges against the property, Beneficiary may pay the same, and the amount so paid, with interest at the rate set forth in the note secured by this Deed of Trust, shall be added to and become a part of the debt secured in this Deed of Trust.

7. DUE ON SALE: (OPTIONAL – not applicable unless initialed by Grantor and Beneficiary) The property described in this security instrument may not be sold or transferred without the Beneficiary's consent. Upon breach of this provision, Beneficiary may declare all sums due under the note and Deed of Trust immediately due and payable, unless prohibited by applicable law.

_____                    _____
Grantor (Initials)                          Beneficiary (Initials)

            *M*                                       *CKL*

IT IS MUTUALLY AGREED THAT:

8. In the event that any portion of the property is taken or damage in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the event any portion of the property is taken or damaged in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the obligation secured by this Deed of Trust shall be paid to Beneficiary to be applied to said obligation.

9. By accepting payment of any sum secured by this Deed of Trust after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to pay.

10. The Trustee shall reconvey all or any part of the property covered by this Deed of Trust to the person entitled thereto, on written request of the Grantor(s) and the Beneficiary, or upon satisfaction of the obligation secured and written request for reconveyance made by the Beneficiary or the person entitled thereto.

11. Upon default by Grantor(s) in the payment of any indebtedness secured by this Deed of Trust or in the performance of any agreement contained in this Deed of Trust, all sums secured by this Deed of Trust shall immediately become due and payable at the option of the Beneficiary, subject to any cure period provided in the note secured by this Deed of Trust. In such event and upon written request of Beneficiary, Trustee shall sell the trust property, in accordance with the Deed of Trust Act of the State of Washington, at public auction to the highest bidder. Any person except Trustee may bid at Trustee's sale. Trustee shall apply the proceeds of the sale as follows: (1) to the expense of the sale, including a reasonable Trustee's fee and attorney's fee; (2) to the obligation secured by this Deed of Trust; and (3) the surplus, if any, shall be distributed to the persons entitled thereto.

12. Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser all right, title and interest in the real and personal property which Grantor(s) had or had the power to convey at the time of the execution of this Deed of Trust, and such as Grantor(s) may have acquired thereafter. Trustee's deed shall recite the facts showing that the sale was

LPB 22A-05(i-i)

# DEED OF TRUST
(Continued)

conducted in compliance with all the requirements of law and of this Deed of Trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchaser and encumbrancers for value.

13. The power of sale conferred by this Deed of Trust and by the Deed of Trust Act of the State of Washington is not an exclusive remedy; Beneficiary may cause this Deed of Trust to be foreclosed as a mortgage.

14. In the event of the absence, death, incapacity, disability, or resignation of Trustee, or at the discretion of the Beneficiary, Beneficiary may appoint in writing a successor trustee, and upon the recording of such appointment in the mortgage records of the county in which this Deed of Trust is recorded, the successor trustee shall be vested with all powers of the original trustee. The trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of an action or proceeding in which Grantor(s), Trustee, or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee.

15. This Deed of Trust applies to, inures to the benefit of, and is binding not only on the parties hereto, but on his/her/their heirs, devisees, legatees, administrators, executors, and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby, whether or not named as Beneficiary herein.

16. ADDITIONAL TERMS AND CONDITIONS: (check one)

  a. ( ) NONE

  OR

  b. (X) As set forth on the attached "Exhibit B" which is incorporated by this reference.

    (Note: If neither a nor b is checked, then option "a" applies)

Dated: _____ 4/4/08 _____

Synergistic Enterprises, Inc., A Washington
Corporation

BY: _____
  Nathaniel Lodwig, President

BY: _____
  Nathaniel Lodwig, individually as a co-maker and
not as a surety.

STATE OF Washington

COUNTY OF Grays Harbor

I, Merilee A. Marten _____, a Notary Public of the County and State first above written, do hereby certify that Nathaniel Lodwig, President of Synergistic Enterprises, Inc., A Washington Corporation and Nathaniel Lodwig, individually personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal, this the _4_ day of _April_____, 2008.

_____
Notary Public

My Commission Expires: 11/29/11

(SEAL)

MERILEE A. MARTEN
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
NOVEMBER 29, 2011

LPB 22A-05(i)-4

2008-04870891
Page 3 of 7   04/07/2008 03:38 PM DTRUST
GRAYS HARBOR TITLE R 49.00 Grays Harbor Co., WA

**DEED OF TRUST**
(Continued)

REQUEST FOR FULL RECONVEYANCE - Do not record. To be used only when note has been paid.

TO: TRUSTEE

The undersigned is the legal owner and holder of the note and all other indebtedness secured by the within Deed of Trust. Said note, together with all other indebtedness secured by said Deed of Trust, has been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you thereunder.

Dated: _____  _____

               _____

2008-04878091  04/07/2008 03:38 PM  DTRUST
Page 4 of 7  R 49.60  Grays Harbor Co, WA
GRAYS HARBOR TITLE

## DEED OF TRUST
(Continued)

## EXHIBIT "B"

Beneficiary agrees to release the lot located at 804 Anchor ave for the principal payment of $20,000.00, the lot located at 353 N. Wynoochee Dr. SW for the principal payment of $18,000.00 and all other lots will be released for the principal payment of $16,000.00 each.

Exhibit A

**PARCEL 1:**     090100408400

Lot 84, Block "D", Ocean Shores Division No. 1, as per plat recorded in Volume 8 of Plats,
page 47, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 2:**     090300023000

Lot 230, Ocean Shores Division No. 2, as per plat recorded in Volume 8 of Plats, page 53,
records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 3:**     090300043800

Lot 438, Ocean Shores Division No. 2, as per plat recorded in Volume 8 of Plats, page 53,
records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 4:**     090300048600

Lot 486, Ocean Shores Division No. 2, as per plat recorded in Volume 8 of Plats, page 53,
records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 5:**     090700024200

Lot 242, Ocean Shores Division No. 4, as per plat recorded in Volume 8 of Plats, page 65,
records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

EXHIBIT A CONTINUED.......

**PARCEL 6:** 090700060300

Lot 603, Ocean Shores Division No. 4, as per plat recorded in Volume 8 of Plats, page 65, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 7:** 092100009400

Lot 94, Ocean Shores Division No. 10, as per plat recorded in Volume 8 of Plats, page 18, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 8:** 092100010100

Lot 101, Ocean Shores Division No. 10, as per plat recorded in Volume 8 of Plats, page 118, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 9:** 092300066800

Lot 668, Ocean Shores Division No. 11, as per plat recorded in Volume 8 of Plats, pages 160 to 163, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 10:** 092300071000

Lot 710, Ocean Shores Division No. 11, as per plat recorded in Volume 8 of Plats, page 160, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

Property addresses are as follows:

804 Anchor Ave.
Ocean Shores, WA 98569
Affects: Parcel 1

116 N. Car Loop NW
Ocean Shores, WA 98569
Affects: Parcel 2

363 Ensign Ave., NW
Ocean Shores, WA 98569
Affects: Parcel 3

269 Ensign Ave., NW
Ocean Shores, WA 98569
Affects: Parcel 4

331 Cygnus Ave., SW
Ocean Shores, WA 98569
Affects: Parcel 5

185 S. Narwhal Loop SW
Ocean Shores, WA 98569
Affects: Parcel 6

353 N. Wynoochee Dr. SW
Ocean Shores, WA 98569
Affects: Parcel 7

331 N. Wynoochee Dr. SW
Ocean Shores, WA 98569
Affects: Parcel 8

131 S. Razor Clam Dr.
Ocean Shores, WA 98569
Affects: Parcel 9

129 Seagate St.
Ocean Shores, WA 98569
Affects: Parcel 10

# Exhibit Q

# Note #9


COPY

# COMMERCIAL PURPOSE PROMISSORY NOTE
## (INTEREST INCLUDED – DUE DATE)

**$ 150,000.00**          Ocean Shores, Washington          04/25/08

For Value received, Synergistic Enterprises, Inc., A Washington Corporation, promises to pay to Charles E. Utterback with payments sent to P.O. Box 2153 Ocean Shores, WA 98569 OR any other place as the holder may direct in writing the sum of $150,000.00 (One Hundred Fifty Thousand 00/100 Dollars), with interest from 04/25/08, on unpaid principal balance at the rate of 12.00% (Twelve percent) per annum; principal and interest payable in monthly installments of $ 3,000.00 (Three Thousand 00/100 Dollars) or more at the maker's option beginning on 06/23/08 and continuing until 04/23/09 on which day the balance of principal and interest shall be due and payable. Each payment shall be credited first on interest and the remainder on principal; and interest shall thereupon cease upon the principal so credited. Principal and interest payable in lawful money of the United States of America.

