BRIAN L. BUDSBERG, WSBA#11225
Budsberg Law Group, PLLC
P.O. Box 1489
Olympia, WA 98507-1489
Telephone: (360) 584-9093
Facsimile: (360) 252-8333
Attorney for Creditor

JUDGE KAREN OVERSTREET
Location Seattle
Chapter 11
**Hearing Date: April 8, 2011**
**Hearing Time: 9:30 a.m.**
**Response Date: April 1, 2011**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>SYNERGISTIC ENTERPRISES, INC.<br>SUSTAINABLE ENTERPRISES, LLC.<br><br>Debtors. | No. 10-23256<br>No. 10-23257<br><br>OBJECTION TO CONFIRMATION OF DEBTOR'S PROPOSED CHAPTER 11 PLAN |

## OBJECTION

COMES NOW, Creditor Charles Utterback and Trust Company of America ("TCA"), by and through his attorney of record, Brian L. Budsberg, pursuant to Fed. R. Bankr. P. 1128(b), and Local Rule 3020-1(b) and hereby objects to confirmation of the Chapter 11 Plan of Reorganization proposed by the Debtor in this case.

This objection is based upon the files and records herein incorporated by this reference, and any other matters the Court may or must take judicial notice of.

The proposed plan cannot be confirmed because; 1) Debtor is mischaracterizing the debtor/creditor relationship between the parties in this case; 2) Debtor has not fairly and properly allocated or computed all of the debt owed; and 3) The creditor/debtor relationship has

OBJECTION TO CONFIRMATION OF
DEBTOR'S PROPOSED CHAPTER 11
PLAN P a g e | **1**

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

been conclusively established during the Grays Harbor County Superior Court summary judgment proceedings.

## JURISDICTION

Confirmation of a Chapter 11 plan is a core matter under 28 U.S.C. § 157(b) over which this court has jurisdiction to enter a final order. This court has jurisdiction over Debtors' Chapter 11 case pursuant to 28 U.S.C. § 1334 and 157(a).

## BACKGROUND

Nathaniel Lodwig is president of Synergistic Enterprises, Inc., and a member of Sustainable Enterprises, LLC. In September 2009, Charles Utterback filed an action in state court for judicial foreclosure on some deeds of trust that secured notes between TCA and Debtors. (*See* **Dkt. #25**; Objection to Disclosure Statement and Plan; Exhibit 1; Complaint & accompanying exhibits in Grays Harbor Sup. Ct. Cause No. 10-2-01154-1). Both Synergistic Enterprises, Inc. and Sustainable Enterprises, LLC are owned and/or controlled by Nathaniel Lodwig and Gregory Lodwig. Both entities are in default on loans made by TCA. Debtors and TCA have had multiple loans and an ongoing financial business relationship.

In September, 2008, Debtor and Nathaniel Lodwig executed a promissory note secured by a deed of trust in favor of Trust Company of America C/F Charles Utterback, #81028, for $250,000 (Note #1).

In December, 2008, the parties executed a promissory note secured by a deed of trust for $155,000 (Note #2).

In October, 2008, Debtor and TCA executed a promissory note secured by a deed of trust for $500,000 (Note #3). Note #3 is secured by eight deeds of trust that had secured previous notes. Note #3 consolidated eight prior notes and deeds of trust for the convenience of Debtor.

OBJECTION TO CONFIRMATION OF
DEBTOR'S PROPOSED CHAPTER 11
PLAN P a g e | **2**

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

Debtor filed for bankruptcy on November 2nd, 2010. On November 8th, 2010, the Grays Harbor County Superior Court granted partial summary judgment against Nathaniel Lodwig and Gregory Lodwig, who were co-makers on the notes but did not personally file for bankruptcy protection. The court entered three judgments: 1)Note #1, against Nathaniel Lodwig, for $195,563.12, with interest at 12% per annum from the date of judgment; 2)Note #2, against Nathaniel Lodwig and Gregory Lodwig, jointly and severally for $129,486.78 with interest at 12% per annum from the date of judgment; and, 3)Note #3, against Nathaniel Lodwig and Gregory Lodwig, jointly and severally, for $298,966.41 with interest at 12% per annum from the date of judgment. (Total amount = $624,016.31). (*See* **Dkt. #25**; Exhibit 2; Certified copies of Judgments in Grays Harbor Cause No. 10-2-01154-1)

The arguments that were made during the Grays Harbor summary judgment motion on behalf of the Lodwigs as individuals are the same as the arguments that could be made on behalf of the corporations Synergistic and Sustainable Enterprises. At the state court level, the co-maker on the notes did not defend, and allowed the entry of a judgment which TCA argues establishes the debt relationship between the parties.

