Judge Karen Overstreet
Chapter 11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| In re: | ) | No. 10-23256 |
| Synergistic Enterprises, Inc. | ) | [Administratively Consolidated] |
| Debtor, | ) | |
| In re: | ) | No. 10-23257 |
| Sustainable Enterprises, LLC, | ) | SUPPLEMENTAL MEMORANDUM IN SUPPORT OF CONFIRMATION |
| Debtor, | ) | |

COMES NOW the debtor by and through its attorney and states as follows:

The Court issued a letter ruling on the motion to shorten time to strike the hearing on confirmation, which motion was filed by Charles Utterback and Trust Company of America. The Court will hear at the hearing on confirmation. Utterback's contention that confirmation cannot go forward on the Debtor's Plan as a matter of law, since, as a matter of law, the debtor does not have an impaired class that has accepted the debtor's Chapter 11 Plan of Reorganization, and therefore the debtor's Plan, which attempts to "cram down" on the claims of Utterback, cannot be confirmed.

The debtor contends that the Plan meets all the elements of Section 1129 of the Bankruptcy Code, and can be confirmed. The debtor contends that there are no impaired classes under the Plan, and therefore it is not necessary to have an impaired class to approve the Plan. The interplay of the Bankruptcy Code is actually quite complex, but in the simplest form, the Plan provides to return collateral to the secured creditor in full satisfaction of its debt, and said surrender of such collateral does not create an impaired class that requires the [secured] creditor to accept the plan.

SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF CONFIRMATION-1

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355

Section 506 of the Bankruptcy Code defines a secured creditor "to the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection C of this section, is greater than the amount of such claim". Accordingly, a secured creditor is essentially the holder of a claim that holds collateral of a value greater than the amount of the claim. See In the Matter of Glen, 796 F2d 1144 (9th Cir. 1986). In re Lady Cliff College, 56 BR 765, 767 (S.D.N.Y.1985).

In the instant case, the debtor had borrowed funds from the secured creditor securing 86 individual lots, purchased from various tracks in and around Ocean Shores, WA. Over time, the debtor has sold approximately 47 of those lots, paying the secured creditor approximately $982,869.49 over 3 years, leaving a current secured balance of approximately $625,000, with remaining collateral of about forty-nine of the original eighty-six lots. Of those 49 lots, 8 have been sold and are on real estate contracts, which the contract payments are being paid to the secured creditor, and three additional lots have been sold post petition and are in current various stages of closing pending confirmation of the debtor's Plan. That leaves approximately 36 lots remaining that are not sold.

The value of the lots/contracts securing the Utterback debt are approximately $1.5 million in that the lots have an average market value of about $30,000+/-. The block of lots to be surrendered under the Plan, approximately 29 lots, have a fair market value of approximately $1 million, based on the assessed value of the lots. They have a current market value based on current sales, of approximately $750,000, well above the $625,000 secured claim of Utterback. Accordingly, Utterback would be considered an oversecured creditor under the plan and the surrender of the twenty-nine lots leaves Utterback unimpaired as to his legal rights on to said lots and provides for full satisfaction of his secured claim as defined under Section 506 of the Bankruptcy Code.

Further, as recognized by the Supreme Court in Meyer vs United States, 375 US 233 (1963), the court recognized the equitable doctrine of marshalling, when the court said "the equitable doctor of marshaling rest upon the principal that a creditor having

SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF CONFIRMATION-2

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355

two funds to satisfy his debt, may not by his application of them to his demand, defeat another creditor who may resort to only one of the funds," citing <u>Sowell vs Federal Reserve Bank</u>, 268 US 449, 456(1925). In this instance, the secured creditor actually has 49 lots fully securing its debt. There are other classes of claims in these proceedings that have claims on said real properties including the county for real estate taxes and the City for LID Assessments.

Marshaling comes into play, in that the proposal to release to the secured creditor twenty-nine of its forty-nine individual lots held as security for its debt is essentially nothing more than the Court applying the rules of marshaling, giving the creditor collateral that exceeds the amount of its debt, and thus releasing the creditor's interest in other collateral to then be used to pay the other parties of interest in the case, including the interest of the equity security holders of the debtor corporation(s) which have a claim for the equity in the property.

Accordingly, the entire process is almost a circular argument. The debtor is proposing to return collateral to the secured creditor with the indubitable equivalent value of the debt; the indubitable equivalent value exceeds the value of the claim; the claim is a fully secured claim under Section 506 of the Bankruptcy Code; with the collateral being returned being segregated under the equitable doctrine of marshaling. All leading to the conclusion that the creditor is not impaired (as its rights in the segregated collateral are not being impaired or modified) and its rejection to the plan can be overruled by the court and the plan should be confirmed.

Accordingly, the debtor again urges the court to approve and confirm the debtor's plan.

DATED this 2nd day of May, 2011.

/s/ Larry B. Feinstein
_____
Larry B. Feinstein WSBA # 6074
Attorney for Debtor

SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF CONFIRMATION-3

Vortman & Feinstein
500 Union Street, Suite 500
Seattle, WA 98101
206-223-9595
Fax: 206-386-5355