There shall be a late charge assessed whenever any payment specified above has not been received within (5) days of the date specified. This charge shall be Six percent (6.00%) of the payment due and shall be remitted by the maker in addition to the regular payment then due. At any time when a late charge has been assessed funds received shall be applied first to any such late charges outstanding, and then to the interest owing, and finally to the outstanding principal balance.

If the imposition of a late charge results in a monthly payment less than the amount of interest accrued for a month, such accrued but unpaid interest will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note. In addition, in the event funds are not received for any particular month, the outstanding late charge, accrued but unpaid interest, and the trust funds requirements, if applicable, will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note.

In the event any payments required by this Promissory Note are not paid when due, or in the event maker violated any of the terms and conditions of the Deed of Trust securing this Promissory Note, then the whole sum of both principal and interest shall become due at once without further notice at the option of the holder of this Note.

The default interest rate shall be at the rate of 18.00% per annum. For the purposes herein, default shall constitute any payments not made when due, including but not limited to regular monthly payments, final payment at maturity, real property taxes, fire or hazard insurance, and senior obligations.

When monies are advanced by beneficiaries such amounts will be added to the principal balance and default interest will be charged thereon.

On the final payment at maturity, the late charge shall be two percent (2%) of that payment if it has not been received within five (5) days of the date this Note is due. This late charge is assessed to cover the administration costs associated with delinquency. It is not additional interest. If not paid, the two percent (2%) late charge will be added to the unpaid principal balance and will thereafter bear interest at the default interest rate provided on page 1.

If this Note shall be placed with an attorney for collection, or if suit shall be brought to collect any amounts due on this Note, maker promises to pay costs of said action, including a reasonable attorney's fee.

Presentation for payment, notice of dishonor, protest and notice of protest are hereby waived. Failure to exercise any right or option by holder shall not constitute a waiver of successive defaults by maker.

Maker executed this note as a Principal and not as a Surety.

This Promissory Note shall be construed and enforced in accordance with the law of the State of Washington and maker expressly agrees that venue of any action to construe or enforce this Note shall be laid in Grays Harbor County, Washington.

<u>THIS NOTE IS FOR COMMERCIAL PURPOSES ONLY.
THE MAKER FURTHER REPRESENTS AND WARRANTS TO HOLDER
THAT NO PART OF THE PROCEEDS OF THIS LOAN IS TO BE
USED FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES OF ANY
PERSON, NOR FOR THE PURCHASE OF ANY CONSUMER GOODS.</u>

<u>Refer to Exhibits A & B for further terms and conditions. Any Exhibits attached hereto shall be incorporated herein by reference.</u>

<u>MAKERS</u>

Synergistic Enterprises, Inc., A Washington Corporation


<u>PAYEES APPROVAL & ACCEPTANCE</u>

Synergistic Enterprises, Inc., A Washington Corporation

BY: _Nathaniel And_
      Nathaniel Lodwig, President            E 4/23/08

BY: _Nathaniel_
      Nathaniel Lodwig, Individually as a co-maker and not a surety    DATE 4/23/08

## EXHIBIT "A"

1. GRANTOR HEREBY ASSIGNS TO BENEFICIARY ANY AND ALL OF THE GRANTOR'S RIGHT, TITLE, AND INTEREST IN AND TO ANY LEASE OR LEASES UPON THE PREMISES LEGALLY DESCRIBED IN THE DEED OF TRUST WHICH SECURES THIS NOTE, AS ADDITIONAL SECURITY FOR THIS PERFORMANCE BY GRANTOR OR GRANTOR'S OBLIGATIONS HEREUNDER. THIS ASSIGNMENT SHALL BECOME EFFECTIVE UPON SERVICE BY BENEFICIARY OF ANY NOTICE OF DEFAULT IN THE MANNER BY LAW PROVIDED AND SHALL FULLY ENTITLE BENEFICIARY TO RECEIVE ANY RENTS PAID THEREUNDER.

2. IF ALL OR ANY PART OF THE SUBJECT REAL PROPERTY, OR ANY INTEREST HEREIN, IS SOLD OR TRANSFERRED BY THE GRANTOR HEREIN, THEN BENEFICIARY RESERVES THE RIGHT TO DEMAND THE IMMEDIATE AND FULL PAYMENT OF THE THEN OUTSTANDING PRINCIPAL BALANCE.

3. GRANTOR HEREIN AGREES TO PAY BALANCE IN FULL ON OR BEFORE 04/23/09

Synergistic Enterprises, Inc., A Washington Corporation

BY: _____                    DATE 4/23/08
    Nathaniel Lodwig, President

BY: _____                    DATE 4/23/08
    Nathaniel Lodwig, Individually as a co-maker and not a surety

## EXHIBIT "B"
## BORROWER'S STATEMENT

Borrower Synergistic Enterprises, Inc., A Washington Corporation., (hereinafter "Borrower") desires to borrow a total amount of $150,000.00 (One Hundred Fifty Thousand 00/100 Dollars) from Charles E. Utterback (hereinafter "Lender"). Borrower acknowledges that he has been advised that the interest rate provided for in this Promissory Note evidencing this loan, exceeds the lawful interest rates for consumer loans. Borrower further acknowledges that this loan is not a consumer loan, but is a loan for business and commercial purposes, and therefore, is exempt from the statutes of the State of Washington which govern usury. Borrower specifically states and alleges that this loan is for the purpose of use in the Borrower's SPEC HOME business. Lender relied on the representations of Borrower in making the subject loan. If not for the business nature of this loan, Lender would not be involved with this transaction.

Synergistic Enterprises, Inc., A Washington Corporation

BY: _____                      DATE 4/23/08
Nathaniel Lodwig, President

BY: _____              DATE 4/23/08
Nathaniel Lodwig, Individually as a co-maker and not a surety

Exhibit R

DOT #9

When recorded return to:

Charles E. Utterback
P.O. Box 2153
Ocean Shores, WA 98569

CONFORMED
COPY

---

## DEED OF TRUST
### (For use in the State of Washington only)

Escrow No.: P030508-01
Title Order No.: A-160015

THIS DEED OF TRUST, made this 25th day of April, 2008, between

Synergistic Enterprises, Inc., A Washington Corporation

as GRANTOR(S)
whose street address is P.O. Box 173, Montesano, WA 98563

and

Andrews Legal Services, PLLC

as TRUSTEE
whose street address is P.O. Box 2088, Ocean Shores, WA 98569

and

Charles E. Utterback

BENEFICIARY, whose street address is P.O. Box 2153, Ocean Shores, WA 98569.
WITNESSETH: Grantor(s) hereby bargain(s), sell(s), and convey(s) to Trustee in trust, with power of
sale, the following described real property in Grays Harbor County, Washington:

| | |
|---|---|
| Lot 179, Div 8/091700017600 | Lot 410, Div 9/091900041000 |
| Lot 128, Div 10/092100012800 | Lot 13, Blk 4, Div 17/093300401300 |
| Lot 4, Blk 6, Div 18/093700900400 | Lot 9, Blk 7, Div 19A/094100700900 |
| Lot 36, Blk 10, Div 19A/094101003600 | Lot 9, Blk 12, Div 19A/094101200900 |
| Lot 8, Blk 8, Div 22/094700800800 | Lot 29, Blk 8, Div 22/094700802900 |

See Attached Exhibit "A" for full legal descriptions

See Attached Exhibit "B" for subject to items

Tax Parcel Number(s): SEE ABOVE

which real property is not used principally for agricultural purposes, together with all the tenements,
hereditaments, and appurtenances now or hereafter belonging or in any way appertaining, and the
rents, issues, and profits, of the property.