### EVIDENTIARY STANDARD

The proponent of a plan must demonstrate that the requirements of § 1129 are satisfied. Debtor Synergistic Enterprises and Sustainable Enterprises, debtors-in-possession carry the burden of proving that a Chapter 11 plan complies with the statutory requirements of §§ 1129(a) & (b) by a preponderance of the evidence. *In re Arnold and Baker Farms,* 177 B.R. 648, 654 (9th Cir. BAP 1994), *aff'd,* 85 F.3d 1415 (9th Cir.1996), *cert. denied,* 519 U.S. 1054, 117 S.Ct. 681, 136 L.Ed.2d 607 (1997). "Proof by the preponderance of the evidence means that it is

OBJECTION TO CONFIRMATION OF
DEBTOR'S PROPOSED CHAPTER 11
PLAN P a g e | **3**

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

sufficient to persuade the finder of fact that the proposition is more likely true than not." *Id.*, at 654.

## CHAPTER 11 PLAN CONFIRMATIONS

To confirm a plan of reorganization, the plan must be proposed in good faith, be feasible and fair and equitable pursuant to 11 U.S.C. §§ 1129.

Debtor's proposed plan provides in reference to Trust Company of America's claim:

A. <u>Class 4A</u>. Trust Company of America. The Debtor shall transfer the following property to Trust Company of America, in full satisfaction of its debt under Section 506 of the Bankruptcy Code and this Plan. This transfer shall fully satisfy the existing Notes and Deeds held by the Claimant currently on the entire properties owned by the debtor. The Debtor asserts that the value of that section of property is equal, or greater, than the amount owed to Trust Company of America, and the transfer of the properties on the effective date of this Plan shall fully satisfy this claim.

> Following the transfer of the property, Trust Company of America will reconvey the Notes and Deed of Trust currently secured on the balance of the property (as shown in Exhibit A) owned by the estate.

CRAMDOWN

The proposed plan does not provide a fair and equitable distribution of the estate, and the values submitted by Debtor for the estate property are not accurate.

Each of the three alternatives under the statute which would allow a cramdown in this case prevent Debtor from cramming down the Plan by paying TCA less than the present value of the entire collateral securing its claim. Debtor's Plan does not provide for TCA receiving at least as much as it would in a liquidation.

The <u>11 U.S.C. § 1129(b)(2)</u> cramdown provision specifies that a fair and equitable plan provide one of three alternatives for the holders of secured claims:

OBJECTION TO CONFIRMATION OF
DEBTOR'S PROPOSED CHAPTER 11
PLAN P a g e | **4**

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

(i) (I) that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and

(II) that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;

(ii) for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this subparagraph; or

(iii) for the realization by such holders of the indubitable equivalent of such claims.

11 U.S.C. § 1129(b)(2)(A).

The Plan cannot be confirmed because it does not provide TCA with the indubitable equivalent of its secured claim. (*See* In re Arnold and Baker Farms, 177 B.R. 648, 33 Collier Bankr.Cas.2d 31(9th Cir.BAP(Ariz.),1994) denying confirmation where debtor proposed transferring a portion of real estate collateral for satisfaction of debt which did not equal indubitable equivalent of secured claim). The debtor's strategy is to keep the properties that are free of liens, and properties that have income in the form of contracts, and give over to the estate the underwater properties.

FEASIBILITY

OBJECTION TO CONFIRMATION OF
DEBTOR'S PROPOSED CHAPTER 11
PLAN P a g e | **5**

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

The plan does not meet the feasibility requirement because the Debtor's projections and valuations of the properties are not supported by the evidence. Under the Debtor's proposal, the Creditor will be left with the burden of selling the lower value lots, competing with the Creditor who plans to retain the more valuable lots. Notwithstanding the fact that these projected lot sales will likely not occur because there is no market in Ocean Shores for such tracts at the present time.

Basically, the Debtor is asking the Court to confirm a plan which is supported by projected future sales of lots. This type of structure is generally disfavored. Budsberg Law Group could find only two cases in which plans supported by future sales of real estate were confirmed. In both cases, the confirming courts required additional indicia of feasibility. *See In re Mt. Vernon Plaza Community Urban Redevelopment Corp. I,* 79 B.R. 306, 309-10 (Bankr.S.D.Ohio 1987) (prospective buyer identified and prospective buyer's financing deemed likely); and *In re Timber Tracts, Inc.,* 70 B.R. 773, 777-78 (Bankr.D.Mont.1987) (the debtor had a proven "track record" of sales, and the plan included an alternative capital infusion provision). There is no such additional indicia of feasibility here relative to the Plan proposed by the Debtor.