This Deed of Trust is for the purpose of securing performance of each agreement of Grantor(s)
contained in this Deed of Trust, and payment of the sum of One Hundred Fifty Thousand and 00/100
Dollars ($150,000.00) with interest, in accordance with the terms of a promissory note of even date
herewith, payable to Beneficiary or order, and made by the Grantor(s), and all renewals, modifications,
and extensions of the note, and also such further sums as may be advanced or loaned by Beneficiary to
Grantor(s), or any of the Grantor(s)' successors or assigns, together with interest thereon at the rate
agreed upon.

DUE DATE: The entire balance of the promissory note secured by this Deed of Trust, together with any
and all interest accrued thereon, shall be due and payable in full on April 23, 2009.

To protect the security of this Deed of Trust, Grantor(s) covenant(s) and agree(s):

1. To keep the property in good condition and repair; to permit no waste of the property; to complete
   any building, structure, or improvement being built or about to be built on the property; to restore

LPB 22A-05(i-i)

# DEED OF TRUST
(Continued)

promptly any building, structure, or improvement being built or about to be built on the property which may be damaged or destroyed; and to comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the property.

2. To pay before delinquent all lawful taxes and assessments upon the property; to keep the property free and clear of all other charges, liens, or encumbrances impairing the security of this Deed of Trust.

3. To keep all buildings now or hereafter erected on the property continuously insured against loss by fire or other hazards in an amount not less than the total debt secured by this Deed of Trust. All policies shall be held by the Beneficiary, and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary, as their interest may appear, and then to the Grantor, and the amount collected under any insurance policy may be applied upon any indebtedness hereby secured in such order as the Beneficiary shall determine. Such application by the Beneficiary shall not cause discontinuance of any proceedings to foreclose this Deed of Trust. In the event of a foreclosure, all rights of the Grantor(s) in insurance policies then in force shall pass to the purchaser at the foreclosure sale.

4. To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of title search and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

5. To pay all costs, fees, and expenses in connection with this Deed of Trust, including the expenses of the Trustee incurred in enforcing the obligation secured by this Deed of Trust and Trustee's and attorney's fees actually incurred, as provided by statute.

6. Should Grantor(s) fail to pay when due any taxes, assessments, insurance premiums, liens, encumbrances, or other charges against the property, Beneficiary may pay the same, and the amount so paid, with interest at the rate set forth in the note secured by this Deed of Trust, shall be added to and become a part of the debt secured in this Deed of Trust.

7. DUE ON SALE: (OPTIONAL - not applicable unless initialed by Grantor and Beneficiary) The property described in this security instrument may not be sold or transferred without the Beneficiary's consent. Upon breach of this provision, Beneficiary may declare all sums due under the note and Deed of Trust immediately due and payable, unless prohibited by applicable law.

_____          _____
Grantor (initials)                         Beneficiary (initials)
         /M/                                        (CU)

IT IS MUTUALLY AGREED THAT:

8. In the event that any portion of the property is taken or damaged in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the obligation secured by this Deed of Trust, shall be paid to Beneficiary to be applied to said obligation.

9. By accepting payment of any sum secured by this Deed of Trust after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.

10. The Trustee shall reconvey all or any part of the property covered by this Deed of Trust to the person entitled thereto, on written request of the Grantor(s) and the Beneficiary, or upon satisfaction of the obligation secured and written request for reconveyance made by the Beneficiary or the person entitled thereto.

11. Upon default by Grantor(s) in the payment of any indebtedness secured by this Deed of Trust or in the performance of any agreement contained in this Deed of Trust, all sums secured by this Deed of Trust shall immediately become due and payable at the option of the Beneficiary, subject to any cure period provided in the note secured by this Deed of Trust. In such event and upon written request of Beneficiary, Trustee shall sell the trust property, in accordance with this Deed of Trust Act of the State of Washington, at public auction to the highest bidder. Any person except Trustee may bid at Trustee's sale. Trustee shall apply the proceeds of the sale as follows: (1) to the expense of the sale, including a reasonable Trustee's fee and attorney's fee; (2) to the obligation secured by this Deed of Trust; and (3) the surplus, if any, shall be distributed to the persons entitled thereto.

LPB 22A-05r4

# DEED OF TRUST
## (Continued)

12. Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser all right, title and interest in the real and personal property which Grantor(s) had or had the power to convey at the time of the execution of this Deed of Trust, and such as Grantor(s) may have acquired thereafter. Trustee's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Deed of Trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchaser and encumbrancers for value.

13. The power of sale conferred by this Deed of Trust and by the Deed of Trust Act of the State of Washington is not an exclusive remedy; Beneficiary may cause this Deed of Trust to be foreclosed as a mortgage.

14. In the event of the absence, death, incapacity, disability, or resignation of Trustee, or at the discretion of the Beneficiary, Beneficiary may appoint in writing a successor trustee, and upon the recording of such appointment in the mortgage records of the county in which this Deed of Trust is recorded, the successor trustee shall be vested with all powers of the original trustee. The trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of an action or proceeding in which Grantor(s), Trustee, or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee.

15. This Deed of Trust applies to, inures to the benefit of, and is binding not only on the parties hereto, but on his/her/their heirs, devisees, legatees, administrators, executors, and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby, whether or not named as Beneficiary herein.

16. ADDITIONAL TERMS AND CONDITIONS: (check one)

    a. ( ) NONE

    OR

    b. (X) As set forth on the attached "Exhibit _____" which is incorporated by this reference.

        (Note: If neither a nor b is checked, then option "a" applies)

Dated: 4/25/08

Synergistic Enterprises, Inc., A Washington Corporation

BY: _____
Nathaniel Lodwig, President

BY: _____
Nathaniel Lodwig, Individually as a co-maker and not a surety

STATE OF Washington

COUNTY OF Grays Harbor

I, Merilee A. Marten, a Notary Public of the County and State first above written, do hereby certify that Nathaniel Lodwig, President of Synergistic Enterprises, Inc., A Washington Corporation and Nathaniel Lodwig, Individually personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal, this the 25 day of April, 2008.

_____
Notary Public

My Commission Expires: 11/29/11

(SEAL)

MERILEE A. MARTEN
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
NOVEMBER 29, 2011

LPB 22A-05(I-I

## DEED OF TRUST
(Continued)

REQUEST FOR FULL RECONVEYANCE - Do not record. To be used only when note has been paid.

TO: TRUSTEE

The undersigned is the legal owner and holder of the note and all other indebtedness secured by the within Deed of Trust. Said note, together with all other indebtedness secured by said Deed of Trust, has been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you thereunder.