In evaluating the feasibility of a plan, the Ninth Circuit's BAP has directed courts to consider several factors, including: (1) the adequacy of the capital structure; (2) the earning power of the business; (3) economic conditions; (4) the ability of management; (5) the probability of the continuation of the same management; and (6) any other related matters which determine the prospects of a sufficiently successful operation to enable performance of the provisions of the plan. *In re Wiersma,* 324 B.R. 92, 113 (9th Cir. BAP 2005), *aff'd in part and rev'd in part on other grounds,* 483 F.3d 933 (9th Cir.2007).

OBJECTION TO CONFIRMATION OF
DEBTOR'S PROPOSED CHAPTER 11
PLAN P a g e | **6**

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

FAIR VALUE

The Creditor is attempting to trade certain lower value properties for the debt, and retain certain others. The plan is not fair and equitable because TCA will not receive fair value from the properties listed by the Debtor. There is not enough equity in those properties to cover the amount of debt owed. TCA's secured claims exceed the value of the properties by over $175,000. In fact, there is not enough value in the entire estate to cover the first position debt owed to TCA.

In the context of the bankruptcy code, equity means "the difference between the property value and the total amount of liens against it." *Stewart v. Gurley*, 745 F.2d 1194, 1195 (9th Cir. 1984). The balance due to TCA on Note #1 and Note #3 as of October, 2010 totaled $491,682.17. In addition to the loans, there are property taxes, LID's, association dues and assessments that constitute liens on the properties totaling $114,451.92.

The total amount of the liens against the properties is $606,134.09. According to recent appraisals obtained by TCA, the Properties are worth between $350,000.00 and $371,500.00. (**Dkt. #27**; Decl. of Jim Donahoe; **Dkt. #28**; Decl. of Jeff Daniel).

According to the Debtor, the lots listed in the plan, which includes several of the lower value lots, amount to $623,100(62% of assessed value of $1,005,000). Even if the Property is worth this amount, there is still no equity. The Court deducts the cost of sale in determining equity. *In re Bach*, No. 4:06-BK-01614-JMM, 2007 WL 39342, at *3 (Bankr. D. Az. Jan. 5, 2007) (deducting broker's commissions and other closing costs in determining equity under Section 362(d)(2)); *In re Development, Inc.*, 36 B.R. 998, 1007 (Bankr. D. Haw. 1984) (deducting post petition interest and closing costs in determining an equity cushion under Section 362(d)(1)). Costs of sale of these properties are expected to be about 15% of sale price. (**Dkt.**

OBJECTION TO CONFIRMATION OF
DEBTOR'S PROPOSED CHAPTER 11
PLAN P a g e | **7**

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

**#27**; Declaration of Donahoe). In addition, under Section 506(b), if TCA were over secured, it would be entitled to post petition interest, and post petition attorney's fees and costs. If there is any equity in the properties, that equity will be wiped out by closing costs and post petition interest, fees and costs. There is no equity in the properties.

Debtor is alleging that under its proposed plan, TCA would receive an average of 62% of the assessed value of the properties, presuming that past market trends and sales continue. TCA argues that the actual value it would receive under the plan would be approximately 30% of the County assessed value. (**Dkt. #27**; Decl. of Jim Donhoe; and **Dkt. #28**; Decl. of Jeff Daniel).

TCA argues that the Court should not consider the statistics proposed by debtor in terms of average actual land sales in Ocean Shores because a large number of lots in the city have water frontage, or are on the PGA rated golf course. This skews the figures because none of the lots in this case are waterfront, or on the golf course. It is common knowledge that lots on the beach, lakes, bays and canals tend to carry higher values in general; as do golf course lots. In order to get a more accurate accounting of the value of each lot, the Court should use comparable sales. The lots in this case are undeveloped interior lots with no utilities.