Dated: _____      _____

                                    _____

LPB 22A-05014

2008-04290095
Page 4 of 7    R 48.00    04/29/2008 03:19 PM    DTRUST
GRAYS HARBOR TITLE     Grays Harbor Co, WA

## DEED OF TRUST
(Continued)

## EXHIBIT ""

The beneficiary will release the 3 lots commonly known as 1237 Storm King, 1036 Brentwood Pl and 443S. Portal Loop with a principal payment of $18,000.00 each. The 3 lots commonly known as 252 N. Wynoochee Dr., 213 N. Wynoochee Dr. and 1448 Storm King for the principal payment of $18,000.00 each. The 2 lots commonly known as 1428 Sand Pebble and 308 Lake Bay Loop for a principal payment of $20,000.00 each. The 2 lots commonly known as 198 Cakescta St and 341 Redwood Ct. for the principal payment of $22,000.00 each.

Exhibit A

**PARCEL 1:** 091700017900

Lot 179, Ocean Shores Division No. 8, as per plat recorded in Volume 8 of Plats, page 97, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 2:** 091900041000

Lot 410, Ocean Shores Division No. 9, as per plat recorded in Volume 8 of Plats, page 108 and Ocean Shores Corrected Plat of Division No.9, as per plat recorded in Volume 8 of Plats, page 114, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 3:** 092100012800

Lot 128, Ocean Shores Division No. 10, as per plat recorded in Volume 8 of Plats, page 118, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 4:** 093300401300

Lot 13, Block 4, Ocean Shores Division No. 17, as per plat recorded in Volume 9 of Plats, page 34, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 5:** 093700600400

Lot 4, Block 6, Ocean Shores Division No. 18, as per plat recorded in Volume 9 of Plats, page 98, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 6:** 094100700900

Lot 9, Block 7, Ocean Shores Division No. 19-A, as per plat recorded in Volume 9 of Plats, page 121, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 7:** 094101003600

Lot 36, Block 10, Ocean Shores Division No. 19-A, as per plat recorded in Volume 9 of Plats, page 121, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 8:** 094101200900

Lot 9, Block 12, Ocean Shores Division No. 19-A, as per plat recorded in Volume 9 of Plats, page 121, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 9:** 094700800800

Lot 8, Block 8, Ocean Shores Division No. 22, as per plat recorded in Volume 9 of Plats, page 56, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

**PARCEL 10:** 094700802900

Lot 29, Block 8, Ocean Shores Division No. 22, as per plat recorded in Volume 9 of Plats, page 56, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

## EXHIBIT B.    SUBJECT TO ITEMS:

Preliminary estimated assessment in an unknown amount for Street Improvement under Street LID No. 2007-1.

Agreements, Conditions, Restrictions and Reservations Regarding Ownership of Real Property in Ocean Shores, Washington;
Recorded:        September 2, 1988
File No.:        880902102
A copy of which is hereto attached.
Affects:        Parcel 9

Past, present, and future assessments, if any, of Ocean Shores Community Club, Inc., as disclosed by the Claim of Lien recorded October 16, 1970, under Auditor's File No. 239143, Volume 61 of General, page 635, by Ocean Shores Community Club, claimant, against all the Lots in all the Divisions, Blocks, and Tracts in the Plat of Ocean Shores, Grays Harbor County, Washington, and the owners thereof.

Note: Said Lien was re-recorded March 1, 1983, under Auditor's File No. 830302014, Microfilm No. 83 03505, records of Grays Harbor County.
Affects:        Parcels 1, 3, 4, 6, 7, 8, 9, and 10

Subject to the provisions of the "Amended and Restated Articles of Incorporation" and the "Amended and Restated By-Laws" of the Ocean Shores Community Club, Inc., or as may be amended and of those covenants, including but not limited to all of the dues and assessments (past, present, and future) of the Ocean Shores Community Club, Inc., as shall be levied in accordance with its "Amended and Restated By-Laws" and any amendments thereto, as disclosed by Amendments to Restrictive Covenants recorded October 30, 1989, under Auditor's File No. 891030041, Microfilm No. 89 25815.
Affects:        Parcels 1, 3, 4, 6, 7, 8, 9, and 10
Restrictive covenants and amendments thereto, slope rights, and easements appearing on the face of the Plat.

Restrictive covenants and easements appearing on the face of the Plat of Ocean Shores Division No. 17, as per plat recorded in Volume 9 of Plats, pages 34 thru 46, records of Grays Harbor County and amended by Declaratory Judgment filed February 6, 2007 in the Grays Harbor County Superior Court Cause No. 05-2-00466-4 and recorded February 21, 2007 in the Grays Harbor Clerks Office, Auditor's Office under File No. 2007-02210053, pages 26, 29 and 30 attached.
Affects:        Parcel 4

Reservations contained in instrument;
Recorded:        June 20, 1960
File No.:        84560, Volume 408 of Deeds, page 339
Reserving:        all, oil and mineral rights

Amendment to Reservation
Recorded:        February 17, 1967
File No.:        182488
Purpose:        to provide reasonable compensation for any damage to surface rights per agreement

Exceptions and reservations, including the terms and conditions thereof.
Recorded:        March 7, 1960
File No.:        80560; Volume 400 of Deeds, page 622
Reserving:        all oil, gases, coal, ores, minerals, fossils, etc., and the right of entry for opening,        developing, and working mines, etc., provided that no rights shall be exercised        until provision has been made for full payment of all damages sustained by        reason of such entry.

Property addresses are as follows:

252 N. Wynoochee Drive SW
Ocean Shores, WA 98569
Affects: Parcel 1

188 Oakscosta St., SE
Ocean Shores, WA 98569
Affects: Parcel 2

213 N. Wynoochee Drive SW
Ocean Shores, WA 98569
Affects: Parcel 3

1038 Brentwood Place
Ocean Shores, WA 98569
Affects: Parcel 4

1237 Storm King Ave.
Ocean Shores, WA 98569
Affects: Parcel 5

443 S. Portal Loop
Ocean Shores, WA 98569
Affects: Parcel 6

1428 Sand Pebble Ave.
Ocean Shores, WA 98569
Affects: Parcel 7

1448 Storm King Ave.
Ocean Shores, WA 98569
Attn: Parcel 8

341 Redwood Court SE
Ocean Shores, WA 98569
Affects: Parcel 9

308 Lake Bay Loop SE
Ocean Shores, WA 98569
Affects: Parcel 10

2008-04290095    04/25/2008 03:19 PM    DTRUST
Page 7 of 7    R 49.00    Grays Harbor Co., WA
GRAYS HARBOR TITLE

Exhibit S

Note #10



# COMMERCIAL PURPOSE PROMISSORY NOTE
## (INTEREST INCLUDED – DUE DATE)

$ 50,000.00          Ocean Shores, Washington          08/01/08

For Value received, Synergistic Enterprises Inc., A Washington Corporation, promises to pay to Charles E. Utterback with payments sent to P.O. Box 2153 Ocean Shores, WA 98569 OR any other place as the holder may direct in writing the sum of $50,000.00 (Fifty Thousand 00/100 Dollars), with interest from 08/01/08, on unpaid principal balance at the rate of 12.00% (Twelve percent) per annum; principal and interest payable in monthly installments of $ 1,000.00 (One Thousand 00/100 Dollars) or more at the maker's option beginning on 09/23/08 and continuing until 08/23/09 on which day the balance of principal and interest shall be due and payable. Each payment shall be credited first on interest and the remainder on principal; and interest shall thereupon cease upon the principal so credited. Principal and interest payable in lawful money of the United States of America.

There shall be a late charge assessed whenever any payment specified above has not been received within (5) days of the date specified. This charge shall be Eight percent (8.00%) of the payment due and shall be remitted by the maker in addition to the regular payment then due. At any time when a late charge has been assessed funds received shall be applied first to any such late charges outstanding, and then to the interest owing, and finally to the outstanding principal balance.