Examples of disparate properties debtor is comparing to:

- 132 N. Narwhal Loop (This was not a sale. Mr. Utterback got this and five other properties back through a foreclosure)
- 221 Canal Dr. S.E. (Water Front)
- 243 Duck Lake Dr. N.E. (Lake Front)
- 562 Makah Ave. S.E. (Canal Front)
- 799 Albion Ave. S.E. (Canal Front)
- 373 Canal Dr. N.E. (Canal Front)
- 731 Swan Ct. S.E. (Canal Front)

OBJECTION TO CONFIRMATION OF
DEBTOR'S PROPOSED CHAPTER 11
PLAN P a g e | **8**

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

•499 Bass Ave. N.E. (Canal Front)

•291 Dolphin Ave. N.E. (Golf Course)

TCA urges the Court not to adopt the debtors' formula for valuation of the property and asks that the Court consider the figures from the real estate experts, Jim Donahoe, and Jeff Daniel. They work for companies in Ocean Shores, have been real estate agents for several years, and have valued the properties based upon properties that are comparable to the Lodwigs inventory of lots.

Without considering various LID assessments and Homeowners Association assessments outstanding against several of the properties, the total estimated market value of the properties securing Note #1 is $166,400. (**Dkt. #28**; Decl. of Jeff Daniel). The total estimated market value of the properties securing Note #2 is $111,800, and for Note #3, $205,100.

Considering expected sales costs of about 15%, the total value to TCA of all the property is approximately $410,805. Debtor has listed 29 properties in the plan. The notes secure approximately 40 properties, many of which have higher values than the lots proposed to be given over by Debtor for satisfaction of the approximately $625,000 owed.

TCA argues that it is fully secured in all of the property of the estate and the contracts on those properties, and Debtor is not entitled to give back some of the properties and keep the rest. This violates the absolute priority rule. A plan for corporate reorganization which requires a secured creditor to share his inadequate security with an insolvent debtor is not "fair and equitable" within meaning of the Bankruptcy Act. *Chapman Brothers, Co. v. Security First National Bank of Los Angeles*, 111 F.2d 86 (C.A. 9 1940) citing Bankr.Act, § 77B, sub. f, 11 U.S.C.A. § 207, sub. f.

OBJECTION TO CONFIRMATION OF
DEBTOR'S PROPOSED CHAPTER 11
PLAN P a g e | **9**

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

The estate's 40 properties are listed in the table below, together with market values estimated by Jeff Daniel. The properties are all undeveloped parcels in Ocean Shores.

| Common Address | Parcel Number | 90 day RE list price |
|---|---|---|
| Synergistic Re-Fi (Note #3) | | **Nov 2010** |
| 542 O/S Blvd SW | 091700010000 | $19,900.00 |
| 844 Pt Brown Ave | 092500001200 | 35,000.00 |
| 473 Hilo Ct | 094100400400 | 4,000.00 |
| 640 O/S Blvd SW | 092100004700 | 19,900.00 |
| 958 Wawona Ave | 094300203500 | 20,000.00 |
| 164 S Port Lp SW | 090700071700 | 12,500.00 |
| 252 Calawah St | 091700027700 | 10,000.00 |
| 132 Calawah St | 091700030100 | 10,000.00 |
| 151 Seagate St | 092300070100 | 11,500.00 |
| 804 Anchor Ave | 090100408400 | 10,000.00 |
| 269 Ensign Ave NW | 090300048600 | 11,500.00 |
| 165 S Narwhal Lp SW | 090700060300 | 12,900.00 |
| 213 N Wynoochee Dr SW | 092100012800 | 12,900.00 |
| 1428 Sand Pebble Ave | 094101003600 | 15,000.00 |
| **TOTAL** | | $205,100.00 |
| Synergistic (Note #1) | | |
| 163 Pt Brown Ave SW | 090700056600 | $9,500.00 |
| 148 Calawah St SW | 091700029700 | 10,000.00 |
| 655 Pt Brown Ave SW | 092100015600 | 9,500.00 |
| 760 Tern Ct SE | 092700044200 | 10,000.00 |
| 870 Mt Olympus Ave SE | 092700048000 | 10,000.00 |
| Torrisdale Ave SW | 093100601800 | 12,900.00 |
| 923 Beachcomber Ct | 093101702900 | 11,500.00 |
| 950 Wawona Ave SE | 094300101800 | 12,000.00 |
| 218 Duck Lake Dr NE | 094900500900 | 11,000.00 |
| 254 Duck Lake Dr NE | 094900500300 | 11,000.00 |
| 359 Duck Lake Dr NE | 094900206500 | 11,000.00 |
| 633 Duck Lake Dr NE | 091100011700 | 11,000.00 |
| 220 Duck Lake Dr SE | 094900302100 | 11,000.00 |
| 105 Sunrise Ave SE | 094900305600 | 17,000.00 |
| 585 Sunset Ave NE | 095101203100 | 9,000.00 |