If the imposition of a late charge results in a monthly payment less than the amount of interest accrued for a month, such accrued but unpaid interest will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note. In addition, in the event funds are not received for any particular month, the outstanding late charge, accrued but unpaid interest, and the trust funds requirements, if applicable, will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note.

In the event any payments required by this Promissory Note are not paid when due, or in the event maker violated any of the terms and conditions of the Deed of Trust securing this Promissory Note, then the whole sum of both principal and interest shall become due at once without further notice at the option of the holder of this Note.

The default interest rate shall be at the rate of 18.00% per annum. For the purposes herein, default shall constitute any payments not made when due, including but not limited to regular monthly payments, final payment at maturity, real property taxes, fire or hazard insurance, and senior obligations.

When monies are advanced by beneficiaries such amounts will be added to the principal balance and default interest will be charged thereon.

On the final payment at maturity, the late charge shall be two percent (2%) of that payment if it has not been received within five (5) days of the date this Note is due. This late charge is assessed to cover the administration costs associated with delinquency. It is not additional interest. If not paid, the two percent (2%) late charge will be added to the unpaid principal balance and will thereafter bear interest at the default interest rate provided on page 1.

If this Note shall be placed with an attorney for collection, or if suit shall be brought to collect any amounts due on this Note, maker promises to pay costs of said action, including a reasonable attorney's fee.

Presentation for payment, notice of dishonor, protest and notice of protest are hereby waived. Failure to exercise any right or option by holder shall not constitute a waiver of successive defaults by maker.

Maker executed this note as a Principal and not as a Surety.

This Promissory Note shall be construed and enforced in accordance with the law of the State of Washington and maker expressly agrees that venue of any action to construe or enforce this Note shall be laid in Grays Harbor County, Washington.

<u>THIS NOTE IS FOR COMMERCIAL PURPOSES ONLY.
THE MAKER FURTHER REPRESENTS AND WARRANTS TO HOLDER
THAT NO PART OF THE PROCEEDS OF THIS LOAN IS TO BE
USED FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES OF ANY
PERSON, NOR FOR THE PURCHASE OF ANY CONSUMER GOODS.</u>

<u>Refer to Exhibits A & B for further terms and conditions. Any Exhibits attached hereto shall be incorporated herein by reference.</u>

**MAKERS**

Synergistic Enterprises Inc., A Washington Corporation

## PAYEES APPROVAL & ACCEPTANCE

Synergistic Enterprise Inc.

BY: _Nathaniel Lodwig_           Date _7/25/08_
Nathaniel Lodwig, President

BY: _Nathaniel Lodwig_         Date _7/25/08_
Nathaniel Lodwig, Individually as a co-maker and not as a surety

## EXHIBIT "A"

1. GRANTOR HEREBY ASSIGNS TO BENEFICIARY ANY AND ALL OF THE GRANTOR'S RIGHT, TITLE, AND INTEREST IN AND TO ANY LEASE OR LEASES UPON THE PREMISES LEGALLY DESCRIBED IN THE DEED OF TRUST WHICH SECURES THIS NOTE, AS ADDITIONAL SECURITY FOR THIS PERFORMANCE BY GRANTOR OR GRANTOR'S OBLIGATIONS HEREUNDER. THIS ASSIGNMENT SHALL BECOME EFFECTIVE UPON SERVICE BY BENEFICIARY OF ANY NOTICE OF DEFAULT IN THE MANNER BY LAW PROVIDED AND SHALL FULLY ENTITLE BENEFICIARY TO RECEIVE ANY RENTS PAID THEREUNDER.

2. IF ALL OR ANY PART OF THE SUBJECT REAL PROPERTY, OR ANY INTEREST HEREIN, IS SOLD OR TRANSFERRED BY THE GRANTOR HEREIN, THEN BENEFICIARY RESERVES THE RIGHT TO DEMAND THE IMMEDIATE AND FULL PAYMENT OF THE THEN OUTSTANDING PRINCIPAL BALANCE.

3. GRANTOR HEREIN AGREES TO PAY BALANCE IN FULL ON OR BEFORE 08/23/09

Synergistic Enterprise Inc.

BY: _Nathaniel Lodwig_          Date _8/25/08_
Nathaniel Lodwig, President

BY: _Nathaniel Lodwig_          Date _8/25/08_
Nathaniel Lodwig, Individually as a co-maker and not as a surety

## EXHIBIT "B"
## BORROWER'S STATEMENT

Borrower Synergistic Enterprises Inc., A Washington Corporation., (hereinafter "Borrower") desires to borrow a total amount of $50,000.00 (Fifty Thousand 00/100 Dollars) from Charles E. Utterback (hereinafter "Lender"). Borrower acknowledges that he has been advised that the interest rate provided for in this Promissory Note evidencing this loan, exceeds the lawful interest rates for consumer loans. Borrower further acknowledges that this loan is not a consumer loan, but is a loan for business and commercial purposes, and therefore, is exempt from the statutes of the State of Washington which govern usury. Borrower specifically states and alleges that this loan is for the purpose of use in the Borrower's re-investment in properties. Lender relied on the representations of Borrower in making the subject loan. If not for the business nature of this loan, Lender would not be involved with this transaction.

Synergistic Enterprise Inc.

BY: _Nathaniel Lodwig_
    Nathaniel Lodwig, President        Date _7/25/08_

BY: _Nathaniel Lodwig_
    Nathaniel Lodwig, Individually as a co-maker and not as a surety    Date _7/25/08_

)                                    )

# Exhibit T

# DOT #10

CONFORMED
COPY.

When recorded return to:

Charles E. Utterback
P.O. Box 2153
Ocean Shores, WA 98569

# DEED OF TRUST
*(For use in the State of Washington only)*

Escrow No.: P07070B-03
Title Order No.: A-160992

THIS DEED OF TRUST, made this 1st day of August, 2008, between

Synergistic Enterprises Inc., A Washington Corporation

**as GRANTOR(S)**

whose street address is P.O. Box 173, Montesano, WA 98563

and

Andrews Legal Services, PLLC

**as TRUSTEE**

whose street address is P.O. Box 2068, Ocean Shores, WA 98569

and

Charles E. Utterback

BENEFICIARY, whose street address is P.O. Box 2153, Ocean Shores, WA 98569.

WITNESSETH: Grantor(s) hereby bargain(s), sell(s), and convey(s) to Trustee in trust, with power of sale, the following described real property in Grays Harbor County, Washington:

Lot 47 and 50, Ocean Shores Division No. 10, as per plat recorded in Volume 8 of Plats, page 118, records of Grays Harbor County.

Lot 35, Block 2, Ocean Shores Division No. 20, as per plat recorded in Volume 9 of Plats, page 72, records of Grays Harbor County.

Situate in the County of Grays Harbor, State of Washington.

COMMON ADDRESSES:
640 OCEAN SHORES BLVD SW
864 OCEAN SHORES BLVD SW
859 WAWONA ST

Tax Parcel Number(s): 0921000047000\0821000006000\0914300203456

which real property is not used principally for agricultural purposes, together with all the tenements, hereditaments, and appurtenances now or hereafter belonging to or in any way appertaining, and the rents, issues, and profits, of the property.

This Deed of Trust is for the purpose of securing performance of each agreement of Grantor(s) contained in this Deed of Trust, and payment of the sum of Fifty Thousand and 00/100 Dollars ($50,000.00) with interest, in accordance with the terms of a promissory note of even date herewith, payable to Beneficiary or order, and made by the Grantor(s), and all renewals, modifications, and extensions of the note, and also such further sums as may be advanced or loaned by Beneficiary to Grantor(s), or any of the Grantor(s)' successors or assigns, together with interest thereon at the rate agreed upon.