OBJECTION TO CONFIRMATION OF
DEBTOR'S PROPOSED CHAPTER 11
PLAN P a g e | **10**

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

| Common Address | Parcel Number | 90 day RE list price |
|---|---|---|
| **TOTAL** | | $166,400.00 |
| Sustainable (Note #2) | | |
| 157 Goldeneye | 093101700400 | $9,500.00 |
| 835 Anchor Ave | 090100412000 | 9,500.00 |
| 256 Clover Creek Ave NW | 090300051400 | 11,500.00 |
| 419 S Portal Lp | 094100900300 | 8,000.00 |
| 375 Snahapish Ave SE | 091900003900 | 10,000.00 |
| 379 Snahapish Ave SE | 091900004000 | 10,000.00 |
| 1435 Kailua Ct | 094100903300 | 4,000.00 |
| 708 Island Cr SE | 092700027800 | 12,900.00 |
| 828 Teal Ct SE | 092700046500 | 11,500.00 |
| 30 Bayview Ln | 707000200900 | 19,900.00 |
| Bayview Estates | 707000301000 | 5,000.00 |
| **TOTAL** | | $111,800.00 |
| **GRAND TOTAL** | | **$483,300.00** |

As the Court can see, even if the estate retains all of the properties and contracts on the properties, the value will still be well below the approximately $625,000 in debt owed to Mr. Utterback.

THIRD PARTY SALES AND CONTRACTS

In addition to the unsold properties, there are notes and/or contracts sold to third parties subject to TCA's deeds of trust that should also be assets of the bankruptcy estate. From time to time, TCA released certain properties as partial reconveyances according to the terms of the deeds of trust securing the notes. TCA allowed four properties to be sold to third parties subject to the deed of trust on Note #1, one property on Note #2, and six on Note #3. Synergistic financed the purchases. The notes and/or contracts on these sales should be considered assets of the bankruptcy estate.

OBJECTION TO CONFIRMATION OF
DEBTOR'S PROPOSED CHAPTER 11
PLAN Page | **11**

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

TCA's secured claims against Synergistic Enterprises, Inc. (Note #1 and Note #3) exceed the value of the properties that secure those claims by over $176,000. TCA's secured claim against Sustainable Enterprises, LLC (Note #2) exceeds the value of the properties that secure it by over $33,000.

Debtor has no known means or resources with which to bring the notes current. TCA will not provide additional financing to the Debtor.

The proposed plan does not provide for a fair valuation of the estate. Even according to the Debtor's schedules, there is no equity in the estate after deduction of closing costs, and post petition interest and attorney's fees and costs. The properties are more than $250,000 underwater according to the opinions of Daniels and Donahoe. The properties do not produce the cash necessary to fund a plan and pay creditors. The Debtor does not have the capital or income necessary to sustain the proposed plan.

## RELIEF REQUESTED

That the Court reject the Plan as proposed and set an evidentiary hearing; 1) to determine the fair value of the subject property; 2) to determine the amount of debt owed; and 3) to determine which property serves as the collateral for the debt.

## CONCLUSION

At its core, Debtors' plan seeks to return property in exchange for debt, to allow the Debtor to keep some of the lots that are generating income from outstanding contracts, and to free them of any interest or obligations to TCA. Any trade for property in the plan can only be done after an evidentiary hearing with a fair and accurate determination of value having been determined. The Creditor is asserting that the property value is lower than the value being alleged by the Debtor, and Debtor asks the Court to allow a hearing to determine value.

OBJECTION TO CONFIRMATION OF
DEBTOR'S PROPOSED CHAPTER 11
PLAN P a g e | **12**

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093

The plan must be modified to reflect the relationship between the parties established in the Grays Harbor action, and acknowledge the debt fixed by the state court. Therefore, confirmation of Debtor's plan should be rejected.

DATED this 1st day of April, 2011

BUDSBERG LAW GROUP, PLLC


/s/ Brian L. Budsberg
BRIAN L. BUDSBERG, WSBA#11225
ATTORNEY FOR CREDITOR

OBJECTION TO CONFIRMATION OF
DEBTOR'S PROPOSED CHAPTER 11
PLAN P a g e | **13**

BUDSBERG LAW GROUP, PLLC
P.O. Box 1489
Olympia, Washington 98507
360-584-9093