DUE DATE: The entire balance of the promissory note secured by this Deed of Trust, together with any and all interest accrued thereon, shall be due and payable in full on August 23, 2008.

To protect the security of this Deed of Trust, Grantor(s) covenant(s) and agree(s):

LPB 22A-05(i)

# DEED OF TRUST
(Continued)

1. To keep the property in good condition and repair; to permit no waste of the property; to complete any building, structure, or improvement being built or about to be built on the property; to restore promptly any building, structure, or improvement being built or about to be built on the property which may be damaged or destroyed; and to comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the property.

2. To pay before delinquent all lawful taxes and assessments upon the property; to keep the property free and clear of all other charges, liens, or encumbrances impairing the security of this Deed of Trust.

3. To keep all buildings now or hereafter erected on the property continuously insured against loss by fire or other hazards in an amount not less than the total debt secured by this Deed of Trust. All policies shall be held by the Beneficiary, and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary and then to the Grantor, as their interests may appear, and then to the Beneficiary. Such application by the Beneficiary shall not cause discontinuance of any proceedings to foreclose this Deed of Trust. In the event of a foreclosure, all rights of the Grantor in insurance policies then in force shall pass to the purchaser at the foreclosure sale.

4. To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of title search and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

5. To pay all costs, fees, and expenses in connection with this Deed of Trust, including the expenses of the Trustee incurred in enforcing the obligation secured by this Deed of Trust and Trustee's and attorney's fees actually incurred, as provided by statute.

6. Should Grantor(s) fail to pay when due any taxes, assessments, insurance premiums, liens, encumbrances, or other charges against the property, Beneficiary may pay the same, and the amount so paid, with interest at the rate set forth in the note secured by this Deed of Trust, shall be added to and become a part of the debt secured in this Deed of Trust.

7. DUE ON SALE - (OPTIONAL - not applicable unless initialed by Grantor and Beneficiary)  The property described in this security instrument may not be sold or transferred without the Beneficiary's consent. Upon breach of this provision, Beneficiary may declare all sums due under the note and this Deed of Trust immediately due and payable, unless prohibited by applicable law.

Grantor (Initials) _____       Beneficiary (Initials) _____

IT IS MUTUALLY AGREED THAT:

8. In the event that any portion of the property is taken or damage in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the obligation secured by this Deed of Trust, shall be paid to Beneficiary to be applied to said obligation.

9. By accepting payment of any sum secured by this Deed of Trust after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.

10. The Trustee shall reconvey all or any part of the property covered by this Deed of Trust to the person entitled thereto, on written request of the Grantor(s) and the Beneficiary, or upon satisfaction of the obligation secured and written request for reconveyance made by the Beneficiary or the person entitled thereto.

11. Upon default by Grantor(s) in the payment of any indebtedness secured by this Deed of Trust or in the performance of any agreement contained in this Deed of Trust, all sums secured by this Deed of Trust shall immediately become due and payable at the option of the Beneficiary, subject to any cure period provided in the note secured by this Deed of Trust. In such event and upon written request of Beneficiary, Trustee shall sell the trust property, in accordance with the Deed of Trust Act of the State of Washington, at public auction to the highest bidder. Any person except Trustee may bid at Trustee's sale. Trustee shall apply the proceeds of the sale as follows: (1) to the expense of the sale, including a reasonable Trustee's fee and attorney's fee; (2) to the obligation secured by

LPB 22A-05(i)

CITY TITLE<br>
DTRUST    Grays Harbor Co., WA<br>
R 47.00    Page 2 of 3<br>
09/01/2008 03:32 PM<br>
2008-08010808

## DEED OF TRUST
(Continued)

this Deed of Trust; and (3) the surplus, if any, shall be distributed to the persons entitled thereto.

12. Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser all right, title and interest in the real and personal property which Grantor(s) had or had the power to convey at the time of the execution of this Deed of Trust, and such as Grantor(s) may have acquired thereafter. Trustee's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Deed of Trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchaser and encumbrancers for value.

13. The power of sale conferred by this Deed of Trust and by the Deed of Trust Act of the State of Washington is not an exclusive remedy; Beneficiary may cause this Deed of Trust to be foreclosed as a mortgage.

14. In the event of the absence, death, incapacity, disability, or resignation of Trustee, or at the discretion of the Beneficiary, Beneficiary may appoint in writing a successor trustee, and upon the recording of such appointment in the mortgage records of the county in which this Deed of Trust is recorded, the successor trustee shall be vested with all powers of the original trustee. The trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of an action or proceeding in which Grantor(s), Trustee, or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee.

15. This Deed of Trust applies to, inures to the benefit of, and is binding not only on the parties hereto, but on his/her/their heirs, devisees, legatees, administrators, executors, and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby, whether or not named as Beneficiary herein.

16. ADDITIONAL TERMS AND CONDITIONS:  (check one)

    a.  ( )   NONE

    OR

    b.  (X)   As set forth on the attached "Exhibit A" which is incorporated by this reference.

    (Note: If neither a nor b is checked, then option "a" applies)

Dated:  8|1|08

Synergistic Enterprise Inc.

BY: _Nathaniel Lodwig_
Nathaniel Lodwig, President

BY: _Nathaniel Lodwig_
Nathaniel Lodwig, Individually as a co-maker and not as a surety

STATE OF Washington
COUNTY OF Grays Harbor

I, Merilee A. Marten , a Notary Public of the County and State first above written, do hereby certify that Nathaniel Lodwig, President of Synergistic Enterprises Inc. and Nathaniel Lodwig, as an individual personally appeared before me this day and acknowledged the due execution of the foregoing instrument.
Witness my hand and official seal, this the 25 day of July , 2008.

_Merilee A. Marten_
Notary Public
My Commission Expires: 11|29|11
(SEAL)

MERILEE A. MARTEN
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
NOVEMBER 29 2011

LPB 22A-05(i)-I

2008-08018390      08/01/2008 03:32 PM   DTRUST
Page 3 of 5    R 47.00    Grays Harbor Co, WA
GRAYS HARBOR TITLE

**DEED OF TRUST**
(Continued)

## EXHIBIT "A"

The Beneficiary agrees to release each lot with a principal payment in the amount of $20,000.00

Exhibit U

Note #11

COPY

# COMMERCIAL PURPOSE PROMISSORY NOTE
## (INTEREST INCLUDED – DUE DATE)

**$ 86,000.00**      Ocean Shores, Washington      08/15/08

For Value received, Synergistic Enterprises, Inc., a Washington Corporation, promises to pay to Charles E. Utterback with payments sent to P.O. Box 2153 Ocean Shores, WA 98569 OR any other place as the holder may direct in writing the sum of Eighty Six Thousand 00/100 ($86,000.00), with interest from 08/15/08, on unpaid principal balance at the rate of Twelve Percent (12.0000%) per annum; principal and interest payable in monthly installments of Seventeen Hundred Twenty 00/100 Dollars ($ 1,720.00) or more at the maker's option beginning on 09/23/08 and continuing until 08/23/09 on which day the balance of principal and interest shall be due and payable. Each payment shall be credited first on interest and the remainder on principal; and interest shall thereupon cease upon the principal so credited. Principal and interest payable in lawful money of the United States of America.

There shall be a late charge assessed whenever any payment specified above has not been received within (5) days of the date specified. This charge shall be Six percent (6.0000%) of the payment due and shall be remitted by the maker in addition to the regular payment then due. At any time when a late charge has been assessed funds received shall be applied first to any such late charges outstanding, and then to the interest owing, and finally to the outstanding principal balance.

If the imposition of a late charge results in a monthly payment less than the amount of interest accrued for a month, such accrued but unpaid interest will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note. In addition, in the event funds are not received for any particular month, the outstanding late charge, accrued but unpaid interest, and the trust funds requirements, if applicable, will be added monthly to the unpaid principal balance and will thereafter bear interest at the interest rate that is then payable on this Note.

In the event any payments required by this Promissory Note are not paid when due, or in the event maker violated any of the terms and conditions of the Deed of Trust securing this Promissory Note, then the whole sum of both principal and interest shall become due at once without further notice at the option of the holder of this Note.

The default interest rate shall be at the rate of Eighteen Percent (18.0000%) per annum. For the purposes herein, default shall constitute any payments not made when due, including but not limited to regular monthly payments, final payment at maturity, real property taxes, fire or hazard insurance, and senior obligations.

When monies are advanced by beneficiaries such amounts will be added to the principal balance and default interest will be charged thereon.





On the final payment at maturity, the late charge shall be two percent (2%) of that payment if it has not been received within five (5) days of the date this Note is due. This late charge is assessed to cover the administration costs associated with delinquency. It is not additional interest. If not paid, the two percent (2%) late charge will be added to the unpaid principal balance and will thereafter bear interest at the default interest rate provided on page 1.

If this Note shall be placed with an attorney for collection, or if suit shall be brought to collect any amounts due on this Note, maker promises to pay costs of said action, including a reasonable attorney's fee.

Presentation for payment, notice of dishonor, protest and notice of protest are hereby waived. Failure to exercise any right or option by holder shall not constitute a waiver of successive defaults by maker.

Maker executed this note as a Principal and not as a Surety.

This Promissory Note shall be construed and enforced in accordance with the law of the State of Washington and maker expressly agrees that venue of any action to construe or enforce this Note shall be laid in Grays Harbor County, Washington.

<u>THIS NOTE IS FOR COMMERCIAL PURPOSES ONLY.
THE MAKER FURTHER REPRESENTS AND WARRANTS TO HOLDER
THAT NO PART OF THE PROCEEDS OF THIS LOAN IS TO BE
USED FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES OF ANY
PERSON, NOR FOR THE PURCHASE OF ANY CONSUMER GOODS.</u>

<u>Refer to Exhibits A & B for further terms and conditions. Any Exhibits attached hereto shall be incorporated herein by reference.</u>

<u>MAKERS</u>

Synergistic Enterprises, Inc., a Washington Corporation

## PAYEES APPROVAL & ACCEPTANCE

Synergistic Enterprises, Inc., a Washington Corporation

BY: _Nathaniel Lodwig_                                    Date _8/6/08_
Nathaniel Lodwig, President

BY: _Nathaniel Lodwig_
Nathaniel Lodwig, Individually as Co-Maker and Not as a Surety          Date _8/12/08_



## EXHIBIT "A"

1. GRANTOR HEREBY ASSIGNS TO BENEFICIARY ANY AND ALL OF THE GRANTOR'S RIGHT, TITLE, AND INTEREST IN AND TO ANY LEASE OR LEASES UPON THE PREMISES LEGALLY DESCRIBED IN THE DEED OF TRUST WHICH SECURES THIS NOTE, AS ADDITIONAL SECURITY FOR THIS PERFORMANCE BY GRANTOR OR GRANTOR'S OBLIGATIONS HEREUNDER. THIS ASSIGNMENT SHALL BECOME EFFECTIVE UPON SERVICE BY BENEFICIARY OF ANY NOTICE OF DEFAULT IN THE MANNER BY LAW PROVIDED AND SHALL FULLY ENTITLE BENEFICIARY TO RECEIVE ANY RENTS PAID THEREUNDER.

2. IF ALL OR ANY PART OF THE SUBJECT REAL PROPERTY, OR ANY INTEREST HEREIN, IS SOLD OR TRANSFERRED BY THE GRANTOR HEREIN, THEN BENEFICIARY RESERVES THE RIGHT TO DEMAND THE IMMEDIATE AND FULL PAYMENT OF THE THEN OUTSTANDING PRINCIPAL BALANCE.

3. GRANTOR HEREIN AGREES TO PAY BALANCE IN FULL ON OR BEFORE 08/23/09

Synergistic Enterprises, Inc., a Washington Corporation

BY: _Nathaniel Lodwig_        Date _8/12/08_
  Nathaniel Lodwig, President

BY: _Nathaniel Lodwig_        Date _8/12/08_
  Nathaniel Lodwig, Individually as Co-Maker and Not as a Surety

## EXHIBIT "B"
## BORROWER'S STATEMENT

Borrower Synergistic Enterprises, Inc., a Washington Corporation., (hereinafter "Borrower") desires to borrow a total amount of Eighty Six Thousand 00/100 Dollars ($86,000.00) from Charles E. Utterback (hereinafter "Lender"). Borrower acknowledges that he has been advised that the interest rate provided for in this Promissory Note evidencing this loan, exceeds the lawful interest rates for consumer loans. Borrower further acknowledges that this loan is not a consumer loan, but is a loan for business and commercial purposes, and therefore, is exempt from the statutes of the State of Washington which govern usury. Borrower specifically states and alleges that this loan is for the purpose of use in the Borrower's property investment business. Lender relied on the representations of Borrower in making the subject loan. If not for the business nature of this loan, Lender would not be involved with this transaction.

Synergistic Enterprises, Inc., a Washington Corporation

BY: _Nathaniel Lodwig_
Nathaniel Lodwig, President                      Date _8/12/08_

BY: _Nathaniel Lodwig_
Nathaniel Lodwig, Individually as Co-Maker and Not as a Surety    Date _8/12/08_

)                              )

# Exhibit V

# DOT #11



CONFORMED
COPY

When recorded return to:

Charles E. Utterback
P.O. Box 2153
Ocean Shores, WA 98569

# DEED OF TRUST
### (For use in the State of Washington only)

Escrow No.: P080408-01
Title Order No.: A161196

THIS DEED OF TRUST, made this 15th day of August, 2008, between

Synergistic Enterprises, Inc., a Washington Corporation

as GRANTOR(S)
whose street address is PO Box 173, Montesano, WA 98563

and

Andrews Legal Services, PLLC

as TRUSTEE
whose street address is PO Box 2068, Ocean Shores, WA 98569

and

Charles E. Utterback

BENEFICIARY, whose street address is P.O. Box 2153, Ocean Shores, WA 98569.
WITNESSETH: Grantor(s) hereby bargain(s), sell(s), and convey(s) to Trustee in trust, with power of
sale, the following described real property in Grays Harbor County, Washington:

Parcel Numbers: 091700010000, 092500001200, 093900204800, 094100400400

FULL LEGAL DESCRIPTION LOCATED ON EXHIBIT A

Common Addresses: 542 Ocean Shores Blvd. SW, 844 Point Brown Ave, 1357 Delta Ct., 473
Hilo Court, all located in Ocean Shores, WA 98569

Tax Parcel Number(s): SEE ABOVE

which real property is not used principally for agricultural purposes, together with all the tenements,
hereditaments, and appurtenances now or hereafter belonging or in any way appertaining, and the
rents, issues, and profits, of the property.

This Deed of Trust is for the purpose of securing performance of each agreement of Grantor(s)
contained in this Deed of Trust, and payment of the sum of Eighty Six Thousand and 00/100 Dollars
($86,000.00) with interest, in accordance with the terms of a promissory note of even date herewith,
payable to Beneficiary or order, and made by the Grantor(s), and all renewals, modifications, and
extensions of the note, and also such further sums as may be advanced or loaned by Beneficiary to
Grantor(s), or any of the Grantor(s)' successors or assigns, together with interest thereon at the rate
agreed upon.

DUE DATE: The entire balance of the promissory note secured by this Deed of Trust, together with any
and all interest accrued thereon, shall be due and payable in full on August 23, 2009.

To protect the security of this Deed of Trust, Grantor(s) covenant(s) and agree(s):

1.  To keep the property in good condition and repair; to permit no waste of the property; to complete
    any building, structure, or improvement being built or about to be built on the property; to restore
    promptly any building, structure, or improvement being built or about to be built on the property
    which may be damaged or destroyed; and to comply with all laws, ordinances, regulations,
    covenants, conditions, and restrictions affecting the property.

LPB 22A-05(i)-i

2008-0019047
Page 2 of 8
08/15/2008 03:17 PM
GRAYS HARBOR TITLE
Grays Harbor Co. WA
TRUST

SPN 224-0504

# DEED OF TRUST
## (Continued)

2. To pay before delinquent all lawful taxes and assessments upon the property; to keep the property free and clear of all other charges, liens, or encumbrances impairing the security of this Deed of Trust.

3. To keep all buildings now or hereafter erected on the property continuously insured against loss by fire or other hazards in an amount not less than the total debt secured by this Deed of Trust. All policies shall be held by the Beneficiary, and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary, as its interest may appear, and then to the Grantor. The amount collected under any insurance policy may be applied upon any indebtedness hereby secured in such order as the Beneficiary shall determine. Such application by the Beneficiary shall not cause discontinuance of any proceedings to foreclose this Deed of Trust. In the event of a foreclosure, all rights of the Grantor(s) in insurance policies then in force shall pass to the purchaser at the foreclosure sale.

4. To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of title search and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

5. To pay all costs, fees, and expenses in connection with this Deed of Trust, including the expenses of the Trustee incurred in enforcing the obligation secured by this Deed of Trust and Trustee's and attorney's fees actually incurred, as provided by statute.

6. Should Grantor(s) fail to pay when due any taxes, assessments, insurance premiums, liens, encumbrances, or other charges against the property, Beneficiary may pay the same, and the amount so paid, with interest at the rate set forth in the note secured by this Deed of Trust, shall be added to and become a part of the debt secured in this Deed of Trust.

7. DUE ON SALE: (OPTIONAL - not applicable unless initialed by Grantor and Beneficiary) The property described in this security instrument may not be sold or transferred without the Beneficiary's consent. Upon breach of this provision, Beneficiary may declare all sums due under the note and Deed of Trust immediately due and payable, unless prohibited by applicable law.

IT IS MUTUALLY AGREED THAT:

| Grantor (initials) | Beneficiary (initials) |
|---|---|
| _TU_ | _CdG_ |

8. In the event that any portion of the property is taken or damaged in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the obligation secured by this Deed of Trust shall be paid to Beneficiary to be applied to said obligation.

9. By accepting payment of any sum secured by this Deed of Trust after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.

10. The Trustee shall reconvey all or any part of the property covered by this Deed of Trust to the person entitled thereto, on written request of the Grantor(s) and the Beneficiary, or upon satisfaction of the obligation secured and written request for reconveyance made by the Beneficiary or the person entitled thereto.

11. Upon default by Grantor(s) in the payment of any indebtedness secured by this Deed of Trust or in the performance of any agreement contained in this Deed of Trust, all sums secured by this Deed shall immediately become due and payable at the option of the Beneficiary, subject to any cure period provided in the note secured by this Deed of Trust. In such event and upon written request of Beneficiary, Trustee shall sell the trust property, in accordance with the Deed of Trust Act of the State of Washington, at public auction to the highest bidder. Any person except Trustee may bid at Trustee's sale. Trustee shall apply the proceeds of the sale as follows: (1) to the expense of the sale, including a reasonable Trustee's fee and attorney's fee; (2) to the obligation secured by this Deed of Trust; and (3) the surplus, if any, shall be distributed to the persons entitled thereto.

12. Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser all right, title and interest in the real and personal property which Grantor(s) had or had the power to convey at the time of the execution of this Deed of Trust, and such as Grantor(s) may have acquired thereafter. Trustee's deed shall recite the facts showing that the sale was

action or proceeding in which Grantor(s), Trustee, or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee.

15. This Deed of Trust applies to, inures to the benefit of, and is binding not only on the parties hereto, but on his/her/their heirs, devisees, legatees, administrators, executors, and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby, whether or not named as Beneficiary herein.

16. ADDITIONAL TERMS AND CONDITIONS: (check one)

a. ( ) NONE

OR

b. (X) As set forth on the attached "Exhibit B" which is incorporated by this reference.

(Note: If neither a nor b is checked; then option "a" applies)

Dated: 8-12-2008

Synergistic Enterprises, Inc., a Washington Corporation

BY: _Nathaniel Lodwig_
Nathaniel Lodwig, President

BY: _Nathaniel Lodwig_
Nathaniel Lodwig, Individually as Co-Maker and Not as a Surety

STATE OF Washington

COUNTY OF Grays Harbor

I, Debra A. Marten, a Notary Public of the County and State first above written, do hereby certify that Nathaniel Lodwig acknowledged this individually AND as the President of Synergistic Enterprises, Inc., a Washington Corporation, and that he personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal, this the 12th day of August, 2008.

_Debra A. Marten_
Notary Public

My Commission Expires: June 12, 2010

(SEAL)



LPB 22A-06(r-1

# DEED OF TRUST
### (Continued)

conducted in compliance with all the requirements of law and of this Deed of Trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchaser and encumbrancers for value.

13. The power of sale conferred by this Deed of Trust and by the Deed of Trust Act of the State of Washington is not an exclusive remedy; Beneficiary may cause this Deed of Trust to be foreclosed as a mortgage.

14. In the event of the absence, death, incapacity, disability, or resignation of Trustee, or at the discretion of the Beneficiary, Beneficiary may appoint in writing a successor trustee, and upon the recording of such appointment in the mortgage records of the county in which this Deed of Trust is recorded, the successor trustee shall be vested with all powers of the original trustee. The trustee

## DEED OF TRUST
(Continued)

REQUEST FOR FULL RECONVEYANCE - Do not record. To be used only when note has been paid.

TO: TRUSTEE

The undersigned is the legal owner and holder of the note and all other indebtedness secured by the within Deed of Trust. Said note, together with all other indebtedness secured by said Deed of Trust, has been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you thereunder.

Dated: _____          _____
                                                _____

## Exhibit A

### PARCEL 1:

Lot 100, Ocean Shores Division No. 8, as per plat recorded in Volume 8 of Plats, page 97, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

### PARCEL 2:

Lot 12, Ocean Shores Division No. 12, as per plat recorded in Volume 8 of Plats, page 165, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

### PARCEL 3:

Lot 46, Block 2, Ocean Shores Division No. 19, as per plat recorded in Volume 9 of Plats, page 106, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

### PARCEL 4:

Lot 4, Block 4, Ocean Shores Division No. 19-A, as per plat recorded in Volume 9 of Plats, page 121, records of Grays Harbor County;
Situate in the County of Grays Harbor, State of Washington.

# DEED OF TRUST
(Continued)

## EXHIBIT "B"

The Release Clause shall be as follows:  $70,000.00, for 844 Pt. Brown Ave, and $18,000.00 each for 542 Ocean Shores Blvd SW, 1357 Delta Ct. and 473 Hilo Court

2008-08158047    08/15/2008 03:17 PM    DTRUST
Page 6 of 6    R 45.00    Grays Harbor Co, WA
GRAYS HARBOR TITLE